UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITEWATER WEST INDUSTRIES, LTD., a Canadian corporation,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC SURF DESIGNS, INC., a Delaware corporation, and FLOW SERVICES, a California corporation,<br><br>Defendants. | Case No.: 3:17-cv-01118<br><br>**ORDER DENYING MOTION TO CONSOLIDATE AND LIFT STAY** |

Plaintiff Whitewater West Industries, Ltd. ("Whitewater") has moved to consolidate this action with *FlowRider Surf, Ltd. et al. v. Pacific Surf Designs, Inc.*, No. 3:15-cv-01879-BEN-BLM (the "FlowRider action") and lift the stay in that case. Defendant Pacific Surf Designs, Inc. ("PSD") opposes consolidating the cases and lifting the stay in the FlowRider action. However, both parties agree that the Court should (1) adopt in this case the claim construction order in the FlowRider action and (2) order that all discovery conducted in the FlowRider action be treated as if conducted in this case.

Under Federal Rule of Civil Procedure 42, the court may consolidate actions that involve common questions of law or fact. Fed. R. Civ. P. 42(a). "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).

This case and the FlowRider action are related patent infringement lawsuits. Both cases have been assigned to the same district judge and magistrate judge pursuant to the Court's Local Rules. While both actions concern patents claiming sheet wave technology in water rides, the two asserted patents have different inventors and do not share any claims or disputed claim terms. The FlowRider action originally asserted infringement of two patents, the '016 patent and the '589 patent, but this Court dismissed the '589 patent, concluding that the plaintiff asserting infringement of that patent lacked standing to sue. Whitewater has corrected the standing defect and now alleges infringement of the '589 patent in this case.

The FlowRider action is currently stayed while the '016 patent proceeds through inter partes review with the Patent Trial and Appeal Board ("PTAB") of the U.S. Patent and Trademark Office. The PTAB's review will either invalidate the asserted claims and reduce the number of issues before the Court, or find the claims valid, in which case PSD will be estopped from asserting those invalidity contentions. This Court granted a limited stay of the FlowRider action for six months. Less than four months remain on the stay.

Having considered the issues, in the exercise of its discretion, the Court **DENIES** Plaintiff's motion to consolidate the cases and lift the stay in the FlowRider action. The FlowRider action will remain stayed during its PTAB review. The Court's decision is without prejudice to Plaintiff or Defendants moving to consolidate the cases at a later time, such as a consolidated proceeding for trial. Furthermore, the Court **ORDERS** that its claim construction order in the FlowRider action (ECF No. 88) and all discovery from the FlowRider action apply to the instant case. The Court **DENIES** Defendants' request for attorneys' fees in responding to this motion.

**IT IS SO ORDERED.**

Dated: August 3, 2017

Hon. Roger T. Benitez
United States District Judge