UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITEWATER WEST INDUSTRIES, LTD., a Canadian corporation,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC SURF DESIGNS, INC., a Delaware corporation, and FLOW SERVICES, INC., a California corporation,<br><br>Defendants. | Case No.: 3:17-cv-01118<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO DISMISS (ECF No. 18); and**<br><br>**(2) DENYING EX PARTE MOTION FOR LEAVE TO FILE SURREPLY (ECF No. 37)** |

Defendants Pacific Surf Designs, Inc. ("PSD") and Flow Services, Inc. ("Flow") (collectively, "Defendants") move this Court to dismiss the Complaint with prejudice for failure to state a claim. (Mot., ECF No. 18). Defendants' motion argues that the inequitable conduct of Plaintiff's counsel renders the patent-in-suit unenforceable. Plaintiff Whitewater West Industries, Ltd. ("Whitewater") opposes the motion. (Opp'n, ECF No. 27). In addition to its opposition, Whitewater also filed an ex parte motion for leave to file a surreply. (ECF No. 37). The Court **DENIES** the ex parte motion. For the reasons stated below, the Court **DENIES** the motion to dismiss.

/ / /

# BACKGROUND

Whitewater has sued Defendants for infringement of United States Patent No. 6,491,589 (the "'589 Patent"). Thomas Lochtefeld invented the patent. The Patent and Trademark Office ("PTO") issued the '589 Patent in 2002 with Light Wave, Ltd. as the assignee. In May 2011, Light Wave assigned the patent to Surf Park PTE, Ltd. On January 31, 2014, Surf Park conveyed all substantial rights in the patent to FlowRider Surf Ltd. which, in turn, transferred all substantial rights to Whitewater. Since that date, Whitewater has been the exclusive licensee of the patent.

This motion concerns a delayed maintenance fee payment for the '589 patent. The maintenance fee payment was not paid when due on December 10, 2014. On February 20, 2015, an attorney at Greenberg Traurig ("GT"), the law firm representing Plaintiff in this action, filed a Petition to Accept Unintentionally Delayed Payment of Maintenance Fee (the "Petition") with the PTO. A month later, the GT attorney filed a power of attorney listing Light Wave as the assignee. The power of attorney was executed by Mr. Lochtefeld as managing member of Light Wave. The GT attorney also filed a statement of ownership that identified Light Wave as the assignee. Again, this form was completed by Mr. Lochtefeld as managing member of Light Wave. In fact, Surf Park was the assignee at the time. Defendants argue that these two documents—the power of attorney and statement of ownership—are materially false submissions to the PTO that warrant dismissal of the Complaint.

The PTO granted the Petition on August 25, 2015. The PTO's decision stated, "There is no indication that the person signing the instant petition was ever given a power of attorney or authorization of agent to prosecute the above-identified application. In accordance with 37 C.F.R. 1.34(a), the signature appearing on the petition shall constitute a representation to the United State Patent and Trademark Office that he/she is authorized to represent the particular party in whose behalf he/she acts."

///
///

**LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) must be granted where the pleading fails to state a claim upon which relief can be granted. Dismissal is warranted where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacific Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The court "accept[s] as true facts alleged and draw[s] inferences from them in the light most favorable to the plaintiff." *Stacy v. Rederite Otto Danielsen*, 609 F.3d 1033, 1035 (9th Cir. 2010).

**DISCUSSION**

Defendants argue that inequitable conduct concerning the revival of the '589 Patent—specifically, the two allegedly false submissions to the PTO—renders the patent unenforceable. Inequitable conduct is an equitable defense to patent infringement. *Am. Calcar, Inc. v. Am. Honda Motor Co.*, 768 F.3d 1185, 1188 (Fed. Cir. 2014). "To prove inequitable conduct, the challenger must show by clear and convincing evidence that the patent applicant (1) misrepresented or omitted information material to patentability, and (2) did so with specific intent to mislead or deceive the PTO." *Network Signatures, Inc. v. State Farm Mut. Auto. Ins. Co.*, 731 F.3d 1239, 1242 (Fed Cir. 2013). Defendants contend that the power of attorney and statement of ownership are false because they listed Light Wave, not Surf Park, as the assignee of the patent. They argue that the false statements were material because "[b]ut for the submission of these false documents, the PTO would not have allowed Plaintiff's counsel to file the petition to revive, and the '589

///

Patent would remain expired." (Mot. at 8). Defendants assert that the second prong is satisfied based on inferences from the evidence.

Defendants' Rule 12(b)(6) motion to dismiss rests almost entirely on an evidentiary theory outside of the complaint. *Id.* When considering a motion to dismiss, a court typically does not look beyond the complaint in order to avoid converting a motion to dismiss into a motion for summary judgment. *Spy Optic, Inc. v. Alibaba.Com, Inc.*, 163 F. Supp. 3d 755, 760 (C.D. Cal. 2015) (citing *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.3d 1279, 1282 (9th Cir. 1986)). Notwithstanding this precept, a court may consider material which is included in, referenced in, or relied upon by the complaint under the doctrine of incorporation by reference. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). A court may also take judicial notice of facts "not subject to reasonable dispute" that are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *Ritchie*, 342 F.3d at 909.

Defendants ask the Court to take judicial notice of the '589 Patent's file history and proceedings in other courts to decide the motion to dismiss. Alternatively, they request that the Court convert their motion to dismiss to a motion for summary judgment under Federal Rule of Civil Procedure 56. Plaintiff argues that Defendants' inequitable conduct defense is not properly decided on a motion to dismiss and, even as a motion for summary judgment, their motion fails.

"Although the *existence* of a document may be judicially noticeable, the truth of statements contained in the document and its *proper interpretation are not subject to judicial notice* if those matters are reasonably disputable." *J.W. ex rel. J.E.W. v. Fresno Unified Sch. Dist.*, 626 F.3d 431, 440 (9th Cir. 2010) (emphasis in original). The Court grants Defendants' request for judicial notice of the existence of the patent file documents and the filings in other litigations. However, because the facts are subject to reasonable dispute, the Court does not take judicial notice of the truth of the statements contained in those documents. This dooms Defendants' motion.

1 Defendants' motion relies not just on the existence of judicially noticeable
2 documents, but on how to interpret those documents. Those matters are subject to
3 reasonable dispute. For example, to prove materiality, Defendants argue that the PTO
4 would not have granted Plaintiff's Petition but for the allegedly false statements in the
5 power of attorney and statement of ownership. That interpretation is reasonably
6 disputable as the PTO's decision granting the Petition expressly states that it relied on the
7 signature appearing on the Petition as a representation that the signer had authority to act.
8 The PTO's decision said nothing about relying on the power of attorney and statement of
9 ownership.

10 Similarly, Defendants argue that Mr. Lochtefeld and Plaintiff's counsel acted with
11 the specific intent to deceive the PTO because they supposedly knew that Surf Park was
12 the proper assignee as of March 2015—when the GT attorney submitted the two
13 documents identifying Light Wave as the assignee. Defendants point to a complaint filed
14 by Plaintiff's counsel in March 2014, a year before the Petition was filed, in which
15 FlowRider Surf sued Defendant PSD for the first time. *See FlowRider Surf, Ltd. v.*
16 *Alleshouse*, No. 3:14-cv-01110-GPC-BLM (S.D. Cal.). Therein, FlowRider Surf alleged
17 that it was the exclusive licensee of the '589 Patent. Defendants contend that the "only
18 possible basis for making that statement was Plaintiff's counsel's knowledge of the
19 license agreement between licensee FlowRider [Surf] and licensor/patent owner Surf
20 Park." (Mot. at 9). In other words, Defendants argue that Plaintiff's counsel knew that
21 Surf Park owned the '589 Patent a year before an attorney at the same firm filed the two
22 documents with the PTO. Even if true, it does not follow that Plaintiff's counsel
23 intentionally deceived the PTO. At the time the GT attorney filed the power of attorney
24 and statement of ownership, the assignment from Light Wave to Surf Park had not yet
25 been recorded with the PTO. That attorney may not have been aware of the unrecorded
26 assignment. The evidence is subject to reasonable dispute; it is not "clear and
27 convincing."
28 ///

Defendants' arguments require the Court to weigh evidence and draw inferences against the non-moving party. That is improper on a motion to dismiss. The Court declines to convert the motion into a motion for summary judgment. Accordingly, Defendants' motion to dismiss is **DENIED.**

Plaintiff asks the Court to order Defendants to pay for its reasonable fees and costs in opposing the motion, pursuant to 28 U.S.C. § 1927. That statute provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The Court has considered Plaintiff's request and declines to impose fees and costs at this time.

**IT IS SO ORDERED.**

Dated: October 10, 2017

Hon. Roger T. Benitez
United States District Judge