# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITEWATER WEST INDUSTRIES, LTD., a Canadian corporation,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC SURF DESIGNS, INC., a Delaware corporation, and FLOW SERVICES, a California corporation,<br><br>Defendants. | Case No.: 3:17-cv-01118<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION** |

Plaintiff Whitewater West Industries, Ltd. ("Plaintiff" or "Whitewater") moves for a preliminary injunction, pursuant to 35 U.S.C. § 283 and Federal Rule of Civil Procedure 65(a), on the ground that Defendants manufacture, sell, offer for sale, use, import, or supply in or from the United States certain surfing attractions and related components that infringe Whitewater's exclusive patent, U.S. Patent No. 6,491,589 (the "'589 Patent"). (Mot., ECF No. 14). Defendants Pacific Surf Designs ("PSD") and Flow Services, Inc. ("Flow") oppose the motion. (Opp'n, ECF No. 24). Upon consideration of the arguments and the law, the Court denies Whitewater's motion.

/ / /

/ / /

## BACKGROUND

The '589 Patent, entitled "Mobile Water Ride Having Sluice Slide-Over Cover," generally relates to a surfing water ride and its associated components. (*See* Decl. of Leanna Constantini, Ex. 54, '589 Patent). The patent claims sheet-wave technology, in which a thin flow of water moves over a stationary surface at a high velocity, recreating ocean waves in an enclosed system that riders may surf. The '589 Patent improves on prior art by reducing the footprint of the ride through shortening the transition surface between the water-injecting components and the lower end of the ride surface. In the absence of an extended transition surface, the Patent includes a cover over the water-injecting components to prevent rider contact. The smaller size of the attraction reduces manufacturing and shipping costs, allowing the ride to be installed in spaces previously not possible, while improving rider performance and safety. The '589 Patent is embodied in the "FlowRider" line of products sold by Whitewater and its subsidiary and licensee.

The '589 Patent has 57 total claims. Whitewater alleges that Defendants infringe at least claims 1, 3, 13, 15-17, 24-27, 29-38, 41-43, 50, and 54-55 (the "Asserted Claims"). (Compl. ¶ 18, ECF No. 1). For purposes of this motion, Whitewater uses independent claim 17 to establish that Defendants literally infringe at least one of the Asserted Claims. Claim 17 recites:

> 17. A cover for a water ride sluice gate from which a flow of water jets out, comprising a contoured flexible pad, a connector configured to removably affix the cover to said sluice gate, a flexible tongue at a downstream end of the cover, the tongue configured to extend over the water that jets from said sluice gate, and a generally flat portion at an upstream end of the cover, said tongue being urged downward against the flow of water jetting from said sluice gate.

('589 Patent, Claim 17).

PSD is Whitewater's competitor; indeed, PSD has described Whitewater as its primary competitor. It was founded in 2012 by Yong Yeh and Richard Alleshouse, an engineer previously employed by an entity that licensed the FlowRider technology before Whitewater acquired it. Defendants' allegedly infringing products include the "ProFlow"

line of surfing attractions, the Supertube attraction, and refurbishment or replacement of the patented features existing in the FlowRider surfing attractions.

## LEGAL STANDARD

"A preliminary injunction is an extraordinary and drastic remedy." *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1124 (9th Cir. 2014) (quoting *Munaf v. Geren,* 553 U.S. 674, 689 (2008)). A plaintiff seeking a preliminary injunction must establish that he is (1) likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (applying the four factor test to patent disputes). The *Winter* factors are considered in conjunction with the Ninth Circuit's "sliding scale" approach, which provides that "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Vanguard Outdoor, LLC v. City of Los Angeles,* 648 F.3d 737, 739 (9th Cir. 2011).

## DISCUSSION

Whitewater argues that all four factors weigh in its favor. It contends that it is likely to succeed on the merits because it is likely to prove that Defendants' accused products meet each and every limitation of Claim 17. Defendants dispute infringement of only one of the limitations of Claim 17. Instead of focusing on its products' non-infringement, Defendants argue that the '589 Patent is invalid based on prior art.

The Court need not address the infringement and validity arguments, however, as the motion fails because Plaintiff cannot establish a necessary requirement to show irreparable harm: that there is a causal nexus between Whitewater's harm and Defendants' infringing product. "A party seeking a preliminary injunction must establish that it is likely to suffer irreparable harm if the preliminary injunction is not granted and there is a causal nexus between the alleged infringement and the alleged harm." *Metalcraft*, 848 F.3d at 1368 (citing *Apple, Inc. v. Samsung Elecs. Co.*, 735 F.3d 1352,

1360 (Fed. Cir. 2013) ("*Apple III*")). The causal nexus requirement requires "proof that the infringement causes the harm." *Apple, Inc. v. Samsung Elecs. Co.*, 809 F.3d 633, 639 (Fed. Cir. 2015) ("*Apple IV*"). This requirement "ensures that an injunction is only entered against a defendant on account of a harm resulting from the defendant's wrongful conduct, not some other reason." *Id.* at 640.

To satisfy the causal nexus requirement, a patentee must show that there is "some connection" between the patented feature and the demand for the infringing product. *Id.* at 642. In other words, the patentee must present evidence that the patented feature "impact[s] consumers' decision to purchase the accused" product. *Id.* A patentee may satisfy the requirement by showing "that the infringing feature drives consumer demand for the accused product." *Apple, Inc. v. Samsung Elecs. Co.*, 695 F.3d 1370, 1375 (Fed. Cir. 2012) ("*Apple II*"). However, the patentee need not show that the infringing feature is the exclusive or predominant reason why consumers purchased the accused product. *Apple IV*, 809 F.3d at 642, 644. Rather, "it is enough" for the patentee to show that the infringing feature is "related to infringement" and is "important to customers when" examining their choices. *Id.* For instance, in *Apple IV*, the Federal Circuit held that Apple demonstrated irreparable harm where it presented evidence that the patented feature was one of several features that caused consumers to make their purchasing decisions.

Here, Whitewater has not satisfied the causal nexus requirement because it has not presented any evidence that the patented feature influences consumer demand for Defendants' infringing products. Whitewater certainly values its proprietary sluice gate cover. And Whitewater presents evidence that PSD advertises that its products contain such a cover. However, Whitewater has not put forth any evidence that consumers value the cover when making their purchasing decisions. There is no evidence that consumers would not have purchased Defendants' products if they lacked the cover claimed by the '589 Patent. Nor is there any evidence about consumers' preferences or desire for the

///

sluice gate cover. On this record, Whitewater has not demonstrated that the patented feature has caused and is causing its harm.

## CONCLUSION

Plaintiff's motion for a preliminary injunction is **DENIED** without prejudice. Defendants' request for fees and costs incurred in responding to the motion is also **DENIED.**

**IT IS SO ORDERED.**

Dated: October 13, 2017

Hon. Roger T. Benitez
United States District Judge