UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITEWATER WEST INDUSTRIES, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC SURF DESIGNS, INC. AND FLOW SERVICES, INC.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No.: 17CV1118-BEN(BLM)<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION TO CONTINUE EXPERT REPORT DEADLINE**<br><br>**[ECF No. 121]** |

On May 8, 2018, Defendants filed an *Ex Parte* Application to Extend Expert Report Deadline. See ECF No. 121 ("Mot."). Defendants seek an order continuing the remaining pretrial deadlines. Mot. at 2. Defendants are seeking *ex parte* relief because the current deadline for expert reports is May 18, 2018. Id. In support, Defendants argue that Plaintiff still has at least 7500 documents to produce that are responsive to Defendants' January 2018 ESI requests and which Defendants need prior to conducting various depositions and discussions with their experts. Id. Defendants note that while Plaintiff originally agreed to produce the documents the week of April 23, 2018, it has not done so and instead promised to produce them on May 8, 2018. Id. In further support, Defendants argue that because the only dates provided by Plaintiff for the deposition of Plaintiff's president, Mr. Geoff Chutter, are May 16-18, 2018, Defendants are unable to have their expert use Mr. Chutter's testimony in his or her opening report with the current deadline. Id. at 2-3, 5. Finally, Defendants argue that if its pending motion to compel is granted, Plaintiff will be required to produce additional documents and

1

witnesses for deposition.  Id. at 3, 5-6.  Defendants note that having their expert produce a report now and simply supplement it later after discovery is produced is inefficient and "not practicable" without a continuance of the deadlines.  Id. at 7.

On May 9, 2018, Plaintiff filed an opposition to the motion.  See ECF No. 122 ("Oppo."). Plaintiff contends that the motion was filed in violation of the Local Rules and Chambers Rules because Defendants failed to inform Plaintiff of their plan to file the instant *ex parte* motion and failed to meet and confer regarding the motion.[1]  Oppo. at 2-4.  Plaintiff also contends that Defendants were aware of the "purportedly new reasons" to continue the deadlines in this matter when they submitted the joint motion to continue the fact discovery deadline on April 26, 2018. Id. at 5.  Plaintiff states that there is no good cause for the requested relief because Defendants' failure to timely retain their expert is the motivation behind the request, not Plaintiff's failure to comply with discovery.  Id. at 5-6.  Plaintiff notes that Defendants failed to provide any details regarding how the pending discovery relates to their expert reports and that one of Defendants' experts has already submitted a report while the other expert is solely a rebuttal expert to Plaintiff's damages expert.[2]  Id. at 6.  Plaintiff contends that the requested relief is due in part to Defendants' belated May 1, 2018 disclosure of expert James Carmichael, which is not good cause for continuing the case deadlines.  Id. at 7. Plaintiff further contends that Defendants were aware of the pending ESI requests, but did not claim they were relevant to expert discovery until after they retained Mr. Carmichael.  Id.  Additionally, Plaintiff notes that the fact that Defendants were aware of Mr. Chutter and chose to wait to notice his deposition for April 27, 2018, the end of fact discovery at that time, does not demonstrate diligence, and that Defendants' pending motion to compel [see ECF No. 105] does not reference expert discovery and only seeks an extension of the fact discovery deadline.  Id. at 9-10.  Finally, Plaintiff contends

---

[1] Plaintiff notes that Defendants' failure to comply with the Local Rules constitutes a sanctionable act and requests that at the very least, the Court "remind Defendants of their professional responsibilities to the Court and counsel."  Id. at 5, n.1.

[2] Plaintiff notes that none of the pending discovery requests relate to damages.  Oppo. at 6.

that Defendants have not shown good cause to continue all dates and requests that if the Court is inclined to grant Defendants' request, that the continuance be limited to two weeks and apply to Plaintiff and Defendants equally. Id. at 11-12.

On May 11, 2018, Defendants filed Supplemental Evidence in Support of *Ex Parte* Application to Extend Expert Report Deadline. See ECF No. 123 ("Mot. Supp."). Defendants dispute Plaintiff's contention that it made a full and complete production on May 8, 2018. Id. at 3. In support, Defendants argue that Plaintiff produced 13,123 documents which was "well beyond the 7,500 documents that Plaintiff had represented" and that the documents were delivered on 9:44 p.m. on May 8, 2018 with a URL to download a zip file that was too cumbersome to download, requiring Plaintiff to send a flash drive with the load file to Defendants' office on May 9, 2018. Defendants further argue that this large late production provides additional good cause for the requested extension. Id.

On May 11, 2018, Plaintiff filed a Response to Defendants' Notice of Supplemental Authority. ECF No. 124. Plaintiff contends that Defendants' Supplemental Evidence amounts to "an unauthorized reply brief" and compels Plaintiff to respond to Defendants' "deliberate mischaracterization of Plaintiff's ESI production." Id. at 2. Plaintiff notes that (1) the Supplemental Evidence does not actually present any new evidence, (2) it produced fewer documents than anticipated, not more, and (3) Defendants did not try to access the file transfer link until after the flash drive was delivered. Id. at 2-5. Plaintiff further contends that Defendants should be sanctioned. Id. at 5-6.

Once a Rule 16 scheduling order is issued, dates set forth therein may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); see also ECF No. 82 at 8 (stating that dates and times "will not be modified except for good cause shown"). The Rule 16 good cause standard focuses on the "reasonable diligence" of the moving party. Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007) (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000) (stating Rule 16(b) scheduling order may be modified for "good cause" based primarily on diligence of moving party). Essentially, "the focus of the inquiry is upon the moving

party's reasons for seeking modification." Johnson, 975 F.2d at 609. However, a court also may consider the "existence or degree of prejudice to the party opposing the modification. . . ." Id.

In light of the Court's discovery order [see ECF No. 133], the Court finds good cause and **CONTINUES** all remaining dates for all parties as follows:

| Description | Current Date | New Date |
|---|---|---|
| Rule 26(a)(2)(A) and (B) Disclosures | May 18, 2018 | August 17, 2018 |
| Rule 26(a)(2)(D) Supp. Disclosures | June 8, 2018 | September 7, 2018 |
| Expert Discovery Completion | July 6, 2018 | October 5, 2018 |
| Pretrial Motion Filing Deadline | July 20, 2018 | October 19, 2018 |
| Confidential Settlement Statement | August 3, 2018 | October 26, 2018 |
| Mandatory Settlement Conference | August 13, 2018 at 9:30 a.m. | November 5, 2018 at 9:30 a.m. |
| Pretrial Disclosures | September 17, 2018 | January 14, 2019 |
| L.R. 16.1(f)(4) Meeting of Counsel | September 24, 2018 | January 21, 2019 |
| Plaintiff's Proposed Pretrial Order due to Defendants | October 1, 2018 | January 28, 2019 |
| Proposed Final Pretrial Conference Order | October 8, 2018 | February 4, 2019 |
| Final Pretrial Conference | October 15, 2018 at 10:30 a.m. | February 11, 2019 at 10:30 a.m. |

**IT IS SO ORDERED**.

Dated: 6/12/2018

Hon. Barbara L. Major
United States Magistrate Judge