FILED
18 JUN 14 AM 9:59
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY:            DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITEWATER WEST INDUSTRIES, LTD., a Canadian corporation,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC SURF DESIGNS, INC., a Delaware corporation, and FLOW SERVICES, INC., a California corporation,<br><br>Defendants. | Case No.: 3:17-cv-01118-BEN-BLM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO FILE UNDER SEAL**<br><br>[ECF Nos. 63, 68, 89, 92, 95.] |

Before the Court is Plaintiff Whitewater West Industries, Ltd. ("Whitewater") and Defendants Pacific Surf Designs, Inc. ("PSD") and Flow Services, Inc. ("Flow Services") numerous Motions to Seal. Specifically, there are five Motions seeking to seal 344 pages of the public record. The Court addresses all of the Motions to Seal in this Order.

I. **The Right of Access to Judicial Records**

In *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978), the Supreme Court recognized "a general right to inspect and copy public records and documents, including judicial records and documents." *Id.* at 597. The main reason for this general right is to accommodate "the citizen's desire to keep a watchful eye on the workings of . .

1

. government." *Id.* at 598. However, the Supreme Court also stated that "the right to inspect and copy judicial records is not absolute." *Id.* at 589. "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes," such as "to gratify private spite or promote public scandal," or to serve as a source of "business information that might harm a litigant's competitive standing." *Id.* (internal citations omitted).

Except for certain documents "traditionally kept secret," federal courts begin a sealing analysis with "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. *Id.; Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (applying compelling reasons standard to dispositive motions); *DISH Network, L.L.C. v. Sonicview USA, Inc.*, No. 09-cv-1553-L, 2009 WL 2579052, at *1 (S.D. Cal. Aug. 20, 2009) (treating motion for preliminary injunction as dispositive for sealing analysis because the motion directly addresses the merits and seeks injunctive relief before trial). That is, the party must "articulate [] compelling reasons supported by specific factual findings," *Foltz*, 331 F.3d at 1135, that outweigh the general history of access and the public policies favoring disclosure, such as the "public interest in understanding the judicial process," *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995).

"The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. A party must satisfy the compelling reasons standard even if the motion, or its attachments, were previously filed under seal or protective order. *Foltz*, 331 F.3d at 1136 ("[T]he presumption of access is not rebutted where . . . documents subject to a protective order are filed under seal as attachments to a dispositive motion."). And "[s]imply mentioning a general category of privilege, without further elaboration or any specific linkage with the

documents, does not satisfy the burden." *Kamakana*, 447 F.3d at 1184. A party's failure to meet the burden of articulating specific facts showing a "compelling reason" means that the "default posture of public access prevails." *Id.* at 1182.

In turn, the court must "conscientiously balance [] the competing interests" of the public and the party who seeks to keep certain judicial records secret. *Foltz*, 331 F.3d at 1135. After considering these interests, if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad*, 49 F.3d at 1434 (citing *Valley Broadcasting Co. v. U.S. Dist. Ct.*, 798 F.2d 1289, 1295 (9th Cir.1986)).

In ruling on motions to seal in Related Case No. 15-cv-1879, this Court has recognized that "compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might . . . become a vehicle for improper purposes, such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179. A "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." Restatement of Torts § 757 cmt. b.

Similarly, other "sources of business information that might harm a litigant's competitive standing" may also constitute a compelling reason to seal, *see Nixon*, 435 U.S. at 598, as a company's confidential profit, cost, and pricing information if publicly disclosed could put the company at a competitive disadvantage, *see Apple, Inc. v. Samsung Elec. Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) ("[I]t seems clear that if Apple's and Samsung's suppliers have access to their profit, cost, and margin data, it could give the suppliers an advantage in contract negotiations, which they could use to extract price increases for components.").

///
///
///

## II. Discussion

The Court has previously expressed to the parties how seriously it takes the public right of access to judicial records. A party seeking to seal documents must satisfy the compelling reasons standard. In its August 3, 2017 Order (Doc. No. 40), the Court admonished the parties that going forward, if a motion to seal is denied, the document will immediately be publicly filed on CM/ECF. The fact that the Court has sealed a document once does not mean that the Court will seal the document again, particularly at trial. Moreover, the fact that both sides agree to seal or that the documents are designated confidential under a protective order is insufficient cause for sealing.

### A. Plaintiff's Motions to Seal

Plaintiff Whitewater has filed two Motions to Seal. The Motions are unopposed and Plaintiff asserts that all documents sought to be sealed in each Motion have been designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" pursuant to the Protective Order entered by the Court on December 18, 2015, in the related FSL Action.[1] The Court will review each motion in turn.

#### 1. Motion to File Under Seal, 10/31/17, 12/1/17 – (Doc. Nos. 63, 74.)

*Renewed Motion for Preliminary Injunction*

Plaintiff seeks to file under seal portions of its Renewed Motion for Preliminary Injunction ("Renewed Motion") and Exhibits 67, 68, 73-78 to the Declaration of Leanna C. Costantini in support of their Renewed Motion.[2] The Court finds that Plaintiff has narrowly tailored its request to seal to only those portions of the Renewed Motion and Exhibits 67, 74, 75, 76, 77, and 78 that contain business, financial and technical information that would place the designating party at a competitive disadvantage.

---

[1] On December 18, 2015, the Court entered the Protective Order stipulated by the parties in *Flowrider Surf, Ltd., et al v. Pacific Surf Designs, Inc.*, No. 3:15-cv-01879-BEN-BLM (the "FSL Action"). (FSL Action, Doc. Nos. 23, 24.)

[2] Plaintiff simultaneously filed a redacted version of the Renewed Motion with the motion to seal. (Doc. No. 62.)

After reviewing Exhibits 68 and 73, the Court is not persuaded the information warrants sealing either document entirely. Exhibit 68 is an email exchange between PSD and a third party that Plaintiff alleges contains "highly sensitive business-related, financial information for project bid by PSD." Exhibit 73 is also an email exchange between PSD and a third party that Plaintiff alleges contains "highly sensitive business-related information regarding cost considerations and previous experiences for a project bid by Defendant Flow Services."

Plaintiff contends the exhibits contain highly sensitive information that justifies sealing both email exchanges entirely. The Court finds Plaintiff's explanation overly generalized and lacking a "particularized showing" of any "specific prejudice or harm" that could result if the exhibits are not sealed. Requests to seal must be narrowly tailored, Plaintiffs request here is not. Portions of the exhibits are sealable, but the entire emails are not.

Therefore, the Court **GRANTS** in part, and **DENIES** in part Plaintiffs' Motion to Seal. The Court hereby **Orders** the Renewed Motion and Exhibits 67, 74, 75, 76, 77, and 78 to the Declaration in support of their Motion be filed under seal.[3] The Court further **DENIES** Plaintiff's request to Seal Exhibits 68 and 73.

### *Ex Parte Application for Order Shortening Time*

Plaintiff seeks to file under seal portions of its *Ex Parte* Application for Order Shortening Time ("*Ex Parte* Application") and Exhibits B, C, and D to the Declaration of Leanna C. Costantini in support of their *Ex Parte* Application.[4] The Court notes that Exhibit B contains direct quotations from the deposition transcript of Yong Yeh which PSD has since de-designated and provided an unredacted copy for filing in the public record. Thus, Exhibit B is moot and need not be addressed further.

---

[3] *See* Doc. Nos. 64; 64-10 to 64-14.
[4] Plaintiff simultaneously filed a redacted version of the Ex Parte Application with the motion to seal. (Doc. No. 61.)

The Plaintiff has not persuaded the Court that the information contained in Exhibit C or D warrants sealing. Exhibit C is an email exchange between PSD and a third Party containing what Plaintiff claims is "highly sensitive business-related, financial information for a project bid by PSD." Exhibit D is an internal PSD email exchange that Plaintiff claim contains "sensitive internal business and marketing information for PSD."

As with its Renewed Motion, Whitewater has not made the necessary showing to justify entirely sealing the exhibits. The Court finds Plaintiff's explanation generalized and wholly insufficient. Moreover, no "particularized showing" of "specific prejudice or harm" was demonstrated. Without more, the request to seal cannot be granted. Portions of the exhibits are sealable, but the entire emails are not.

Therefore, the Court **DENIES** Plaintiffs' Motion to Seal Exhibits C and D to the Declaration in support of the *Ex Parte* Application.

    2.    <u>Motion to File Under Seal, 3/19/18 – (Doc. No. 92.)</u>

***Opposition to Defendants' Motion for Summary Judgment of U.S. Patent No. 6,491,589*** (Doc. No. 94.)

Plaintiff seeks to file under seal portions of its Opposition to Defendants' Motion for Summary Judgment of Invalidity of U.S. Patent No. 6,491,589 ("Opposition").[5] The Court finds that Plaintiff has narrowly tailored its request to seal to only those portions of the Opposition that contain information that, if disclosed, would place the designating party at a competitive disadvantage. In this case, the Opposition includes direct quotations from the confidential deposition transcripts of Messrs, Lochtefeld, and McFarland that Defendants previously filed under seal. Upon review, the Court concurs that disclosure of this information would place the designating party at a competitive disadvantage.

Therefore, the Court **GRANTS** Plaintiffs' Motion to Seal and hereby **ORDERS**

---

[5] Plaintiff simultaneously filed a redacted version of the Opposition with the motion to seal. (Doc. No. 94.)

6

the Opposition filed under seal.[6]

**B. Defendants' Motions to Seal**

Defendants PSD and Flow Services have filed three Motions to Seal. The Motions are unopposed and Defendants assert all documents sought to be sealed in each Motion have been designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" pursuant to the Protective Order in the Related FSL Action. The Court addresses each motion in turn.

1. Motion to File Under Seal, 11/27/17 – (Doc. No. 68.)

*Opposition to Plaintiff's Renewed Motion for Preliminary Injunction*

Defendants seek to file under seal portions of their Opposition to Plaintiff's Renewed Motion for Preliminary Injunction ("Opposition") and Exhibits E-F to the Declaration of Christopher M. Franich in support of the Opposition.[7] The Court finds that Defendants have narrowly tailored their request to seal to only those portions of the Opposition and Exhibit F that contain highly sensitive financial information that, if disclosed, would place the designating party at a competitive disadvantage. In this case, the Opposition directly quotes Whitewater and ADG's confidential business information from Exhibit F's deposition transcript of Andrew Clem Howe Thatcher. The Court finds that ADG and Whitewater would be competitively and economically disadvantaged if this information was publically disclosed.

However, the Defendants have not persuaded the Court the information contained in Exhibit E warrants sealing. Defendants contend Exhibit E contains pages taken from the deposition transcript of Marshall Myrman in the related FSL Action that was sealed pursuant to the Protective Order. The Court fails to find how any of the information

---

[6] *See* Doc. No. 93.
[7] Defendants simultaneously filed a redacted version of the Opposition with the motion to seal. (Doc. No. 70.)

7

contained in Exhibit E's single column of deposition testimony, qualifies as a trade secret or confidential business record. Defendants provide no further explanation for why Exhibit E needs to be sealed. Furthermore, Plaintiff has since de-designated pages 76-77 of the transcript but has yet to declare whether it will also de-designate pages 74-75 as well. Thus, the Court finds Defendants explanation for sealing Exhibit E inadequate and far short of satisfying the compelling reasons standard. *Foltz*, 331 F.3d at 1136.

Therefore, the Court **GRANTS** in part and **DENIES** in part Defendants' Motion to Seal. The Court hereby **ORDERS** the Opposition and Exhibit F to the Declaration in support of the Opposition to be filed under seal.[8] The Court further **DENIES** Defendants' request to seal Exhibit E.

    2.    Motion to File Under Seal, 2/16/18 – (Doc. No. 89.)

***Motion for Summary Judgment***

Defendants seek to file under seal portions of their Motion for Summary Judgment ("Motion") and Exhibits D, J, K, L and R in support of their Motion.[9] The Court finds that the Defendants have not provided an adequate explanation to seal any of the exhibits.

Exhibit D contains pages from the deposition transcript of Thomas Lochtefeld produced in the FLS action. Exhibit J contains pages from the deposition transcript of third-party witness Bruce McFarland. Exhibits K, L, and R are documents produced by Thomas Lochtefeld. Each of these exhibits is a true and correct copy (some highlighted) of documents produced by Thomas Lochtefeld in the FSL Action, which were ordered sealed pursuant to the protective order.

Aside from these brief descriptions, Defendants fail to provide any further explanation to justify why these exhibits should be filed under seal. As the Court has previously explained, conclusory or blanket assertions that a document is sealable does

---

[8] *See* Doc. Nos. 69; 69-2.
[9] Defendants simultaneously filed a redacted version of the Motion with the motion to seal. (Doc. No. 91.)

not satisfy the compelling reasons standard. Defendant's explanations to seal Exhibits D, J, K, L, and R fall short of satisfying this burden.

Therefore, the Court **DENIES** Defendants' Motion to Seal.

### 3. Motion to File Under Seal, 3/26/18 – (Doc. No. 95.)

***Reply in Support of Motion for Summary Judgment***

Defendants seek to file under seal portions of their Reply in Support of their Motion for Summary Judgment and Exhibits BB, CC, EE, and HH in support of their Reply.[10] The Court finds that the Defendants have narrowly tailored their request to seal to only those portions of the Reply and Exhibits BB, CC, EE, and HH that contain business, financial and technical information that, if disclosed, would place the designating party at a competitive disadvantage.

Exhibit BB contains limited portions of Andrew Thatcher's deposition transcript discussing highly confidential business information sensitive to Plaintiff. Exhibits CC and EE consist of a fax communication, engineering drawings and schematics pertaining to highly confidential and sensitive information regarding Plaintiff's rides. Exhibit HH contains illustrations and images labeled Illustration 19 that were attached to the sealed Expert Infringement Report of Glen Stevick, Ph.D. dated May 19, 2017, in the FSL. The illustrations and images focus on confidential and sensitive information including engineering schematics for the accused products. The information contained in Exhibits BB, CC, EE, and HH would place the designating party at a competitive disadvantage if disclosed.

Therefore, the Court **GRANTS** Defendants' Motion to Seal. The Court hereby **ORDERS** the Reply and Exhibits BB, CC, EE, and HH be filed under seal.[11]

///

---

[10] Defendants simultaneously filed a redacted version of the Reply with the motion to seal. (Doc. No. 97.)

[11] *See* Doc. Nos. 96; 96-1 to 96-4.

## III. Conclusion

In sum, the Court finds that a majority of the parties' various Motions to Seal are narrowly tailored such that they do not impede upon the public's ability to understand the nature of the proceedings and the factual basis for the parties' claims. As such and in light of the aforementioned compelling reasons justifying sealing, the Court **GRANTS** the Motions to Seal as described above and as identified by the **following table** in its entirety. Furthermore, any and all documents the Court declined to seal shall be filed in the public record accordingly.

| Doc. No. | Movant | Document(s) to be Sealed |
|---|---|---|
| 63/74 | Whitewater | Documents lodged at *Docket Number 64* as Memorandum of Points and Authorities in Support of Whitewater's *Renewed* Motion for Preliminary Injunction and Exhibits 67, 74, 75, 76, 77, and 78 to the Declaration in support of the motion. |
| 92 | Whitewater | Documents lodged at *Docket Number 93* as Plaintiffs' Opposition to Defendant's Motion for Summary Judgment of Invalidity of U.S. Patent No. 6,491,589. |
| 68 | PSD/Flow Services | Documents lodged at *Docket Number 69* as Defendants' Opposition to Plaintiff's Renewed Motion for Preliminary Injunction and Exhibit F to the Declaration of Christopher M. Franich in Support of the Opposition. |
| 95 | PSD/Flow Services | Documents lodged at *Docket Number 96* as Defendants' Reply in Support of Their Motion for Summary Judgment of Invalidity of U.S. Patent No. 6,491,589 and Exhibits BB, CC, EE and HH to Barnes' Supplemental Declaration iso Motion for Summary Judgment. |

**IT IS SO ORDERED.**

DATED: 6/13, 2018

Hon. Roger T. Benitez
United States District Court