

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITEWATER WEST INDUSTRIES, LTD., a Canadian corporation,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC SURF DESIGNS, INC., a Delaware corporation, and FLOW SERVICES, INC., a California corporation,<br><br>Defendants. | Case No.: 3:17-cv-01118-BEN-BLM<br><br>**ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION FOR LEAVE TO FILE A SUR-REPLY OR, IN THE ALTERNATIVE, TO STRIKE NEWLY SUBMITTED EVIDENCE**<br><br>[Doc. No. 99] |

On March 30, 2018, Plaintiff Whitewater West Industries, Ltd. ("Whitewater") filed an *Ex Parte* Application for Leave to File Sur-Reply. Pacific Surf Designs, Inc. ("PSD") and Flow Services, Inc. ("Flow Services") (collectively "Defendants") filed an Opposition on April 2, 2018. (Doc. No. 100.) Courts generally view motions for leave to file a sur-reply with disfavor. *Hill v. England*, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005). However, permitting the filing of a sur-reply is within the discretion of the district court. *Schmidt v. Shah*, 696 F. Supp. 2d 44, 60 (D.D.C. 2010) ("The decision to grant or deny leave to file a sur-reply is committed to the sound discretion of the court." "Although the court in its discretion [may] allow the filing of a sur-reply, this discretion

1

should be exercised in favor of allowing a sur-reply only where a valid reason for such additional briefing exists." *Johnson v. Wennes*, No. 08-cv-1798, 2009 WL 1161620, at *2 (S.D. Cal. April 28, 2009). Neither the federal rules nor the local rules permit a sur-reply as a matter of course.

Whitewater contends its sur-reply is necessary to enable it to address new evidence submitted by Defendants in their Reply in support of the Motion for Summary Judgment. (Doc. No. 91.) Specifically, Defendants submitted five new exhibits (Ex. BB, CC, EE, GG, HH), four of which were available at the time the motion was filed. Whitewater also claims the Defendants rely on portions of previously submitted evidence that was not cited or addressed in the motion. (Ex. DD.)

Defendants argue Whitewater's proposed Sur-Reply demonstrates "it cannot defeat Defendants' motion on the merits, and must instead resort to procedural chicanery." (Doc. No. 100 at 2.) Defendants claim Whitewater wrongly asserts PSD and Flow Services are categorically barred from introducing their new (*due to Whitewater's late production*) exhibits with their reply brief to show inconsistencies in Whitewaters' argument. (*Id.*) Moreover, Defendants contend that Section III of Plaintiff's Sur-Reply has nothing to do with PSD's new exhibits, and is a wholly separate section of argument attempting to explain inconsistencies in Whitewater's positions.

Having reviewed the parties' memoranda and with a firm grasp of their asserted positions, the Court does not find a valid reason to allow Whitewater to file its Sur-Reply. To begin with, the Court disagrees with Whitewater's characterization of Defendant's exhibits as presenting new evidence. Exhibit "CC" was merely a close-up, higher resolution version of an exhibit produced by Whitewater on March 6, 2018. (Doc. No. 100-2.) Further, Exhibits "BB, DD, EE, FF, GG, and HH" are duplicates or portions of prior exhibits. (*Id.*) From the Court's view, Defendants reply and attached exhibits merely respond to the arguments raised by Whitewater in their opposition, which is in keeping with the nature and purpose of a response. The Court finds that Defendant's reply and exhibits are not misleading, nor do they present new argument[s], but rather

2

provide a counter response to Whitewater's allegations. Moreover, the Court finds that Whitewater's request for leave to file a sur-reply is merely an attempt to have the last word on this issue. This is precisely why Courts so thoroughly disfavor requests to file sur-replies.

Going forward, the Court suggests the parties put aside whether this exercise was necessary, or whether the Court's resources are best spent policing the scope of the parties' already-voluminous filings. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 Supp. 488, 491-92 (C.D. Cal. 1995) ("When an *ex parte* motion is filed ... the judge drops everything," expecting that the "tomatoes are about to spoil or the yacht is about to leave the jurisdiction and that all will be lost unless immediate action is taken."). The parties seem to have forgotten that "A district court may refuse to consider new [arguments or] evidence submitted for the first time in a reply if the evidence should have been presented" earlier. *See Wallace v. Countrywide Home Loans, Inc.*, SACV 08-1463 AG (MLGx), 2009 WL 4349534, at *7 (C.D. Cal. Nov. 23, 2009); *cf. Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996.) To avoid the additional acrimony, cost, and effort of filing a sur-reply (and the potential request to file a sur-sur-reply), the Court will simply exercise its discretion to ignore any improper material that may or may not have been included in the papers. Three rounds of briefs are enough. Replies to replies to replies are too much.

Accordingly, the Court hereby **DENIES** Whitewater's *Ex Parte* Application for Leave to File a Sur-Reply. The Court further **DENIES** Whitewater's Request to Strike Newly Submitted Evidence. The Motion for Summary Judgment remains under submission.

**IT IS SO ORDERED.**

Dated: June __, 2018

Hon. Roger T. Benitez
United States District Judge

3

3:17-cv-01118-BEN-BLM