UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITEWATER WEST INDUSTRIES, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> PACIFIC SURF DESIGNS, INC. AND FLOW SERVICES, INC., <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS | Case No.: 17cv1118-BEN (BLM) <br><br> **ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS** <br><br> **[ECF No. 154]** <br><br> **REDACTED** |

Currently before the Court is Defendants' August 8, 2018 Motion for Sanctions [see ECF No. 154 ("Mot.")], Plaintiff's opposition to the motion [see ECF No. 158 ("Oppo.")], and Defendants' August 22, 2018 reply [see ECF No. 163 ("Reply")]. For the reasons set forth below, Defendants' motion is **DENIED**.

## **BACKGROUND**

This case was initiated following the dismissal of Flowrider Surf Ltd. v. Pacific Surf Designs, Inc., 15cv1879-BEN(BLM) for lack of standing. On August 3, 2017, District Judge Roger T. Benitez issued an Order Denying Plaintiff's Motion to Consolidate the instant matter with 15cv1879-BEN(BLM), the Flowrider matter. ECF No. 39. In his order, Judge Benitez stated that

1

the Court's "claim construction order in the FlowRider action (ECF No. 88) and all discovery from the FlowRider action apply to the instant case." Id. at 2. Defendants answered the complaint and filed a counterclaim on October 24, 2017. ECF No. 53. Plaintiff answered the counterclaim on November 14, 2017. ECF No. 67. The Flowrider matter was closed on May 8, 2018. The same counsel appears in the instant matter and the Flowrider matter. See Dockets.

## RELEVANT DISCOVERY BACKGROUND

On March 29, 2018, Defendants issued a subpoena *duces tecum* to Knobbe Martens Olson & Bear LLP ("Knobbe") seeking documents and communications related to the expiration or revival of the '589 patent and related maintenance fees. Mot. at 12; see also ECF No. 154-2, Declaration of Christopher M. Franich in Support of Defendants' Motion for Sanction ("Franich Decl.") at ¶ 10, Exh. J. On April 13, 2018, Knobbe declined to produce responsive documents pending the resolution of the parties' dispute regarding the relevance of the expiration and revival of the '589 patent. Oppo. at 14.

On April 16, 2018, counsel for Defendants, Christopher Franich and Charanjit Brahma, and counsel for Plaintiff, Roger Scott, jointly contacted the Court regarding multiple discovery disputes, including the relevance of the expiration and revival of the '589 patent. ECF No. 102. The Court issued a briefing schedule and the parties timely filed their motion, opposition, and reply, along with supplemental evidence. See ECF Nos. 105, 111, 120, 131, and 132. On June 8, 2018, the Court issued an order granting in part and denying in part Defendants' motion to compel. ECF No. 133. The Court denied Defendants' request to sanction Plaintiff and found that

> Plaintiff's position is in an appropriate response to a genuine issue of dispute and, especially in light of the miscommunication between the parties and the Court, reasonable people could differ about the requested RFPs as well as the scope of the deposition topics posed to Mr. Squier. Accordingly, Defendants' request for additional monetary sanctions is **DENIED**.

Id. at 23 (emphasis in original). The Court ordered Plaintiff to pay for the costs of Mr. Squier's

second deposition in light of "Plaintiff's failure to permit Mr. Squier to continue to be deposed on the contested subject matter after properly noting its relevancy objection on the record in accordance with Fed. R. Civ. P. 30(c)(2)." Id.

On July 11, 2018, Defendants informed Knobbe of the Court's June 8, 2018 order resolving the issue of the relevance of the expiration and revival of the '589 patent. Oppo. at 15; see also ECF No. 158-4, Declaration of James Shean In Support of Opposition to Motion for Sanctions ("Shean Decl.") at ¶ 2, Exh. 13. On July 19, 2018, Knobbe produced several emails from Knobbe to Plaintiff's counsel, Mr. Tache, ███████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████. Mot. at 12-13. ██████████████████

███████████████████████████████████████████

████. Id. at 13 n. 7. Mr. Lochtefeld has been represented by Plaintiff's counsel since December 2016. Id. Mr. Lochtefeld has not produced the emails or a privilege log. Id.

On August 1, 2018, counsel for Defendants, Christopher Franich and Charanjit Brahma, and counsel for Plaintiff, Roger Scott, jointly contacted the Court regarding Plaintiff's compliance with the Court's discovery orders. ECF No. 150. In response, the Court issued a briefing schedule. Id. The parties timely filed their pleadings in accordance with the briefing schedule. See Mot, Oppo., and Reply.

## **LEGAL STANDARD**

When a party fails to obey a discovery order, Fed. R. Civ. P. 37(b)(2)(A) (i)-(vi) allows for various sanctions, including:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

3

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

"[B]ecause dismissal is so harsh a penalty, it should be imposed only in extreme circumstances." Meeks v. Nunez, 2017 WL 908733, at *10 (S.D. Cal. Mar. 8, 2017) (quoting Wyle v. R.J. Reynolds Industries, Inc., 709 F.2d 585, 589 (9th Cir. 1983)). For the imposition of such a severe sanction, the conduct of the disobedient party must be "due to willfulness, bad faith, or fault of the party." Id. (quoting United States ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co., 857 F.2d 600, 603 (9th Cir. 1988) (citation omitted).

The Ninth Circuit has set forth five factors to be considered by the court in selecting the appropriate sanction:

(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Hullinger v. Anand, 2016 WL 7444620, at *8 (C.D. Cal. Aug. 19, 2016) (quoting Valley Engineers Inc. v. Electric Engineering Co., 158 F.3d 1051, 1057 (9th Cir. 1998)). "The Ninth Circuit has held that a party's failure to produce documents as ordered is considered sufficient prejudice to establish sanctionable conduct." Id. (quoting Apple Inc. v. Samsung Elecs. Co., Ltd., 2012 WL 2862613, at *6 (N.D. Cal. July 11, 2012)). When considering evidentiary, issue or terminating sanctions, factors three and five "become particularly important." Id.

Where a court order is violated, the first two factors support terminating sanctions while

the fourth factor, the public policy favoring disposition of the cases, does not support dismissal. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1991). Therefore, the third and fifth factors are ultimately determinative of the result. Adriana Int'l Corp., 913 F.2d at 1412.

## **DEFENDANTS' POSITION**

Defendants seek terminating sanctions on the grounds that Plaintiff has repeatedly failed to comply with this Court's past discovery orders. Mot. at 18. First, Defendants argue that Plaintiff engaged in a pattern of discovery misconduct and cite two examples from the Flowrider case (misrepresenting its standing to sue and withholding prior art). Id. at 14-15. Second, Defendants argue that Plaintiff failed to produce a complete '589 patent file in accordance with S.D. Pat. L. R. 3.2(c) in the Flowrider matter. Id. at 8.

Third, Defendants argue that Plaintiff failed to comply with the Court's November 3, 2016 order granting in part and denying in part Defendants' motion to compel Plaintiff's discovery responses in the Flowrider action [see Flowrider Docket at ECF No. 96]. Mot. at 9-10, 19. In that order, the Court compelled plaintiff to respond completely to interrogatory No. 1 so that Defendant Pacific Surf Designs could conduct discovery regarding inequitable conduct and whether plaintiff intentionally failed to renew the '589 patent. Id. at 9, 19. Interrogatory No. 1 sought

> all facts relating to Your payment and/or failure to pay maintenance fees for the Asserted Patents including, without limitation, the dates on which all maintenance fee payments were made and the Person(s) involved in making such payments, the cause(s) of the entire delay in paying any maintenance fee, date(s) on which the failure to timely pay any maintenance fee was discovered and the Person(s) who discovered or had knowledge of such failure, the nature of any investigation into the cause of any delay in the payment of a maintenance fee and the Person(s) who conducted such investigation, the basis for any conclusion that the entire delay in paying a maintenance fee was unintentional or unavoidable, and all efforts to revive the Asserted Patents and the Person(s) involved in such efforts.

Id. at 9; see also Franich Decl. at Exh. E at 6. Plaintiff's supplemental response to interrogatory

No. 1 provided a timeline of events and stated in part that

> On Wednesday, February 4, 2015, Erikson C. Squier, counsel at Greenberg Traurig, LLP, **independently discovered** that the '589 Patent had expired for failure to pay a maintenance fee and sent an email to J Rick Taché informing him that the '589 Patent had expired.
>
> On Thursday, February 5, 2015, J. Rick Taché, sent an email to the client representative, Tim Kwasnicki, informing him of the expiration of the '589 Patent. The client was unaware of the expiration of the '589 Patent and instructed J. Rick Taché to revive the '589 Patent. J. Rick Taché then informed Erikson C. Squier of the client instructions. Erikson C. Squier began steps necessary to revive the '589 Patent.

Id. at 19 (emphasis in original). Defendants argue that the emails produced by Knobbe demonstrate that plaintiff's supplemental response to interrogatory No. 1 was false and that plaintiff thereby violated the Court's order. Id. Defendants further argue that they deposed Mr. Squier based on the false interrogatory response and that Mr. Squier repeated the misrepresentation in both of his depositions. Id. at 11.

Fourth, Defendants argue that Plaintiff failed to comply with the Court's June 8, 2018 order granting in part and denying in part Defendants' motion to compel [see ECF No. 133]. Id. at 18-19. In that order, the Court granted Defendants' motion to compel response to RFPs Nos. 1-3 which Defendants argue Plaintiff violated because it failed to produce ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Id. Defendants note that Plaintiff admits that the email is relevant and should have been produced. Id.; see also Franich Decl. at Exh O, 106-107.

Fifth, Defendants argue that Plaintiff failed to comply with "another motion to compel"[1]

---

[1] The Court notes that this is not actually "another motion to compel," but the same April 20, 2018 motion to compel [see ECF No. 105] that was addressed in the Court's June 8, 2018 order granting in part and denying in part Defendants' motion to compel. ECF No. 133. Accordingly, Plaintiff is not alleged to have violated a third Court order, but the same order in a different way.

requiring Plaintiff to respond to Defendants' RFP No. 12 which sought "[a]ll Documents and Things relating to the '589 Patent exchanged between You and Knobbe, Martens, Olson & Bear, LLP," and defined 'You' to include, inter alia, Whitewater's "attorneys (including its counsel of record in this litigation)." Mot. at 19-20; see also Francih Decl. at Exh. G, 3, 8. Defendants argue that by failing to produce ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Id.

Finally, Defendants argue that the first and second factors for terminating sanctions support dismissal because Plaintiff's misrepresentations and withholding of discovery has forced matters to drag on for almost four years over the span of three cases and interfered with the ability of the Court to manage its docket. Id. at 20-22. Defendants also argue that the third factor favors dismissal as Defendants have clearly been prejudiced by Plaintiff's failures to comply with the Court's orders and to produce ordered discovery. Id. at 22-25. Specifically, Defendants (1) chose their case strategy - deposing Mr. Squier instead of Mr. Tache - based on Plaintiff's untruthful response to interrogatory No. 1, (2) will have an incomplete expert report as they have no way of determining what investigation may have occurred since the date Plaintiff became aware of the expiration, (3) were unable to conduct a forensic examination to confirm that the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ was not forwarded to anyone or replied to, and (4) chose to forego pursuing a subpoena to Greenberg Traurig due to their representation that the documents Defendants sought were within Plaintiff's control. Id. Defendants conclude by arguing that less drastic sanctions are inappropriate here, where monetary sanctions and an order compelling response have done "nothing to curb Plaintiff's abuses." Id. at 26-29. Defendants note that an evidentiary sanction would be the equivalent of terminating sanctions. Id.

## PLAINTIFF'S POSITION

Plaintiff contends that Defendants' motion for terminating sanctions should be denied and that no other sanctions are appropriate. Oppo. at 31. Initially, Plaintiff notes that its failure to produce the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ was inadvertent. Id. at 8. Mr. Tache does not recall

7

17CV1118-BEN (BLM)

receiving the email, and, therefore, did not discuss the email with anyone or realize that the email was missing from Plaintiff's production.[2]  Id. at 8, 12; Tache Dec. at ¶ 5.  Next, Plaintiff contends that the emails produced by Knobbe do not affect Defendants' inequitable conduct defense as none of the emails, with the exception of the ▓▓▓▓▓, "provide the maintenance fee due dates or expiration date of the '589 patent" and the ▓▓▓▓▓ does not support a finding of intentional delay or material misrepresentation as necessary for inequitable conduct.  Id. at 16-17 (emphasis in original).  Plaintiff also contends that it complied with the Court's June 8, 2018 order with respect to RFP No. 12 and provided a full and complete response.  Id. at 20.  Plaintiff notes that the only potential violation it committed was failing to produce the ▓▓▓▓▓.  Id.

Finally, Plaintiff contends that the factors for dismissal are not met.  Id. at 20.  Specifically, dismissal sanctions require willful misconduct and here, Plaintiff's failure to produce the ▓▓▓▓▓, was inadvertent and not willful.  Id. at 20-21.  Also, at most, Plaintiff is guilty of a single discovery violation for failing to produce the ▓▓▓▓▓ and a single inadvertent violation does not warrant terminating sanctions.  Id. at 23-25.  Next, Plaintiff argues that the single discovery violation does not prevent the case from proceeding as scheduled and in no way hampers the public's interest in the expeditious resolution of litigation or the Court's need to manage its docket.  Id. at 26-27.  Plaintiff notes that discovery could be reopened and limited to the ▓▓▓▓▓ "and its purported impact on the timing of the revival of the '589 patent" without affecting the remaining case deadlines.  Id.  Plaintiff further notes that if Defendants had not waited five weeks to inform Knobbe of the Court's June 8, 2018 order, Defendants would have had Knobbe's production several weeks before the close of discovery

---

[2] The email was sent to Mr. Tache while he was on leave from work due to a serious family matter requiring his attention.  Oppo. at 8.  While Mr. Tache checked his email intermittently during this time, he rarely used email and was focused on the care of his daughters.  Id.; see also ECF No. 158-2, Declaration of J. Rick Tache in Support of Opposition to Motion for Sanctions ("Tache Decl.") at ¶ ¶ 3-4.

8

and had time to conduct and additional discovery they deemed necessary. Id. at 27. Plaintiff also contends that any limited prejudice to Defendants weighs against dismissal because Defendants' request for terminating sanctions is purely punitive and because Defendants are equally at fault for any delays. Id. at 27-28. Finally, Plaintiff contends that public policy favors disposing of this case on the merits, lesser sanctions are available and have not been previously imposed, and no prior warnings regarding dismissal have been given by the Court. Id. at 29-30.

## **DEFENDANTS' REPLY**

Defendants reply that Plaintiffs did not just withhold "a single immaterial email" as the email was relevant and the Knobbe production included the ▓▓▓▓▓▓▓▓▓▓ that should have been included in Plaintiff's production. Reply at 3-4; see also Franich Decl. at Exh. K, 91-100. Defendants also reply that Plaintiff is obligated to supplement its response to interrogatory No. 1 and that it is Plaintiff's "repeated history of discovery abuses in this case that ultimately prompted PSD to file this motion." Id. at 6. Defendants further reply that they have been prejudiced by the withheld discovery which is material and that they did not delay in seeking the discovery. Id. at 6-8. Defendants note that they have shown that Plaintiff's discovery violation was due to Plaintiff's willfulness, bad faith, and fault. Id. at 8-9. Finally, Defendants reiterate that the five factors considered by the Ninth Circuit favor dismissal in this case. Id. at 12-14.

## **DISCUSSION**

Terminating sanctions are not appropriate in this case. Initially, Defendants have not established that Plaintiff has engaged a pattern of discovery violations. Rather, the dockets in all of the cases reflect that the parties have engaged in aggressive litigation with each side filing motions to compel further discovery. See e.g. ECF No. 105 (Defendants' motion to compel seeking sanctions because Plaintiff's opposition was not substantially justified); see also Flowrider Docket at ECF Nos. 76 (Defendant's motion to compel), 77 (Plaintiff's motion to compel), 139 (Defendant's motion to compel), 150 (Plaintiff's opposition to Defendant's motion

to compel seeking to recover costs incurred opposing the motion), 199 (Defendant's motion to compel requesting sanctions for Plaintiff's litigation conduct), 217 (order imposing $16,168.50 in sanctions on Defendant), and 246 (Defendant's motion for attorneys' fees seeking attorneys' fees, expert fees, and non-taxable costs Defendant incurred in connection with the case because Plaintiff litigated the case in an unreasonable manner and its counsel acted in bad faith). Secondly, as discussed below, application of the sanction factors identified by the Ninth Circuit to the facts of this case does not support terminating sanctions. Finally, the Court notes that much of Defendants' arguments go to the merits of the parties' dispute and whether the allegedly suppressed or unproduced evidence proves Defendants' claims. The Court finds that the parties' legal and factual disputes should be resolved on the merits via motion or trial, not as the result of a discovery sanction.

For purpose of this order, the Court will assume, without deciding, that Plaintiff violated one or more of the Court's discovery orders when it failed to produce the ▓▓▓▓▓. The Court also will assume, without deciding, that there are approximately ▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ that were not produced by Plaintiff but are now in the possession of Defendants. While Defendants have not established that Plaintiff or Mr. Tache acted with a wrongful or malicious intent, the Court acknowledges that such a finding is not required as "[d]isobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." Hyde & Drath v. Baker, 24 F.3d 1162, 1167 (9th Cir. 1994) (citing Henry v. Gill Indus., 983 F.2d 943, 948 (9th Cir. 1993). "A single willful violation may suffice depending on the circumstances." United States v. Approximately $30,000.00 in U.S. Currency, 2015 WL 5097707, at *8 (E.D. Cal. Aug. 28, 2015) (citing Valley Engineers, Inc., 158 F.3d at 1056, cert. denied, 526 U.S. 1064 (1999)) and Ortiz–Rivera v. Municipal Government of Toa Alta, 214 F.R.D. 51, 57 (D.P.R.2003) (disobedience of court orders in and of itself constitutes extreme misconduct and warrants dismissal)).

Because Defendants have established that Plaintiff had possession of the email and failed to produce it and the other ▓▓▓▓▓▓▓▓▓, the Court must consider the Ninth Circuit

factors to determine whether terminating sanctions are appropriate.

1. <u>Public Interest in Expeditious Resolution of Litigation & The Court's Need to Manage its Dockets</u>

The first two factors focus on the need to move cases toward timely resolution. The instant action was filed a little over a year ago on June 1, 2017. ECF No. 1. After the Court's June 8, 2018 discovery order, all remaining case deadlines were continued for approximately three months. ECF No. 140 at 4. Despite the continuance, this case has continued to proceed in a timely manner and the final pretrial conference is scheduled for February 11, 2019, twenty months after the case was initiated. Thus, the Court has been able to manage its docket and uphold the public's interest in the expeditious resolution of the litigation.

The Court finds unpersuasive Defendants' argument regarding the length of the litigation between the parties. While the various cases have spanned more than four years, that time period has been for three cases and the vast majority of the delays was due to factors other than discovery disputes. Similarly, the Court discounts Defendants' argument regarding the amount and type of discovery that would be required to rectify Plaintiff's discovery errors. Initially, Defendants specifically do <u>not</u> request the opportunity to conduct additional discovery as an alternative remedy for Plaintiff's discovery violation. Mot. Even if they did, the "necessary" discovery described by Defendants is overbroad. The Court finds that the additional discovery, if it had been requested, would have been more limited and could have occurred in a time frame that would not impact the scheduled Pretrial Conference. Accordingly, these two factors do not favor dismissal.

2. <u>The Risk of Prejudice to the Party Seeking Sanctions</u>

The consideration of prejudice is an important factor in deciding a motion for a dismissal sanction and should receive more weight than the other factors. <u>Meritage Homeowners' Ass'n v. Bank of New York Mellon</u>, 2017 WL 9471669, at *4 (D. Or. Dec. 3, 2017) (citing <u>Henry</u>, 983 F.2d at 948 and <u>Banga v. Experian Info. Solutions</u>, 2009 WL 2407419, *1 (N.D. Cal. Aug. 4, 2009)). "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to

go to trial or threaten to interfere with the rightful decision of the case." <u>In re Phenylpropanolamine (PPA) Products Liability Litigation</u>, 460 F.3d 1217, 1228 (9th Cir. 2006) (quoting <u>Adriana Int'l Corp.</u>, 913 F.2d at 1412 and (citing <u>Malone v. U.S. Postal Serv.</u>, 833 F.2d 128, 131 (9th Cir. 1987) and <u>In re Eisen</u>, 31 F.3d 1447, 1453 (9th Cir. 1994)). Failing to produce documents as ordered is considered sufficient prejudice. <u>Id.</u> (citing <u>Adriana</u>, 913 F.2d at 1412). "Prejudice normally consists of loss of evidence and memory, it may also consist of costs or burdens of litigation, although it may not consist of the mere pendency of the lawsuit itself." <u>Id.</u> (citing <u>In re Eisen</u>, 31 F.3d at 1453 and <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642 (9th Cir. 2002)). "When the spoiling party's actions force the non-spoiling party 'to rely on incomplete and spotty evidence' at trial, dismissal is proper." <u>Meritage Homeowners' Ass'n</u>, 2017 WL 9471669, at *4 (quoting <u>Leon v. IDX Systems Corp.</u>, 464 F.3d 951, 959 (9th Cir. 2006)).

Here, the evidence and applicable law establish that Defendants were prejudiced by Plaintiff's failure to produce the identified documents in a timely manner but the failure/delay did not "impair Defendants' ability to go to trial[,] threaten to interfere with the rightful decision of the case[,]" or force Defendants "to rely on incomplete and spotty evidence at trial." Defendants now have possession of the ███████████ and can use them, as well as the timing of the production, to support their arguments, impeach Plaintiff's witnesses, and otherwise present their case and motions. Because Defendants are not subject to a loss of evidence or memory or other interference with the rightful decision of the case, the Court finds that Defendants' degree of prejudice does not support the extreme sanction of dismissal.

### 3. Public Policy Favoring Disposition of Cases on Their Merits

This factor generally does not favor the imposition of terminating sanctions. As discussed above, the Court does not find that Plaintiff's behavior has impeded the case from moving forward at a reasonable pace or that Plaintiff has engaged in dilatory or evasive tactics thereby "neutraliz[ing] the negative effect of this factor." <u>Alexis v. Rogers</u>, 2017 WL 1967328, at *6 (S.D. Cal. May 12, 2017) (citing <u>In re Phenylpropanolamine (PPA) Prod. Liab. Litig.</u>, 460 F.3d at 1237 (stating that "[n]oncompliant plaintiffs bear responsibility for halting movement toward a

merits resolution," which "neutralizes the negative effect of this factor."). As a result, this factor supports denial of Defendants' motion.

       4.      Availability of Less Drastic Sanctions

"[B]ecause dismissal is so harsh a penalty, it should be imposed only in extreme circumstances." Meeks, 2017 WL 908733, at *5. Before imposing a dismissal sanction, a court must consider the "impact of the sanction and the adequacy of less drastic sanctions." U.S. for Use & Ben. of Wiltec Guam, Inc. v. Kahaluu Const. Co., 857 F.2d 600, 604 (9th Cir. 1988) (quoting Malone, 833 F.2d at 131 and United States v. Nat'l Med. Enter., 792 F.2d 906, 912 (9th Cir. 1986)). In Kahaluu Constr. Co., the Ninth Circuit opined that "the district court is generally required to discuss alternative sanctions; but, in exceptional cases, where it is clear that no other alternative would have been reasonable, we may affirm a dismissal or default judgment despite the absence of such a discussion." Id. (citing Halaco Eng'g Co. v. Costle, 843 F.2d 376, 381 (9th Cir. 1998)) ("consideration of less severe penalties must be a reasonable explanation of possible and meaningful alternatives."). If a court fails to warn a claimant "explicitly or implicitly that their procedural lapses might result in a judgment against them" then it places that court's order of dismissal "in serious jeopardy." Id. at 605. In sum, a "three-part analysis determines whether a court properly considered the adequacy of less drastic sanctions: (1) did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inappropriate, (2) did the court implement alternative sanctions before ordering dismissal, and (3) did the court warn the party of the possibility of dismissal before actually ordering dismissal?" U.S. Equal Emp't Opportunity Com'n, 2009 WL 1287757, at *4 (quoting Adriana Int'l. Corp., 913 F.2d at 1412–13).

Defendants argue that less drastic sanctions are unavailable since "monetary sanctions and being ordered to produce discovery" have failed to induce Plaintiff's compliance with discovery. Mot. at 26 -29. Defendants note that they have requested monetary sanctions on multiple occasions in the Flowrider case and that Plaintiff was ordered to pay for Mr. Squier's second deposition. Id. at 26-27. Defendants further note that issue or evidentiary sanctions

13

would be futile and the equivalent of terminating the case. <u>Id.</u> at 27. Finally, Defendants argue that the Court's multiple orders on Defendants' motions to compel and the Local Rules for the Southern District of California have warned Plaintiff about the possibility of dismissal for failing to comply with the Court's orders. <u>Id.</u> at 28-29.

This factor also does not support terminating sanctions. First, being ordered to produce discovery is not in and of itself a sanction. Second, it cannot be said that lesser sanctions have failed to correct Plaintiff's behavior because the Court has only narrowly sanctioned Plaintiff in this case on one occasion. In the Court's April 8, 2018 order, the Court required Plaintiff to pay for the costs of Mr. Squier's second deposition and specifically denied Defendants' request for further sanctions.[3] ECF No. 133 at 23. Third, while Defendants only request terminating sanctions, the Court finds that less drastic sanctions are available and could be effective. For example, the Court could have authorized Defendants to conduct limited additional discovery to investigate issues relating to the discovery and late production. Because Defendants did not request an alternative sanction, the Court will not impose one but, for purposes of this factor, the Court finds that less drastic sanctions are available. Finally, in this case, the Court has not explicitly warned Plaintiff that discovery violations or violations of this Court's orders may lead to the dismissal of its case. The mere existence of Civ. L.R. 83.1(a) does not constitute an

---

[3] The Court noted that:

> Plaintiff's position is in an appropriate response to a genuine issue of dispute and, especially in light of the miscommunication between the parties and the Court, reasonable people could differ about the requested RFPs as well as the scope of the deposition topics posed to Mr. Squier. Accordingly, Defendants' request for additional monetary sanctions is **DENIED**. The Court's decision requiring Plaintiff to pay the cost of Mr. Squier's follow-up deposition reflects the Court's recognition of Plaintiff's failure to permit Mr. Squier to continue to be deposed on the contested subject matter after properly noting its relevancy objection on the record in accordance with Fed. R. Civ. P. 30(c)(2). No further sanctions are required.

ECF No. 133 at 23 (emphasis in original).

14

17CV1118-BEN (BLM)

explicit warning from this Court sufficient to support an order of dismissal.

## **CONCLUSION**

For the reasons set forth above, the Court finds that the extreme sanction of dismissal is not warranted in this case for the identified discovery violations. Accordingly, Defendants' motion for terminating sanctions is **DENIED**.

**IT IS SO ORDERED**.

Dated: 8/31/2018

Hon. Barbara L. Major
United States Magistrate Judge