# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITEWATER WEST INDUSTRIES, LTD., <br><br> Plaintiff, <br><br> v. <br><br> PACIFIC SURF DESIGNS, INC. AND FLOW SERVICES, INC., <br><br> Defendants. <br><br> ──────────────────────── <br><br> AND RELATED COUNTERCLAIMS | Case No.: 17CV1118-BEN(BLM) <br><br> **ORDER DENYING MOTION TO STAY AS MOOT** <br><br> **[ECF No. 155]** |

Currently before the Court is Defendants' August 8, 2018 *Ex Parte* Application for an Order Staying the Case Pending Resolution of Defendants' Motion for Terminating Sanctions. [see ECF No. 155] and Plaintiff's August 15, 2018 opposition to the motion [see ECF No. 159].

Defendants "request[] that this Court stay the remaining case deadlines pending resolution of [their] Motion for Sanctions [see ECF No. 154] to save the parties and the Court the needless effort of conducting remaining expert discovery and additional motions, including dispositive motions." Id. at 2. Defendants argue that a stay will "will promote economy of time and effort for [the Court], for counsel, and for litigants" and that the remaining pretrial deadlines may "be unnecessary in view of [Defendants'] motion." Id. at 3. Defendants also argue that there is no undue prejudice to Plaintiff as any prejudice is of Plaintiff's own doing as it has not been forthcoming in its discovery obligations and has continuously delayed the resolution of this matter. Id. Finally, Defendants argue that the two Ninth Circuit factors for staying discovery pending a dispositive motion are met as Defendants' pending motion is "potentially dispositive

1

of the entire case" and "there is no additional discovery that is needed to decide the pending motion." Id.

On August 15, 2018, Plaintiff filed an opposition to Defendants' motion. ECF No. 159. Plaintiff contends that (1) Defendants' motion is meritless, (2) Defendants failed to provide notice that they intended to seek *ex parte* relief, and (3) Defendants fail to explain how they would be harmed by requesting a stay through a properly noticed motion. Id. at 2, 4. Plaintiff also contends that Defendants failed to diligently pursue their subpoena to Knobbe and that Defendants "cannot justify a stay because they cannot demonstrate that their pending motion presents and immediate and clear possibility that it will be granted." Id. at 2, 5. Plaintiff further contends that a proper analysis of the factors for staying discovery demonstrate that a stay is not appropriate. Id. at 6. Specifically, Plaintiff notes that the likelihood of Defendants' motion for terminating sanctions being granted "is anything but an immediate and clear possibility." Id. at 7 (quoting GTE Wireless, Inc. v. Qualcomm, Inc., 192 F.R.D. 284, 286 (S.D. Cal. Mar 2, 2000). Plaintiff contends that it would suffer undue hardship if the motion to stay was granted as the case has been pending for nearly three years and that "a stay would cause the case to remain at a standstill for weeks, maybe even months, and ultimately push expert discovery into the holiday season when experts would be less available." Id. at 8. Finally, Plaintiff contends that Defendants will not suffer any hardship if the stay is denied and that the stay "would not advance the orderly course of justice." Id.

On August 31, 2018, the Court issued an Order Denying Defendants' Motion for Terminating Sanctions. See ECF No. 170. In light of the Court's order, Defendants' *Ex Parte* Application for an Order Staying the Case Pending Resolution of Defendants' Motion for Terminating Sanctions is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated: 8/31/2018

Hon. Barbara L. Major
United States Magistrate Judge