UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITEWATER WEST INDUSTRIES, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> PACIFIC SURF DESIGNS, INC. AND FLOW SERVICES, INC., <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS | Case No.: 17cv1118-BEN (BLM) <br><br> **ORDER DENYING DEFENDANTS' REQUEST TO FILE A MOTION FOR ALTERNATIVE SANCTIONS** |

On August 8, 2018, Defendants filed a Motion for Sanctions. ECF No. 154. Defendants sought terminating sanctions on the grounds that Plaintiff repeatedly failed to comply with this Court's past discovery orders. Id. Defendants did not request any alternative sanction to dismissal. Id. at 20, 26 ("this Court has no alternative but to dismiss Plaintiff's action with prejudice" and "lesser, alternative sanctions are inappropriate in this situation").

On August 31, 2018, the Court denied Defendants' motion for terminating sanctions. ECF No. 170. In denying the motion, the Court noted that "[b]ecause Defendants did not request an alternative sanction, the Court will not impose one." Id. at 14.

On September 17th or 18th, 2018, counsel for Defendants, Mr. Christopher Franich,

1

contacted the Court regarding Defendants' desire to file a Motion for Reconsideration of the Court's August 31, 2018 Order. On September 19, 2018, counsel for Defendants, Messrs. Christopher Franich and Charanjit Brahma and counsel for Plaintiff, Mr. Roger Scott, participated in a discovery call with Judge Major's law clerk. During that call, counsel for Defendants explained that the motion they sought to file was actually a request for alternative sanctions and not a motion for reconsideration. Defense counsel further explained that the proposed motion would be based on the same discovery violations and facts that were raised in their previous motion for sanctions, but would seek different relief.

Defendants' request to file a motion for alternative sanctions is **DENIED**. Defendants had the opportunity to seek whatever sanctions they felt appropriate when they filed their motion for sanctions. Defendants made a strategic decision to seek only terminating sanctions and declined to provide any alternative options for the Court to consider. See ECF No. 154 at 26 ("lesser, alternative sanctions are inappropriate in this situation"). Having gambled and lost, Defendants are not entitled to return to Court and seek new sanctions based upon the same conduct. Permitting such a procedure would result in an incredible waste of litigation and judicial resources as a party could repeatedly litigate the same motion, seeking new or different remedies every time. The fact that the Court discussed during its analysis of Defendants' request for terminating sanctions that less drastic sanctions may have been available, does not mean that such sanctions are available or appropriate at this time. See Boeing Co. v. KB Yuzhnoye, 2015 WL 12803766, at *3 n.3 (C.D. Cal. Dec. 4, 2015) ("[t]he Court will not reward Plaintiffs after gambling on one particular sanction, receiving no return in that gamble, and then trying to remedy their failure to hedge their initial bet.").

**IT IS SO ORDERED**.

Dated: 9/20/2018

Hon. Barbara L. Major
United States Magistrate Judge