UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITEWATER WEST INDUSTRIES, LTD., a Canadian corporation,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>PACIFIC SURF DESIGNS, INC., a Delaware corporation, and FLOW SERVICES, a California corporation,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 3:17-cv-01118<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br>**(Dkt. No. 91)** |

Now before the Court is the motion for summary judgment of Defendants Pacific Surf Designs ("PSD") and Flow Services, Inc. ("Flow"). The motion is denied.

## BACKGROUND

Plaintiff Whitewater West Industries, Ltd. ("Whitewater") asserts that Defendants are infringing Patent No. 6,491,589 (" '589"), entitled "Mobile Water Ride Having Sluice Slide-Over Cover," a patent generally relating to an artificial surfing water ride constructed for entertainment, often in a water park setting. The patent claims sheet-wave technology, in which a thin flow of water moves over a stationary surface at a high velocity, recreating something like an ocean wave in an enclosed system in which riders may surf. The '589 patent allegedly improves on prior art by reducing the footprint of

1

the ride through shortening the transition surface between the water-injecting components and the lower end of the ride surface. Importantly, the patent includes a cover over the water-injecting components to prevent rider contact. The smaller size of the attraction reduces manufacturing and shipping costs, allowing the ride to be installed in spaces previously not possible, while improving rider performance and safety. The '589 patent is embodied in the "FlowRider" line of products sold by Whitewater and its subsidiary and licensee.

As mentioned elsewhere, the '589 patent has 57 total claims. Whitewater still alleges that Defendants infringe at least claims 1, 3, 13, 15-17, 24-27, 29-38, 41-43, 50, and 54-55 (the "Asserted Claims"). For example, Whitewater asserts that independent claim 17 establishes that Defendants literally infringe at least one of the asserted claims. Claim 17 recites:

> 17. A cover for a water ride sluice gate from which a flow of water jets out, comprising a contoured flexible pad, a connector configured to removably affix the cover to said sluice gate, a flexible tongue at a downstream end of the cover, the tongue configured to extend over the water that jets from said sluice gate, and a generally flat portion at an upstream end of the cover, said tongue being urged downward against the flow of water jetting from said sluice gate.

('589 Patent, Claim 17).

PSD is Whitewater's competitor. By its motion, PSD claims the '589 patent is invalid because of prior art embodied in the form of a wave ride at Hyland Hills, Colorado, called the RetroRider. In fact, PSD asserts that this prior art "depicts exactly what is claimed in the '589 patent," and predates the patent by several years.

## LEGAL STANDARD

Summary judgment is appropriate when "after opportunity for discovery and upon motion, there is no genuine dispute of material fact for trial and one party is entitled to judgment as a matter of law." *Novartis Corp. v. Ben Venue Labs., Inc.*, 271 F.3d 1043, 1046 (Fed. Cir. 2001); Fed. R. Civ. P. 56(c). All facts must be viewed in the light most favorable to the non-moving party, and all doubts must be resolved in the non-movant's

2

favor. *Helifix Ltd. v. Blok-Lok, Ltd.*, 208 F.3d 1339, 1345-46 (Fed. Cir. 2000). In this case, discovery is ongoing.

**DISCUSSION**

"Patents are presumed valid, and the challenger bears the burden of establishing invalidity." *Rembrandt Diagnostics, LP v. Innovacon, Inc.*, No. 16-CV-00698-CAB-NLS, 2018 WL 3707023, at *13 (S.D. Cal. Aug. 3, 2018) (quoting *Massachusetts Inst. of Tech. v. Shire Pharm., Inc.*, 839 F.3d 1111, 1124 (Fed. Cir. 2016)).

Proving invalidity of a claim requires clear and convincing evidence. Defendants correctly explain that deciding whether a claim is anticipated involves a two-step analysis: the first step requires construing the claim, and the second step in the analysis requires a comparison of the properly construed claim to the prior art. To anticipate a claim "requires the presence in a single prior art disclosure of all elements of a claimed invention arranged as in the claim." *Finisar Corp. v. DirecTV Group, Inc.*, 523 F.3d 1323, 1334–35 (Fed. Cir. 2008) (quoting *Connell v. Sears, Roebuck & Co.*, 722 F.2d 1542, 1548 (Fed. Cir. 1983)).

"Anticipation is a question of fact, reviewed for substantial evidence when tried to a jury." *Finisar*, 523 F.3d at 1334. "Invalidity for anticipation . . . is a factual inquiry." *Gen. Elec. Co. v. Nintendo Co.,* 179 F.3d 1350, 1353 (Fed. Cir. 1999). However, "[w]hile anticipation is a question of fact, it may be decided on summary judgment if the record reveals no genuine dispute of material fact." *Leggett & Platt, Inc. v. VUTEk, Inc.*, 537 F.3d 1349, 1352 (Fed. Cir. 2008) (quoting *Golden Bridge Tech., Inc. v. Nokia, Inc.*, 527 F.3d 1318, 1321 (Fed. Cir. 2008)). "In determining whether there is a genuine issue of material fact, we view the evidence in the light most favorable to the party opposing the motion, with doubts resolved in favor of the nonmovant." *Id.* (citations omitted). In determining whether a patent has been anticipated, courts look to see if a single prior art reference describes every element of the claims asserted in the patent. *In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*, 676 F.3d 1063, 1068–69 (Fed. Cir. 2012). A claim is anticipated when each and every limitation is found

1 | either expressly or inherently in a single prior art reference. *King Pharm., Inc. v. Eon Labs, Inc.*, 616 F.3d 1267, 1274 (Fed. Cir. 2010). Put differently, invalidity could be shown where a method that infringes later, would anticipate, if earlier. *Upsher–Smith Labs., Inc. v. Pamlab, LLC*, 412 F.3d 1319, 1322 (Fed. Cir. 2005) (holding that a product "which would literally infringe if later in time anticipates if earlier"). "In other words, for a method that infringes later to anticipate if earlier, the infringing method and anticipatory method *must be identical*." *Phigenix, Inc. v. Genentech Inc.*, 238 F. Supp. 3d 1177, 1194 (N.D. Cal. 2017) (emphasis added). "Where there is a material dispute as to the credibility and weight that should be afforded to conflicting expert reports, summary judgment is usually inappropriate." *Id.* (quoting *Crown Packaging Tech., Inc. v. Ball Metal Beverage Container Corp.*, 635 F.3d 1373, 1384 (Fed. Cir. 2011)).

The salient issue for this inquiry is not one of timing. The Hyland Hills, Colorado RetroRider product was built several years before date of the '589 patent. It is not disputed that the Hyland Hills product was publicly used as a water entertainment attraction. Instead, the salient issue is whether, based on the Hyland Hills product, there is a genuine issue of material fact as to the anticipation of the invention described in the patent. Defendants argue that it does, focusing on the claim language. Plaintiff focuses on the obvious differences in the embodiments of the Hyland Hills design and the '519 design.

The Court finds that there are stark differences. There are differences in the orientation of the flow and curves and the resulting entertainment experience for the consumer/surfer/rider as between the older Hyland Hills RetroRider and the current Flow Rider '589 embodiments. The RetroRider requires a rider to end the ride by going with the water flow to the rear of the rider. Were the rider to go forward as far as one can go, he or she would be met with a vertical wall. The vertical wall reaches well above the upward curving flow surface. Below and behind this wall is the water flow nozzle. A rider simply cannot ride over this area. The '589 FlowRider embodiment, on the other hand, permits a rider to end the ride at either end. The rider may exit to the rear with the

water flow. Importantly, the rider may also exit the ride against the flow by riding forward and riding over the top of the nozzle cover. The forward movement is not uphill as in the RetroRider. The forward movement is relatively flat or horizontal and the water flow emerges from an unseen nozzle covered by and protected by a cover and tongue. These differences by themselves are sufficient to demonstrate that genuine issues exist so as to require the anticipation theory be tried by a fact finder. In other words, because PSD cannot demonstrate that the Hyland Hills device anticipates every element of the asserted '529 claims by clear and convincing evidence, it is not entitled to summary judgment of invalidity.

Some examples are helpful. Claim 1.B of the '589 patent specifies a nozzle cover substantially covering the nozzle biased downward against the flow of water which permits riders to ride over the nozzle without injury. For their strongest argument, Defendants argue that the older RetroRider also has a nozzle cover that embodies these elements. Def. Mem. of Ps. & As., at 4 ("The detailed drawing [of the RetroRider] . . . depicts a 6" foam pad nozzle cover mounted directly on the face of the nozzle"), and 14 ("the nozzle pad in Hyland Hills is attached to the face of the nozzle"). But that is inaccurate. The RetroRider has a "bumper pad." The bumper pad is mounted vertically on the vertical wall above the riding surface. The bumper pad is *not* mounted directly on the face of the nozzle. Far from it. The nozzle is below, and behind, the vertical wall and its bumper pad. The bumper pad touches neither the nozzle, nor the device that adjusts the flow aperture, nor the water from the nozzle. It may or may not have a flexible tongue, but on the RetroRider the bumper pad-tongue does not contact the surface flow of the water ejected from the nozzle. It simply hangs down from the vertical wall face above the water flow. Claim 1 requires that the flexible tongue be biased downward "against the flow of water." It is "urged downward to squeeze against the flow." The tongue pushes downward "to keep a light tension against the jetted water." The bumper pad of the older RetroRider, whether or not configured with an angled "tongue" does not touch the flow of water. It does not ride against the water or squeeze against the flow. It

5

3:17-cv-01118

provides no tension against the jetted water. The jetted water, instead flows untouched, unimpeded, and out of contact, through the space below the RetroRider bumper pad.

Defendants make much of the fact that the RetroRider bumper pad is made of closed cell polyurethane foam core like the newer FlowRider. Def. Mem. of Ps. & As., at 6 and 16. But the significance is trivial. Mr. Lochtefeld, the designer, explained that the material was chosen for its characteristic of not absorbing water like a sponge, something open-celled polyurethane foam would do, and something unremarkable in a waterpark attraction. See 117:22 – 118:7.

Defendants argue that the older RetroRider bumper pad is for the protection of the rider, as is the nozzle cover in the '589 patent. Thus, they argue that it anticipates the '589 patent. It is correct that in both cases riders are offered protection from injury by contact with the hard edges of the nozzles. But the protection is achieved in markedly different ways. In the RetroRider, the bumper pad does not come between the rider's head or limbs and the nozzle. Instead it reduces the likelihood of contact by physically separating the rider from most of the area where contact can be made. On the newer FlowRider, the cover and tongue lay on top of the nozzle. It is a slide-over sluice gate cover. It provides a smooth surface for a rider to ride above and over the nozzle without likelihood of contact. These differences demonstrate a genuine issue of material fact as to anticipation of the '589 Claim 1.

The Court finds that there are genuine issues of material fact as to whether the Hyland Hills RetroRider public use expressly or inherently anticipates the asserted claims of the '589 patent. When the evidence is viewed in a light most favorable to Whitewater, there is enough evidence for a reasonable trier of fact to find that the public use in Hyland Hills and the '589 patent are not identical. *E.g., Gen-Probe Inc*. v. *Beckon Dickinson and Co.*, 899 F. Supp. 971, 982-83 (S.D. Cal. 2012) (denying summary judgment of invalidity). There are genuine issues about whether the Hyland Hills prior art describes every element of the claims asserted in the '589 patent. *In re Cyclobenzaprine,* 676 F.3d at 1068-69.

# CONCLUSION

Defendants' motion for summary judgment of invalidity is denied.

**IT IS SO ORDERED.**

Dated: September 27, 2018

Hon. Roger T. Benitez
United States District Judge