Mark C. Mao, CA SBN No. 236165
mark.mao@troutmansanders.com
Charanjit Brahma, SBN No. 204771
charanjit.brahma@troutmansanders.com
**TROUTMAN SANDERS LLP**
580 California Street, Suite 1100
San Francisco, CA 94104
Telephone:  415.477.5700
Facsimile:   415.477.5710

Attorneys for Defendants Pacific Surf
Designs, Inc. and Flow Services, Inc.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

WHITEWATER WEST
INDUSTRIES, LTD., a Canadian
corporation,

            Plaintiff,

v.

PACIFIC SURF DESIGNS, INC., a
Delaware corporation, and
FLOW SERVICES, INC., a
Delaware Corporation

            Defendants.

Case No. 17-cv-01118-BEN-BLM

**DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO
STRIKE OR EXCLUDE THE
REPORT AND TESTIMONY OF
JAMES T. CARMICHAEL**

Date:     December 10, 2018
Time:    10:30 A.M.
Ctrm:    5A
Judge:   Hon. Roger T. Benitez

TROUTMAN SANDERS LLP
580 CALIFORNIA STREET, SUITE 1100
SAN FRANCISCO, CA 94104

36938094v5

DEFENDANTS' OPPOSITION TO PLAINTIFF'S *DAUBERT* MOTION RE JAMES T. CARMICHAEL
CASE NO. 3:17-CV-01118-BEN-BLM

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    INTRODUCTION ................................................................................................ 1

II.   LEGAL STANDARD ......................................................................................... 2

III.  ARGUMENT ...................................................................................................... 2

    A.    MR. CARMICHAEL IS WELL-QUALIFIED TO OFFER HELPFUL EXPERT TESTIMONY ON THE INEQUITABLE CONDUCT ISSUES IN THIS CASE ................................... 3

    B.    MR. CARMICHAEL'S EXPERT TESTIMONY ON INEQUITABLE CONDUCT ISSUES IS HELPFUL AND ADMISSIBLE ............................................................................ 3

        1.    Mr. Carmichael May Opine on Materiality ............................... 4

        2.    Mr. Carmichael Offers Permissible Opinions on Facts Suggestive of Intent ................................................................... 8

        3.    Mr. Carmichael May Opine on Time Constraints Faced by the PTO ................................................................................ 9

IV.   CONCLUSION ................................................................................................. 10

TROUTMAN SANDERS
LLP
580 CALIFORNIA STREET,
SUITE 1100
SAN FRANCISCO, CA 94104

36938094v5

DEFENDANTS' OPPOSITION TO PLAINTIFF'S *DAUBERT* MOTION RE JAMES T. CARMICHAEL
CASE NO. 3:17-CV-01118-BEN-BLM

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Aevoe Corp. v. AE Tech Co.*,
   2014 U.S. Dist. LEXIS 117197 (D. Nev. August 20, 2014) ................................. 7

*Alfred E. Mann Found. for Sci. Res. v. Cochlear Corp.*,
   2014 U.S. Dist. LEXIS 1975141 (C.D. Cal. Jan. 3, 2014) ........................... 2, 3, 6

*Anagram Int'l, Inc. v. Mayflower Dist. Co.*,
   2008 WL 5500764 (D. Minn. Aug. 21, 2008) .................................................. 6, 7

*Armament Sys. & Procedures, Inc. v. IQ Hong Kong Ltd.*,
   2007 WL 1267877 (E.D. Wis. Apr. 24, 2007) ...................................................... 6

*Barry v. Medtronic, Inc.*,
   2016 U.S. Dist. LEXIS 104118 (E.D.Tex. July 19, 2016) .................................. 7

*Brigham & Women's Hosp. Inc. v. Teva Pharms. USA, Inc.*,
   2010 U.S. Dist. LEXIS 99598 (D. Del. Sept. 21, 2010) ..................................... 6

*Datatreasury Corp. v. Wells Fargo & Co.*,
   2010 WL 11468934 (E.D. Tex. Oct. 5, 2010) ................................................... 10

*Intellectual Ventures I LLC v. Symantec Corp.*,
   2015 U.S. Dist. LEXIS 2841 (D. Del. Jan. 6, 2015) ........................................... 9

*Loudermill v. Dow Chemical Co.*,
   863 F.2d 566 (8th Cir. 1988) .............................................................................. 2

*Medicines Co. v. Mylan Inc.*,
   2014 U.S. Dist. LEXIS 61084 (N.D. Ill. May 2, 2014) ........................... 5, 6, 7, 8

*Medtronic Sofamor Danek USA, Inc. v. Nuvasive, Inc.*,
   2012 U.S. Dist. LEXIS 17939, 2012 WL 474181 (S.D. Cal. Feb.
   14, 2012) ............................................................................................................ 4

*Ohio Willow Wood Co. v. Alps South, LLC*,
   735 F.3d 1333 (Fed. Cir. 2013) ..................................................................... 2, 6

*Pharmacia Corp. v. Par Pharm., Inc.*,
   2004 U.S. Dist. LEXIS 30988 (D.N.J. 2004) ..................................................... 6

TROUTMAN SANDERS
LLP
580 CALIFORNIA STREET,
SUITE 1100
SAN FRANCISCO, CA  94104

*Primiano v. Cook*,
    598 F.3d 558 (9th Cir. 2010) ................................................................. 2

*Shuffle Master, Inc. v. MP Games LLC*,
    553 F. Supp. 2d 1202 (D.Nev. 2008) ..................................................... 7

*In re Solodyn (Minocycline Hydrochloride) Antitrust Litig.*,
    2018 U.S. Dist. LEXIS 11921; 2018 WL 563144 (D. Mass. Jan. 25,
    2018) ....................................................................................................... 7

*United Food & Commer. Workers Local 1776 v. Teikoku Pharma
    USA*,
    296 F. Supp. 3d 1142 ......................................................................... 4, 5

*United States v. 17.69 Acres of Land*,
    No. 99-cv-1248-DMS, 2004 U.S. Dist. LEXIS 31030, 2004 WL
    5632928 (S.D. Cal. Dec. 20, 2004) ...................................................... 2

*United States v. Valle*,
    72 F.3d 210 (1st Cir. 1995) ................................................................... 8

*Worldwide Home Prod., Inc. v. Bed, Bath & Beyond, Inc.*,
    74 F. Supp. 3d 626 (S.D.N.Y. 2015) .................................................... 5

**Rules and Other Authorities**

37 C.F.R. § 1.56 ............................................................................................ 4

Fed. R. Evid. 702 ......................................................................................... 2

Fed. R. Evid. 704 ......................................................................................... 3

Troutman Sanders
LLP
580 California Street,
Suite 1100
San Francisco, CA  94104

36938094v5

2

DEFENDANTS' OPPOSITION TO PLAINTIFF'S *DAUBERT* MOTION RE JAMES T. CARMICHAEL
CASE NO. 3:17-CV-01118-BEN-BLM

## I.   **INTRODUCTION**

It is well-established that expert testimony concerning whether misrepresentations made to, or omissions withheld from, the Patent Office are material and whether particular facts are indicative of an intent to deceive the Patent Office is admissible. Even the cases Plaintiff cites in support of its motion say so, and Plaintiff has tellingly offered its own expert, Nicolas Godici, to testify about much the same subject matter.

There is no question that Mr. Carmichael, a former Patent and Trademark Office Administrative Patent Judge—is qualified as an expert in PTO practice and procedure, having served for nearly a decade supervising PTO enforcement proceedings and then as Examiner-In-Chief.  Mr. Carmichael studiously stays away from the types of opinions that are frequently rejected by courts—state-of-mind opinions that attempt to read the mind of a particular individual, or opinions concerning the state of the law. Instead, Mr. Carmichael offers opinions to explain the duty of candor owed to the PTO and the Office's expectation of how patent applicants and petitioners comply with that duty. Mr. Carmichael will also describe the kind of information that the PTO considers material when deciding either whether an invention is patentable or whether a petition should be granted. And he will compare the PTO's expectations against the inventor's, Plaintiff's and Plaintiff's counsel's actions in this case.

Mr. Carmichael's expert opinion testimony is absolutely essential to the Court and a jury to properly evaluate whether those actions were reasonable and benign or intended to deceive the PTO and effective in doing so. Consequently, the testimony Mr. Carmichael will provide is relevant, admissible, and will undoubtedly aid the Court and the jury in resolving this case. Plaintiff's *Daubert* motion is unfounded, and its criticisms should be reserved for cross-examination.

/ / /

/ / /

TROUTMAN SANDERS
LLP
580 CALIFORNIA STREET,
SUITE 1100
SAN FRANCISCO, CA  94104

36938094v5                                            1

DEFENDANTS' OPPOSITION TO PLAINTIFF'S *DAUBERT* MOTION RE JAMES T. CARMICHAEL
CASE NO. 3:17-CV-01118-BEN-BLM

## II.    LEGAL STANDARD

Federal Rule of Evidence 702 favors admission of expert testimony. *See* Fed. R. Evid. 702, Notes of Advisory Committee on 2000 Amendments ("the rejection of expert testimony is the exception rather than the rule"). As Plaintiff concedes, "[e]xpert testimony is admissible pursuant to Rule 702 if it is both relevant and reliable." MPA at 3. Indeed, authority cited by Plaintiff holds that "a district court may consider expert testimony of a patent attorney if relevant." *Alfred E. Mann Found. for Sci. Res. v. Cochlear Corp.*, No. 07-cv-8108, 2014 U.S. Dist. LEXIS 197541, at *25 (C.D. Cal. Jan. 3, 2014).  Relevance means that the evidence will assist the trier of fact to understand or determine a fact in issue. *E.g.*, *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010).

Because experts will be cross-examined at trial, the standard for excluding testimony is high. Expert testimony "should not be excluded as speculative unless 'it is "so fundamentally unsupported that it can offer no assistance to the jury."'" *United States v. 17.69 Acres of Land*, No. 99-cv-1248-DMS, 2004 U.S. Dist. LEXIS 31030, *4-5, 2004 WL 5632928 (S.D. Cal. Dec. 20, 2004) (quoting *Loudermill v. Dow Chemical Co.*, 863 F.2d 566, 570 (8th Cir. 1988)). Lesser criticisms of expert testimony should be addressed through cross-examination. *Id.*

## III.    ARGUMENT

Demonstrating inequitable conduct involves two inquiries: (1) materiality (from the *PTO*'s perspective) of misrepresentations, misinformation, or withheld information and (2) intent to deceive, which may be inferred from indirect and circumstantial evidence. *Ohio Willow Wood Co. v. Alps South, LLC*, 735 F.3d 1333, 1344-45, 1351 (Fed. Cir. 2013). Mr. Carmichael is qualified to provide helpful testimony for the trier of fact on both these inquiries, as explained below.

/ / /

/ / /

/ / /

Troutman Sanders LLP
580 California Street,
Suite 1100
San Francisco, CA  94104

36938094v5

2

DEFENDANTS' OPPOSITION TO PLAINTIFF'S *DAUBERT* MOTION RE JAMES T. CARMICHAEL
CASE NO. 3:17-CV-01118-BEN-BLM

### A.   MR. CARMICHAEL IS WELL-QUALIFIED TO OFFER HELPFUL EXPERT TESTIMONY ON THE INEQUITABLE CONDUCT ISSUES IN THIS CASE

Over his career Mr. Carmichael spent decades at the PTO and in private practice in patent prosecution. As an attorney in the Office of the Solicitor at the PTO, Mr. Carmichael supervised all of the PTO's enforcement proceedings for violations of its Code of Professional Responsibility—including violations of practitioners' duty of candor. Carmichael Report at ¶¶ 10-11. After five years at the PTO, Mr. Carmichael was appointed Examiner-In-Chief (also known as Administrative Patent Judge) in the electrical and computer division of the Board of Patent Appeals and Interferences, a position he held from 1996 to 1999. *Id.* at 20. After leaving public service, Mr. Carmichael practiced patent prosecution for nearly two decades, including at two highly-respected intellectual property law firms. *Id.* at ¶¶ 24-25, 27. He has served as an expert on patent practice and procedure, including for the PTO itself. *Id.* at ¶ 27. Thus, Mr. Carmichael is well-qualified to address PTO practice and procedure both in general, and as applied to the inequitable conduct issues surrounding the '589 patent.

### B.   MR. CARMICHAEL'S EXPERT TESTIMONY ON INEQUITABLE CONDUCT ISSUES IS HELPFUL AND ADMISSIBLE

Contrary to Plaintiff's arguments, "[a]n opinion is not objectionable just because it embraces an ultimate issue" of the case. Fed. R. Evid. 704. But rather than parse Mr. Carmichael's proposed testimony to exclude only what Plaintiff contends would improperly invade the province of the trier of fact, Plaintiff foregoes any thoughtful analysis and instead seeks to exclude Mr. Carmichael's testimony entirely. Plaintiff argues that Mr. Carmichael provides "improper testimony in the form of legal conclusions," including his opinions concerning "whether or not the '589 Patent was obtained or revived through misconduct or failure to disclose material information." MPA at 2, 6. Plaintiff also argues that Mr. Carmichael's opinion reflects improper "retroactive mind reading of the thoughts of

Troutman Sanders LLP
580 California Street, Suite 1100
San Francisco, CA  94104

36938094v5

3

DEFENDANTS' OPPOSITION TO PLAINTIFF'S *DAUBERT* MOTION RE JAMES T. CARMICHAEL
CASE NO. 3:17-CV-01118-BEN-BLM

patent examiners." *See* MPA at 8. Plaintiff is wrong on both counts, as Mr. Carmichael made clear repeatedly during his deposition. Mr. Carmichael has explicitly steered clear from offering legal opinions and opinions as to individuals' states of mind.  Instead, as detailed below, he has focused his opinions on areas that have frequently been deemed acceptable by multiple courts, including this one: the PTO's standard for materiality and the duty of candor it imposes on practitioners, applicants and petitioners, as well as the facts of this case from which an intent to deceive the PTO can properly be inferred.

Mr. Carmichael also opines on the duty of candor and good faith before the PTO, which is governed by 37 C.F.R. § 1.56. This duty applies to "[e]ach individual associated with the filing and prosecution of a patent application" and requires that "all information known to that individual to be material to patentability" of the claims in the application be disclosed to the USPTO. 37 C.F.R. § 1.56. While Plaintiff contends that Mr. Carmichael improperly offers an opinion as to whether Plaintiff *breached* its duty of good faith and candor, it is worth noting that Plaintiff offers an expert of its own, Nicholas Godici, to opine on the very same thing. *See* Godici Report at ¶ 83. Mr. Carmichael properly explains what the duty of candor and good faith means to patent prosecutors based on his experience with the PTO. Carmichael Report at ¶¶ 88-139. His specific experience renders his opinion on the duty of good faith and candor reliable and useful. Indeed, Mr. Carmichael's testimony on this duty has been accepted at trial in this district. *Medtronic Sofamor Danek USA, Inc. v. Nuvasive, Inc.*, No. 08-cv-1512, 2012 U.S. Dist. LEXIS 17939, *15, 2012 WL 474181 (S.D. Cal. Feb. 14, 2012) ("James Carmichael testified at trial as an expert in PTO practice and procedure, including the duty of candor and good faith.").

## 1.    Mr. Carmichael May Opine on Materiality

Mr. Carmichael should be permitted to testify regarding inequitable conduct issues. *E.g.*, *United Food & Commer. Workers Local 1776 v. Teikoku Pharma USA*,

Troutman Sanders
LLP
580 California Street,
Suite 1100
San Francisco, CA  94104

36938094v5

4

DEFENDANTS' OPPOSITION TO PLAINTIFF'S *DAUBERT* MOTION RE JAMES T. CARMICHAEL
CASE NO. 3:17-cv-01118-BEN-BLM

296 F. Supp. 3d 1142, 1159-60 (N.D Cal. Nov. 3, 2017) (citing expert testimony on inequitable conduct issue of "whether [defendant] and the [patent] inventor (Ono) affirmatively misled the PTO by failing to disclose specific . . . prior art references" that "asserted that the non-disclosure was material and Ono's failure to disclose the prior art was egregious"). District courts have consistently recognized that experts may opine on the materiality of a patent applicant's misrepresentations and omissions before the PTO. *E.g.*, *id.*; *Worldwide Home Prod., Inc. v. Bed, Bath & Beyond, Inc.*, 74 F. Supp. 3d 626, 633 (S.D.N.Y. 2015) ("Mr. Poms' testimony with regard to the propriety of the Plaintiff's conduct before the patent office and the materiality of the omitted information to the PTO examiner's decision is properly admissible. . . . His opinions are relevant to the adequacy of Plaintiff's disclosures to the PTO examiner, which is a question of mixed law and fact."); *Holmes Group, Inc. v RPS Prods.*, 2010 U.S. Dist. LEXIS 102727, at *16 (allowing expert to "testify as to whether a reasonable patent examiner would have considered the information to be material"). In a case Plaintiff cites, *Meds Co. v. Mylan Inc.*, No. 11-cv-1285, 2014 U.S. Dist. LEXIS 61084 (N.D. Ill. May 2, 2014), the patent holder made exactly the same argument as Plaintiff does here: that expert testimony on the materiality of an applicant's representations and omissions before the PTO should be excluded. *Id* at *20. But the district court disagreed, holding that the patent expert "may [] opine on whether a certain criteria is material to a Patent Office examiner." *Id.* at *19.

One court has explained:

[A]s an undoubted expert not only in patent law but in the workings of the Patent and Trademark Office, [the expert] would be able to provide some *factual* context for *why* Parsons' behavior would have been inequitable, especially regarding the issue of materiality. . . . If [the expert] can shed light on what a reasonable examiner would have considered important, I see no reason to exclude his testimony.

TROUTMAN SANDERS LLP
580 CALIFORNIA STREET,
SUITE 1100
SAN FRANCISCO, CA 94104

36938094v5

5

DEFENDANTS' OPPOSITION TO PLAINTIFF'S *DAUBERT* MOTION RE JAMES T. CARMICHAEL
CASE NO. 3:17-CV-01118-BEN-BLM

*Armament Sys. & Procedures, Inc. v. IQ Hong Kong Ltd.,* No. 00-cv-01257, 2007 WL 1267877, at *1 (E.D. Wis. Apr. 24, 2007). So too here, Mr. Carmichael offers permissible testimony on the issue of materiality.

Plaintiff's motion ignores that patent attorney experts like Mr. Carmichael are regularly permitted to testify on issues such as PTO procedures to assist the trier of fact to determine a fact in issue—as verified in even the authority Plaintiff cites. *See, e.g.*, *Meds. Co. v. Mylan Inc.*, 2014 U.S. Dist. LEXIS 61084, at *19 (allowing testimony of patent law expert with PTO experience); *Anagram Int'l, Inc. v. Mayflower Distrib. Co.*, No. 07–1142, 2008 WL 5500764, at *1 (D. Minn. Aug. 21, 2008) (allowing expert to testify to "why the information, in his view, is significant or important"); *Alfred E. Mann Found. for Sci. Res.*, 2014 U.S. Dist. LEXIS 1975141, at **25-26 (allowing expert to testify regarding "background information and the PTO's procedures" for prosecution of patents-in-suit); *Brigham & Women's Hosp. Inc. v. Teva Pharms. USA, Inc.*, No. 08-464, 2010 U.S. Dist. LEXIS 99598, at **5-6 (D. Del. Sept. 21, 2010) (allowing expert testimony that "explains the PTO's practices and procedures); *Pharmacia Corp. v. Par Pharm., Inc.*, No. 01-6011, 2004 U.S. Dist. LEXIS 30988, *2 (D. N.J. 2004) (same).

Here, the perspective on PTO procedures that Mr. Carmichael provides is relevant to the materiality of the undisclosed information and prior art omitted by Plaintiff's attorney, Erikson Squier, related to the reinstatement of the '589 Patent, because materiality is analyzed from the perspective of the PTO.

> In contrast to inquiries into infringement and validity, the materiality prong of the inequitable conduct inquiry is analyzed from the perspective of the PTO. *See Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1345 (Fed. Cir. 2013) ("[T]he analysis of this but-for materiality requirement is from the perspective of the PTO."). Accordingly, an appropriate expert on this topic could be an individual who has knowledge of and experience with the procedures of the PTO.

*Aevoe Corp. v. AE Tech Co.*, No. 2:12-cv-00053, 2014 U.S. Dist. LEXIS 117197, *6-7 (D. Nev. August 20, 2014). Mr. Carmichael's PTO experience enables him to

Troutman Sanders
LLP
580 California Street,
Suite 1100
San Francisco, CA 94104

36938094v5

6

DEFENDANTS' OPPOSITION TO PLAINTIFF'S *DAUBERT* MOTION RE JAMES T. CARMICHAEL
CASE NO. 3:17-cv-01118-BEN-BLM

opine as to the importance of the withheld information in the PTO proceedings—a topic experts routinely opine on (even in the cases Plaintiff cites). *E.g.*, *Meds. Co. v. Mylan Inc.*, 2014 U.S. Dist. LEXIS 61084, at *19 (allowing patent law expert with experience at the PTO to "opine on whether a certain criteria is material to a Patent Office examiner"); *Anagram Int'l*, 2008 WL 5500764, at *1 (allowing expert to testify regarding the materiality of withheld information).

Plaintiff's citations to *Barry* and *Shuffle Master* are inapposite. In *Barry*, the court found that Mr. Carmichael lacked expertise in medical devices such that his testimony regarding how an examiner would respond if presented with additional information would not help the trier of fact. *See Barry v. Medtronic, Inc.*, No. 1:14-cv-104, 2016 U.S. Dist. LEXIS 104118, at **6-8 (E.D.Tex. July 19, 2016). In *Shuffle Master*, the court concluded that the proposed testimony consisted of legal conclusions and "opinion regarding the likely subjective thoughts of the patent examiner." *See Shuffle Master, Inc. v. MP Games LLC*, 553 F. Supp. 2d 1202, 1209 (D.Nev. 2008). In arguing that Mr. Carmichael improperly speculates as to the examiner's state of mind, Plaintiff mischaracterizes the opinions Mr. Carmichael will offer here. To be sure, Mr. Carmichael will *not* be offering to read the minds of any patent examiners. Rather, his opinions relating to materiality will aid the trier of fact in deciding whether—from the perspective of a reasonable PTO examiner—the omitted information rises to the level of but-for materiality. This testimony is permissible. *In re Solodyn (Minocycline Hydrochloride) Antitrust Litig.*, No. 14-md-02503, 2018 U.S. Dist. LEXIS 11921, *65; 2018 WL 563144 (D. Mass. Jan. 25, 2018) ("Although that [PTO experience and technical training] does not qualify him to opine on legal conclusions, that does qualify him to opine on what a reasonable patent officer would find material in a patent application.").

Courts allow testimony on PTO policies and procedures and on materiality in the patent application process. Mr. Carmichael's opinion is not speculative, but rather is based upon his deep understanding of, and long experience with, PTO

TROUTMAN SANDERS
LLP
580 CALIFORNIA STREET,
SUITE 1100
SAN FRANCISCO, CA  94104

36938094v5

7

DEFENDANTS' OPPOSITION TO PLAINTIFF'S *DAUBERT* MOTION RE JAMES T. CARMICHAEL
CASE NO. 3:17-CV-01118-BEN-BLM

practice and procedure. Accordingly, his reliable and helpful testimony on these issues should be permitted.

### 2. Mr. Carmichael Offers Permissible Opinions on Facts Suggestive of Intent

The same result follows for Mr. Carmichael's testimony with respect to the intent prong of the inequitable conduct inquiry. As Plaintiff's own cited authority holds, an expert "may identify certain facts from the file history and record to support an inference that the applicants acted with intent to deceive." *Meds. Co.* Experts are not prohibited "from testifying to predicate facts from which a jury might infer . . . intent." *United States v. Valle*, 72 F.3d 210, 216 (1st Cir. 1995). That is exactly what Mr. Carmichael has done. *See* Report at ¶¶ 205-218.

Here, Mr. Carmichael first provides helpful context by describing PTO procedures for reinstating a patent that expired due to unintentional delay in paying maintenance fees as wells as procedures for withdrawing or correcting incorrect submissions. Carmichael Report at ¶¶ 63-87, 140-143. Then he identifies facts from the record that are suggestive of intent. *See id.* at ¶¶ 205-218. For example, Mr. Carmichael notes that "the 'Background of the Invention' section of the '589 patent description includes a description of '[c]onventional sheet-flow wave-simulating water rides,' indicating the applicant's understanding that the prior art rides were material prior art" and yet "it fails to discuss the particular features of the '589 patent claims covering a 'nozzle assembly . . . comprising . . . a nozzle cover . . . .'" *Id.* at ¶ 208. Mr. Carmichael's testimony that under the circumstances, these facts suggest intent to deceive the PTO will help the trier of fact in determining this issue. Nowhere in this testimony does Mr. Carmichael purport to act as a mind-reader. Rather, his expertise on patent prosecution is reliable and useful in considering the facts that suggest intent.

Plaintiff also seeks to exclude Mr. Carmichael's opinion regarding Plaintiff's counsel's failure for months to act in response to multiple emails

TROUTMAN SANDERS
LLP
580 CALIFORNIA STREET,
SUITE 1100
SAN FRANCISCO, CA 94104

36938094v5

8

DEFENDANTS' OPPOSITION TO PLAINTIFF'S *DAUBERT* MOTION RE JAMES T. CARMICHAEL
CASE NO. 3:17-CV-01118-BEN-BLM

notifying him about the patent maintenance fees and expiration. MPA at 6-7. Here, too, Mr. Carmichael is not speculating but rather helpfully identifies pertinent facts—including false statements by Plaintiff's counsel (*see* Carmichael Report at ¶¶ 205-218) and opines: "because Mr. Lochtefeld was the inventor and the point of contact for the purported patent owner with whom the patent attorneys at Knobbe communicated concerning paying maintenance fees, to the extent Messrs. Tache and Squier failed to communicate with Mr. Lochtefeld, there was no inquiry reasonable under the circumstances." Carmichael Report at ¶ 212. Mr. Carmichael's testimony will aid the trier of fact in determining these issues and should be allowed.

### 3.    Mr. Carmichael May Opine on Time Constraints Faced by the PTO

Plaintiff also seeks to exclude Mr. Carmichael's opinion about the limited resources of the PTO. *See* MPA at 8-9. Objective statements on the time constraints examiners face in reviewing applications reasonably relate to general PTO practice and procedure. This type of evidence is routinely permitted. *See, e.g.*, *Intellectual Ventures I LLC v. Symantec Corp.*, No. 10-1067-LPS, 2015 U.S. Dist. LEXIS 2841 at *4 (D. Del. Jan. 6, 2015) (permitting testimony that "the PTO is not perfect, sometimes makes mistakes, did not review certain prior art, did not consider certain invalidity arguments, and should not have issued some or all of the patents-in-suit"); *Datatreasury Corp. v. Wells Fargo & Co.*, No. 2:06-cv-72 DF, 2010 WL 11468934, at *11 (E.D. Tex. Oct. 5, 2010) ("Defendants may submit PTO workload and efficiency statistics, may argue that the PTO may make mistakes."). Contrary to Plaintiff's assertions, Mr. Carmichael's opinion on the time constraints the PTO faces explains the importance of the patent applicant's duty of candor and disclosure. In an *ex parte* setting with no one arguing against the patent applicant, the examiner must, and does, rely upon the applicant to adhere

TROUTMAN SANDERS LLP
580 CALIFORNIA STREET,
SUITE 1100
SAN FRANCISCO, CA 94104

36938094v5

9

DEFENDANTS' OPPOSITION TO PLAINTIFF'S *DAUBERT* MOTION RE JAMES T. CARMICHAEL
CASE NO. 3:17-cv-01118-BEN-BLM

1    to the duty of candor and disclosure. Accordingly, Mr. Carmichael's testimony as

2    to the PTO's time constraints should not be excluded.

3    **IV.    <u>CONCLUSION</u>**

4          For the foregoing reasons, PSD respectfully requests that Plaintiff's *Daubert*

5    motion be denied.

6    Dated: November 26, 2018                    **TROUTMAN SANDERS LLP**

7                                                By: */s/ Stacy Hovan*
                                                    _____
8                                                     Stacy Hovan
                                                     Attorneys for Defendants

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TROUTMAN SANDERS
LLP
580 CALIFORNIA STREET,
SUITE 1100
SAN FRANCISCO, CA 94104

36938094v5                                    10

DEFENDANTS' OPPOSITION TO PLAINTIFF'S *DAUBERT* MOTION RE JAMES T. CARMICHAEL
CASE NO. 3:17-CV-01118-BEN-BLM

1

## **CERTIFICATE OF SERVICE**

2         The undersigned hereby certifies that a true and correct copy of the above

3   and foregoing document has been served on November 26, 2018 to all counsel of

4   record who are deemed to have consented to electronic service via the Court's

5   CM/ECF system per Civil Local Rule 5.4.  Any counsel of record who have not

6   consented to electronic service through the Court's CM/ECF system will be served

7   by electronic mail, first class mail, facsimile and/or overnight delivery.

8

9                                             */s/ Stacy Hovan*
                                            Stacy Hovan
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TROUTMAN SANDERS
LLP
580 CALIFORNIA STREET,
SUITE 1100
SAN FRANCISCO, CA 94104

36938094v5

DEFENDANTS' OPPOSITION TO PLAINTIFF'S *DAUBERT* MOTION RE JAMES T. CARMICHAEL
CASE NO. 3:17-CV-01118-BEN-BLM