FILED
APR 12 2019
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY      MMS        DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITEWATER WEST INDUSTRIES, LTD., a Canadian corporation,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC SURF DESIGNS, INC., a Delaware corporation, and FLOW SERVICES, INC., a California corporation,<br><br>Defendants. | Case No.: 3:17-cv-01118-BEN-BLM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO FILE UNDER SEAL**<br><br>[ECF Nos. 189, 198, 201, 203, 206, 213, 218, 221, 224, 226, 234, 237, 240, 243, 245, 249, 253.] |

Before the Court is Plaintiff Whitewater West Industries, Ltd. ("Whitewater") and Defendants Pacific Surf Designs, Inc. ("PSD") and Flow Services, Inc. ("Flow Services") numerous Motions to Seal. Specifically, there are seventeen Motions seeking to seal well over 1,000 pages of the public record. The Court addresses all the Motions to Seal in this Order.

## I. The Right of Access to Judicial Records

In *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978), the Supreme Court recognized "a general right to inspect and copy public records and documents, including judicial records and documents." *Id.* at 597. The main reason for this general right is to

1

accommodate "the citizen's desire to keep a watchful eye on the workings of . . . government." *Id.* at 598. However, the Supreme Court also stated that "the right to inspect and copy judicial records is not absolute." *Id.* at 589. "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes," such as "to gratify private spite or promote public scandal," or to serve as a source of "business information that might harm a litigant's competitive standing." *Id.* (internal citations omitted).

Except for certain documents "traditionally kept secret," federal courts begin a sealing analysis with "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. *Id.; Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (applying compelling reasons standard to dispositive motions); *DISH Network, L.L.C. v. Sonicview USA, Inc.*, No. 09-cv-1553-L, 2009 WL 2579052, at *1 (S.D. Cal. Aug. 20, 2009) (treating motion for preliminary injunction as dispositive for sealing analysis because the motion directly addresses the merits and seeks injunctive relief before trial). That is, the party must "articulate [] compelling reasons supported by specific factual findings," *Foltz*, 331 F.3d at 1135, that outweigh the general history of access and the public policies favoring disclosure, such as the "public interest in understanding the judicial process," *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995).

"The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. A party must satisfy the compelling reasons standard even if the motion, or its attachments, were previously filed under seal or protective order. *Foltz*, 331 F.3d at 1136 ("[T]he presumption of access is not rebutted where . . . documents subject to a protective order are filed under seal as attachments to a dispositive motion."). And "[s]imply mentioning a general category of privilege, without

2

3:17-cv-01118-BEN-BLM

further elaboration or any specific linkage with the documents, does not satisfy the burden." *Kamakana*, 447 F.3d at 1184. A party's failure to meet the burden of articulating specific facts showing a "compelling reason" means that the "default posture of public access prevails." *Id.* at 1182.

In turn, the court must "conscientiously balance [] the competing interests" of the public and the party who seeks to keep certain judicial records secret. *Foltz*, 331 F.3d at 1135. After considering these interests, if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad*, 49 F.3d at 1434 (citing *Valley Broadcasting Co. v. U.S. Dist. Ct.*, 798 F.2d 1289, 1295 (9th Cir.1986)).

In ruling on motions to seal in Related Case No. 15-cv-1879, this Court has recognized that "compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might . . . become a vehicle for improper purposes, such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179. A "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." Restatement of Torts § 757 cmt. b.

Similarly, other "sources of business information that might harm a litigant's competitive standing" may also constitute a compelling reason to seal, *see Nixon*, 435 U.S. at 598, as a company's confidential profit, cost, and pricing information if publicly disclosed could put the company at a competitive disadvantage, *see Apple, Inc. v. Samsung Elec. Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) ("[I]t seems clear that if Apple's and Samsung's suppliers have access to their profit, cost, and margin data, it could give the suppliers an advantage in contract negotiations, which they could use to extract price increases for components.").

///

///

3

## II. Discussion

The Court has previously expressed to the parties how seriously it takes the public right of access to judicial records. A party seeking to seal documents must satisfy the compelling reasons standard. In its August 3, 2017 Order (Doc. No. 40), the Court admonished the parties that going forward, if a motion to seal is denied, the document will immediately be publicly filed on CM/ECF. The fact that the Court has sealed a document once does not mean that the Court will seal the document again, particularly at trial. Moreover, the fact that both sides agree to seal or that the documents are designated confidential under a protective order is insufficient cause for sealing.

### A. Plaintiffs' Motions to Seal

Plaintiff Whitewater has filed eight Motions to Seal. The Motions are unopposed, and Plaintiff asserts that all documents sought to be sealed in each Motion have been designated as "CONFIDENTIAL—FOR COUNSEL ONLY" pursuant to the Protective Order entered by the Court on December 18, 2015, in the related FSL Action.[1] The Court will review each motion in turn.

1. Motion to File Under Seal, 11/2/18 – (Doc. No. 198.)

   ***Exhibit 1 and Portions of its Daubert Motion to Strike or Exclude the Report and Testimony of James T. Carmichael*** (Doc. No. 199.)

Plaintiff seeks to file under seal portions of its *Daubert* Motion to Strike or Exclude the Report and Testimony of James T. Carmichael and Exhibit 1 to the Declaration for Roger L. Scott in support of the Motion.[2] The Court finds that Plaintiff has not narrowly tailored its request to seal to only those portions of Exhibit 1 that contain business, financial and technical information that would place the designating party at a competitive

---

[1] On December 18, 2015, the Court entered the Protective Order stipulated by the parties in *Flowrider Surf, Ltd., et al v. Pacific Surf Designs, Inc.*, No. 3:15-cv-01879-BEN-BLM (the "FSL Action"). (FSL Action, Doc. Nos. 23, 24.)

[2] Plaintiff simultaneously filed a redacted version of the *Daubert* Motion with the motion to seal. (Doc. No. 197.)

4

disadvantage. In this case, Plaintiff seeks to entirely seal the expert report of James T. Carmichael, Ph.D. This Court has previously denied requests to entirely seal expert reports finding the practice to be excessive and against public policy. The Court finds Plaintiff's Motion does not provide sufficient justification to seal Exhibit 1 in its entirety.

Therefore, the Court **DENIES** Plaintiff's Motion to Seal.

    2.    <u>Motion to File Under Seal, 11/2/18 – (Doc. No. 201.)</u>

*Exhibits 1, 15, 16, 19 and 21 in Support of its Motion for Summary Judgment* (Doc. No. 202.)

Plaintiff seeks to file under seal portions of its Motion for Summary Judgment and Exhibits 1, 15, 16, 19 and 21 to the Declaration of Roger L. Scott. The Court finds that the Motion and Exhibits 1 and 15 include sensitive information regarding PSD's finances, customers and/or products which Plaintiff has narrowly tailored its request to seal to only those portions of the Motion and Exhibits 1 and 15 that, if disclosed, would place Plaintiff at a competitive disadvantage.

The Court is not persuaded the information contained in Exhibits 16, 19, and 21 warrants sealing. As to Exhibits 16 and 19, the Plaintiff seeks to entirely seal the expert reports of Edward Pribonic. As discussed *supra*, such requests are deemed excessive and denied as Exhibits 16 and 19 are here. Moreover, Exhibit 21 seeks to seal excerpts of James T. Carmichael's October 11, 2018 deposition transcript. The Court does not find the information contained in Exhibit 21 relates to PSD's Customers, Products or Finances in order to justify it being sealed. Thus, the Court denies Plaintiff's request to seal Exhibit 21 as well.

Therefore, the Court **GRANTS** Plaintiff's Motion to Seal in part and **ORDERS** the Motion and Exhibits 1 and 15 filed under seal. The Court **DENIES** Plaintiffs Motion to Seal Exhibits 16, 19 and 21.

///

///

///

3. Motion to File Under Seal, 11/26/18 – (Doc. No. 213.)

***Exhibits 1, 2, 6 and 7 and Portions of its Opposition to Defendant's DAUBERT and IN LIMINE Motion to Exclude Expert Testimony and Evidence*** (Doc. No. 214.)

Plaintiff seeks to file under seal portions of its Opposition to Defendant's *Daubert* and *In Limine* Motion to Exclude Expert Testimony, Evidence and Exhibits 1, 2, 6 and 7 to the Declaration of Roger L. Scott. The Court finds Plaintiff narrowly tailored the request to seal to only those portions of the Opposition and Exhibits 1 and 2 that, if disclosed, would place the designating party at a competitive disadvantage. In this case, the Opposition includes direct quotations from the confidential deposition transcripts of Dr. Glen Stevick ("Stevick") and Dr. Robert L. Vigil ("Vigil").

Plaintiffs have not persuaded the Court Exhibit 7 warrants sealing. Plaintiff seeks to entirely seal Vigil's expert report. Unnecessarily sealing expert reports in their entirety is excessive and is hereby denied.

Therefore, the Court **GRANTS** Plaintiff's Motion to Seal in part and **ORDERS** portions of the Opposition and Exhibits 1, 2 and 6 filed under seal. The Court **DENIES** Plaintiffs Motion to Seal Exhibit 7.

4. Motion to File Under Seal, 12/3/18 – (Doc. No. 234.)

***Exhibits 23, 24 and 25 in Support of its Reply in Support of Motion for Summary Judgment*** (Doc. No. 235.)

Plaintiff seeks to file under seal certain portions of its Reply in Support of Motion for Summary Judgment and Exhibits 23, 24 and 25. The Court finds that Plaintiff has narrowly tailored its request to only those portions of the Reply containing direct quotations from the confidential deposition transcripts of Richard Alleshouse ("Alleshouse") and Yong Yeh ("Yeh") which the Court concurs would place the Plaintiff at a competitive disadvantage if disclosed.

Therefore, the Court **GRANTS** Plaintiff's Motion to Seal and **ORDERS** portions of the Reply and Exhibits 23, 24, and 25 filed under seal.

5. <u>Motion to File Under Seal, 12/3/18 – (Doc. No. 237.)</u>

***Exhibit 1 in Support of its Reply in Support of IN LIMINE Motion No. 2 to Exclude Argument, Testimony, and Evidence regarding Prior Lawsuits involving the '589 Patent*** (Doc. No. 238.)

Plaintiff seeks to file under seal certain portions of its Reply in Support of Motion *In Limine* No. 2 to Exclude Argument, Testimony, and Evidence Regarding Prior Lawsuits Involving the '589 Patent and Exhibit 1 to the Declaration of Roger L. Scott. The Court finds that Plaintiff has narrowly tailored its request to seal to the Reply to direct quotations from the confidential deposition transcripts of Alleshouse.

Therefore, the Court **GRANTS** Plaintiff's Motion to Seal and **ORDERS** portions of its Reply and Exhibit 1 filed under seal.

6. <u>Motion to File Under Seal, 12/3/18 – (Doc. No. 240.)</u>

***Opposition Exhibits 1 and 2 in Support of its Reply in Support of Motion IN LIMINE No. 4 to Exclude Any Argument, Testimony, or Evidence regarding the Arbitration Between Plaintiff and Wave Loch, LLC.*** (Doc. No. 241.)

Plaintiff seeks to file under seal certain portions of its Reply in Support of Motion *In Limine* No. 4 to Exclude Argument, Testimony, and Evidence Regarding the Arbitration Between Plaintiff and Wave Loch, LLC and Exhibits 1 and 2. The Court finds that Plaintiff has narrowly tailored its request to only those portions of its Reply that contain information that, if disclosed, would place it at a competitive disadvantage.

The Court declines to seal the entire expert reports of James T. Carmichael and Lewis contained in Exhibits 1 and 2. Entirely sealing expert reports is excessive and is hereby denied.

Therefore, the Court **GRANTS** Plaintiff's Motion to Seal in part and **ORDERS** portions of the Reply filed under seal. Plaintiff's request to Seal Exhibits 1 and 2 is **DENIED**.

///

7

3:17-cv-01118-BEN-BLM

7. <u>Motion to File Under Seal, 12/3/18 – (Doc. No. 243.)</u>

***Portions of its Reply in Support of its DAUBERT Motion to Exclude the Report and Testimony of James T. Carmichael*** (Doc. No. 244.)

Plaintiff seeks to file under seal certain portions of its Reply in Support of Daubert Motion to Exclude the Report and Testimony of James T. Carmichael. The Court finds that Plaintiff has narrowly tailored its request to only those portions of the Reply containing sensitive information regarding PSD's finances, customers and/or products, which disclosure of this information would place it at a competitive disadvantage.

Therefore, the Court **GRANTS** Plaintiff's Motion to Seal and **ORDERS** the portions of the Reply filed under seal.

8. <u>Motion to File Under Seal, 12/3/18 – (Doc. No. 249.)</u>

***Exhibits 2 and 3 in Support of its Errata to Evidence Submitted in Support of Motion for Summary Judgment*** (Doc. No. 250.)

Plaintiff seeks to file under seal Exhibits 2 and 3 in support of its Errata to Evidence Submitted in Support of Plaintiff's Motion for Summary Judgment. The Court finds that Plaintiff has narrowly tailored its request to seal to only those portions of Exhibit 2 that contain information that, if disclosed, would place it at a competitive disadvantage.

The Court is not persuaded Exhibit 3 warrants sealing. Exhibit 3 seeks to seal excerpts of James T. Carmichael's October 11, 2018 deposition transcript. The Court fails to find how any of the information contained in Exhibit 3 relates to PSD's Customers, Products or Finances.

Therefore, the Court **GRANTS** Plaintiff's Motion to Seal in part and **ORDERS** Exhibit 2 filed under seal. The Court **DENIES** Plaintiffs Motion to Seal Exhibit 3.

**B. Defendants' Motions to Seal**

Defendants PSD and Flow Services have filed nine Motions to Seal. The Motions are unopposed, and Defendants assert all documents sought to be sealed in each Motion have been designated as "CONFIDENTIAL" or "CONFIDENTIAL—FOR COUNSEL

ONLY" pursuant to the Protective Order in the Related FSL Action. The Court addresses each motion in turn.

1. Motion to File Under Seal, 11/1/18 – (Doc. No. 189.)

   *Exhibits A, B, C, D, E, F, G, H, J, K, M, O, S, T, U, V, W, X and Y to Declaration of Christopher M. Franich in Support of their Motion for Summary Judgment* (Doc. No. 190.)

Defendants seek to file under seal Exhibits A, B, C, D, E, F, G, H, J, K, M, O, S, T, U, V, W, X and Y to the Declaration of Christopher M. Franich in support of their Motion for Summary Judgment. The Court finds that Defendants have narrowly tailored the request to seal to only those portions of the Declaration and Exhibits A, C, D, E, F, G, H, J, K, M, O, S, T, U, V, W, X, and Y. The Court finds that PSD would be competitively and economically disadvantaged if this information was publicly disclosed.

Defendants have not persuaded the Court Exhibit B warrants sealing. The Defendants seek to entirely seal Exhibit B containing the expert report of James T. Carmichael which is excessive and is hereby denied.

Therefore, the Court **GRANTS** in part Defendants' Motion to Seal. The Court **ORDERS** portions of the Declaration in Support of its Motion for Summary Judgment and Exhibits A, C, D, E, F, G, H, J, K, M, O, S, T, U, V, W, X, and Y filed under seal. The Court **DENIES** Defendants' request to seal Exhibit B.

2. Motion to File Under Seal, 11/2/18 – (Doc. No. 203.)

   *Exhibits A, B, C, D, E, I and J in Support of Defendants' DAUBERT and IN LIMINE Motion to Exclude Expert Evidence and Testimony* (Doc. No. 208.)

Defendants seek to file under seal Exhibits A, B, C, D, E, I and J. The Court finds the Defendants have narrowly tailored their request to exhibits A, C, E, I and J, which, if disclosed, would place them at a competitive disadvantage.

The Court is not persuaded Exhibits B and D warrant sealing. Exhibits B and D contain the expert reports of Robert L. Vigil, Ph.D., and Glen Stevick, Ph.D. Entirely sealing expert reports is excessive and is hereby denied.

Therefore, the Court **GRANTS** in part Defendants Motion to Seal and **ORDERS** Exhibits A, C, E, I and J filed under seal. The Court **DENIES** Defendants Motion to Seal as to Exhibits B and D.

3. <u>Motion to File Under Seal, 11/2/18 – (Doc. No. 206.)</u>

   ***Exhibits A, B, C, D, E, I and J in Support of Defendants' DAUBERT and IN LIMINE Motion to Exclude Expert Evidence and Testimony*** (Doc. No. 207.)

Defendants seek to file under seal Exhibits A, B, D, G, I and J. The Court finds the Defendants have narrowly tailored their request to only those exhibits A, C, E, I and J, which, if disclosed, would place them at a competitive disadvantage.

The Court is not persuaded Exhibits B and D warrant sealing. Exhibits B and D contain the expert reports of Robert L. Vigil, Ph.D. and Glen Stevick, Ph.D. Entirely sealing expert reports is excessive and is hereby denied.

Therefore, the Court **GRANTS** in part Defendants Motion to Seal and **ORDERS** Exhibits A, C, E, I and J filed under seal. The Court **DENIES** Defendants Motion to Seal as to Exhibits B and D.

4. <u>Motion to File Under Seal, 11/26/18 – (Doc. No. 218.)</u>

   ***Exhibits A, B, D, G, I and J in Support of Defendants' Opposition to Plaintiff's Motion IN LIMINE No. 2 to Exclude any Argument, Testimony, or Evidence*** (Doc. No. 219.)

Defendants seek to file under seal portions of its Opposition to Plaintiff's Motion *In Limine* No. 2 and Exhibits A, B, D, G, I and J. The Court finds that the Defendants have narrowly tailored their request to only those portions of the Opposition and Exhibits B, D, G, I and J containing business, financial and technical information that, if disclosed, would place them at a competitive disadvantage.

1 | The Court is not persuaded Exhibit A warrants sealing. Exhibit A contains the expert report of Robert L. Vigil, Ph.D. Entirely sealing expert reports is excessive and is hereby denied.

Therefore, the Court **GRANTS** in part Defendants' Motion to Seal. The Court **ORDERS** portions of the Opposition and Exhibits B, D, G, I and J be filed under seal. The Court **DENIES** Defendants Motion to Seal as to Exhibit A.

    5.    <u>Motion to File Under Seal, 11/26/18 – (Doc. No. 221.)</u>

***Exhibits A, B, C, E, F, G and I in Support of Defendants' Opposition to Plaintiff's Motion IN LIMINE No. 4 to Exclude any Argument, Testimony, or Evidence regarding the Arbitration between Plaintiff and Wave Loch, LLC*** (Doc. No. 222.)

Defendants seek to file under seal portions of their Opposition to Plaintiff's Motion *In Limine* No. 4 and Exhibits A, B, C, E, F, G and I in support of their Opposition. The Court finds that the Defendants have narrowly tailored the request to only those portions of their Opposition and Exhibits A, B, C, F, G and I that contain business, financial and technical information that, if disclosed, would place them at a competitive disadvantage.

The Court is not persuaded that the information contained in Exhibit E warrants sealing. Exhibit E seeks to seal entirely the expert report of Robert L. Vigil, Ph.D. This Court has repeatedly denied sealing entirely expert reports as excessive and does the same here as to Exhibit E.

Therefore, the Court **GRANTS** in part Defendant's Motion to Seal. The Court **ORDERS** portions the Opposition and Exhibits A, B, C, F, G and I be filed under seal. The Court **DENIES** Defendants Motion to Seal as to Exhibit E.

///
///
///
///
///

6. <u>Motion to File Under Seal, 11/26/18 – (Doc. No. 224.)</u>

***Exhibits A and B in Support of Defendant's Opposition to Plaintiff's Motion IN LIMINE No. 3 to Exclude any Argument, Testimony, or Evidence regarding U.S. Patent No. 8,088,016*** (Doc. No. 225.)

Defendants seek to file under seal certain portions of its Opposition to Plaintiff's Motion *In Limine* No. 3 and Exhibits A and B. The Court finds that Defendant has narrowly tailored its request to only those portions of its Opposition that contains information that, if disclosed, would place the designating party at a competitive disadvantage. Upon review, the Court concurs that disclosure of this information would place them at a competitive disadvantage. However, the Court declines to seal the entire expert reports of Vigil and Stevick contained in Exhibits A and B.

Therefore, the Court **GRANTS** Defendants' Motion to Seal in part and **ORDERS** portions of its Opposition filed under seal. Defendant's request to Seal Exhibits A and B is **DENIED**.

7. <u>Motion to File Under Seal, 11/26/18 – (Doc. No. 226.)</u>

***Defendants' Opposition to Plaintiff's Motion for Summary Judgment; Exhibit A to the Declaration of Edward M. Pribonic; and Exhibits A, B, D, E, F, H, I, J, L and M to the Declaration of Charanjit Brahma*** (Doc. No. 227.)

Defendants seek to file under seal its Opposition to Plaintiff's Motion for Summary Judgment, Exhibit A to the Declaration of Edward M. Pribonic; and Exhibits A, B, D, E, F, H, I, J, L and M. The Court finds that the Defendants have narrowly tailored their request to only those portions of the Opposition, Exhibit A to the Declaration of Edward M. Pribonic and Exhibits B, D, E, F, H, I, J, L and M to the Declaration of Charanjit Brahma that contain business, financial and technical information that, if disclosed, would place them at a competitive disadvantage if disclosed. However, the Court declines to seal the entire expert report of Glen Stevick Ph.D. contained in Exhibit A.

1 | Therefore, the Court **GRANTS** in part Defendants' Motion to Seal. The Court **ORDERS** portions of Defendants Opposition and Exhibits A to the Declaration of Edward M. Pribonic and Exhibits B, D, E, F, H, I, J, L, and M filed under seal. Defendants request to seal Exhibit A is **DENIED**. Additionally, the Court advises the Defendant that future requests to seal outside of those motions covered by this Order shall be summarily *DENIED* unless they include a brief description of each exhibit sought to be sealed.

8. <u>Motion to File Under Seal, 12/3/18 – (Doc. No. 245.)</u>

   ***Exhibits C, D, E, and F Under Seal in Support of Defendants' Reply Memorandum of Points and Authorities in Support of Defendants' DAUBERT and IN LIMINE Motion to Exclude Expert Testimony and Evidence*** (Doc. No. 246.)

Defendants seek to file under seal portions of their Reply Memorandum of Points and Authorities in Support of Defendants' Daubert Motion and Motion In Limine and Exhibits C, D, E and F. The Court finds that the Defendants have narrowly tailored their request to only those portions of their Reply and Exhibits D, E and F that contain business, financial and technical information that, if disclosed, would place them at a competitive disadvantage.

The Court is not persuaded that the information contained in Exhibit C warrants sealing. Exhibit C seeks to seal entirely the Supplemental expert report of Glen Stevick Ph.D. This Court has repeatedly denied sealing entirely expert reports as excessive and does the same here as to Exhibit C.

Therefore, the Court **GRANTS** in part Defendants' Motion to Seal. The Court **ORDERS** portions the Reply and Exhibits D, E and F be filed under seal. The Court **DENIES** Defendants Motion to Seal as to Exhibit C.

///
///
///
///

13

9. Motion to File Under Seal, 3/26/18 – (Doc. No. 253.)

***Defendants' Memorandum of Contentions of Fact and Law and Defendants' Trial Exhibit List*** (Doc. No. 255.)

Defendants seek to file under seal, pursuant to § 2(f) of the Southern District of California Electronic Case Filing Administrative Policies and Procedures and the parties' stipulated Protective Order, an Order filing under seal their Memorandum of Contentions of Fact and Law and Trial Exhibit List.

Therefore, the Court **GRANTS** Defendants' Motion to Seal. The Court **ORDERS** the Memorandum of Contentions of Fact and Law and Trial Exhibit List be filed under seal.

### III. Conclusion

In sum, the Court finds that most of the parties' various Motions to Seal are narrowly tailored such that they do not impede upon the public's ability to understand the nature of the proceedings and the factual basis for the parties' claims. As such and considering the compelling reasons justifying sealing, the Court **GRANTS** the Motions to Seal as described above and as identified by the **following table** in its entirety. Furthermore, any and all documents the Court declined to seal shall be filed in the public record accordingly.

| Doc. No. | Movant | Document(s) to be Sealed |
|---|---|---|
| 189 | PSD/Flow Services | Documents lodged at *Docket Number 190* as Defendant's Motion to Seal Exhibits A, C, E, I and J. |
| 198 | Whitewater | N/A |
| 201 | Whitewater | Documents lodged at *Docket Number 202* as Plaintiffs' Motion to Seal Exhibits 1 and 15 in Support of its Motion for Summary Judgment. |
| 203 | PSD/Flow Services | Documents lodged at *Docket Number 208* as Defendants' Motion to File Exhibits A, C, E, I and J in Support of Defendants' *DAUBERT* and *IN LIMINE* Motion to Exclude Expert Evidence and Testimony. |
| 206 | PSD/Flow Services | Documents lodged at *Docket Number 207* as Defendants' Motion to File Exhibits A, C, E, I and J in Support of Defendants' *DAUBERT* and *IN LIMINE* Motion to Exclude Expert Evidence and Testimony. |

| | | | |
|---|---|---|---|
| 213 | Whitewater | Documents lodged at *Docket Number 208* as Plaintiffs' Motion to Seal Exhibits 1, 2 and 6 and Portions of its Opposition to Defendants' *DAUBERT* Motion *IN LIMINE* to Exclude Expert Testimony and Evidence. | |
| 218 | PSD/Flow Services | Documents lodged at *Docket Number 219* as Defendants' Motion to File Exhibits B, D, G, I and J in Support of Defendants' *DAUBERT* and *IN LIMINE* Motion to Exclude Expert Evidence and Testimony. | |
| 221 | PSD/Flow Services | Documents lodged at *Docket Number 222* as Defendants' Motion to File Exhibits A, B, C, F, G and I in Support of Defendants' Opposition to Plaintiff's Motion *IN LIMINE* No. 4 to Exclude any Argument, Testimony, or Evidence regarding the Arbitration between Plaintiff and Wave Loch, LLC. | |
| 224 | PSD/Flow Services | N/A | |
| 226 | PSD/Flow Services | Documents lodged at *Docket Number 227* as Defendants' Opposition to Plaintiff's Motion for Summary Judgment; Exhibit A to the Declaration of Edward M. Pribonic and Exhibits B, D, E, F, H, I, J, L, and M to the Declaration of Charanjit Brahma. | |
| 234 | Whitewater | Documents lodged at *Docket Number 200* as Plaintiffs' Motion to Seal Exhibits 23, 24 and 25 in Support of its Reply in Support of Motion for Summary Judgment. | |
| 237 | Whitewater | Documents lodged at *Docket Number 238* as Plaintiffs' Motion to Seal Exhibit 1 in Support of its Reply in Support of Motion *IN LIMINE* NO. 2 to Exclude Argument, Testimony, and Evidence regarding prior lawsuits involving the '589 Patent. | |
| 240 | Whitewater | N/A | |
| 243 | Whitewater | Documents lodged at *Docket Number 244* as Plaintiffs' Motion to Seal Portions of its Reply in Support of its *DAUBERT* Motion to Exclude the Report and Testimony of James T. Carmichael. | |
| 245 | PSD/Flow Services | Documents lodged at *Docket Number 246* as Defendants' Motion to File Exhibits D, E, and F in Support of Defendants' Reply Memorandum of Points and Authorities in Support of Defendants' *DAUBERT* and *IN LIMINE* Motion to Exclude Expert Testimony and Evidence. | |

| 249 | Whitewater | Documents lodged at *Docket Number 250* as Plaintiffs' Motion to Seal Exhibits 2 in Support of its Errata to Evidence submitted in Support of Motion for Summary Judgment. |
| 253 | PSD/Flow Services | Documents lodged at *Docket Number 255* as Defendants' Memorandum of Contentions of Fact and Law and Defendants' Trial Exhibit List. |

**IT IS SO ORDERED.**

DATED: 4/11, 2019

Hon. Roger T. Benitez
United States District Court