UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITEWATER WEST INDUSTRIES, LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC SURF DESIGNS, INC. AND FLOW SERVICES, INC.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No.: 17cv1118-BEN (BLM)<br><br>**ORDER REGARDING SANCTIONS** |

Currently before the Court is Plaintiff's April 22, 2019 declaration in support of the attorneys' fees and costs incurred in opposing Defendants' motion to compel [see ECF No. 285 ("Mot.")], Defendants May 6, 2019 opposition to Plaintiff's declaration [see ECF No. 286 ("Oppo.")], and Plaintiff's May 13, 2019 reply [see ECF No. 288]. Having considered the briefing submitted by the parties and having reviewed all of the supporting exhibits, the Court imposes sanctions on Defendants in the amount of **$30,467.00**.

## BACKGROUND

On February 27, 2019, counsel for Defendants, Christopher Franich and Charanjit Brahma, and counsel for Plaintiff, Roger Scott, jointly contacted the Court regarding Defendants'

1

17CV1118-BEN (BLM)

desire to reopen and compel discovery. ECF No. 263. In response, the Court issued a briefing schedule. Id. The parties timely filed their pleadings in accordance with the briefing schedule. See ECF Nos. 266-268.

On April 8, 2019, the Court issued an Order Denying Defendants' Motion to Reopen Discovery and Compel Evidence. ECF No. 270. In the order, the Court addressed Plaintiff's request to recover the costs it incurred opposing Defendants' motion. Id. at 14. The Court found that Defendants' motion was not substantially justified and, accordingly, granted Plaintiff's request for sanctions. Id. at 14-15. The parties were ordered to file the pleadings currently in front of the Court regarding the appropriate amount of sanctions.

## **LEGAL STANDARD**

If a motion to compel discovery is denied, a court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," unless the motion was substantially justified or other circumstances mitigate against awarding expenses. Fed. R. Civ. P. 37(a)(5)(B); see also Brown v. Hain Celestial Grp., Inc., 2013 WL 5800566, at *5 (N.D. Cal. Oct. 28, 2013) ("[t]he party that loses the motion to compel bears the affirmative burden of demonstrating that its position was substantially justified.").

The Ninth Circuit utilizes the "lodestar" method for assessing reasonable attorney's fees. Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013). Under the "lodestar" method, the number of hours reasonably expended is multiplied by a reasonable hourly rate. Id. The fee applicant bears the initial burden of substantiating the number of hours worked and the rate claimed. See id. at 1206; Dang v. Cross, 422 F.3d 800, 814 (9th Cir. 2005). To meet the burden, the fee applicant must produce evidence that the requested rates are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation" and services by paralegals "based on the prevailing market rate in the relevant community." See Gonzalez, 729 F.3d at 1206–07; Sorenson v. Mink, 239 F.3d 1140,

1145 (9th Cir. 2001) (reasonable hourly rates are determined by the "prevailing market rates in the relevant community."). When determining a reasonable hourly rate, "the relevant community is the forum in which the district court sits." Gonzalez, 729 F.3d at 1205 (quoting Prison Legal News v. Schwarzenegger, 608 F.3d 446, 454 (9th Cir. 2010)). A court may rely on rates outside the local forum only where "local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case." Deocampo v. Potts, 2014 WL 788429, at *8 (E.D. Cal. Feb. 25, 2014) (quoting Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997)).

## ANALYSIS

The Court already has determined that Defendants' motion to compel was not substantially justified and, accordingly, granted Plaintiff's request for sanctions Fed. R. Civ. P. 37. ECF No. 270 at 14-15. Plaintiff now "requests reimbursement for $[32,567.00] in attorneys' fees and costs incurred in opposing Defendants' motion to reopen discovery and compel evidence, and in preparing this additional briefing." Mot. at 5; see also Reply at 3 and 6. Specifically, Plaintiff seeks $26,275.00 in fees incurred in connection with opposing Defendant's motion to compel, $62.00 in messenger fees, and $6,230.00 in fees associated with the additional briefing regarding the amount of the sanctions. Id. at 8, 13–14; see also Reply at 3 and 6. Plaintiff claims that such fees and costs are reasonable considering the hours worked and the rates charged. Id. at 15. In support of its request, Plaintiff submitted a declaration from its lead counsel, Mr. Taché. ECF No. 285-1, Declaration of J. Rick Taché In Support of Plaintiff's Additional Briefing Regarding Request For Sanctions Pursuant to Court Order (ECF No. 270) ("Taché Decl."). In his declaration, Mr. Taché provides the background and credentials of the attorneys and the paralegal who worked on the opposition and the supplemental briefing at issue. Id. ¶ ¶ at 4–13. Mr. Taché also attests to the rates billed by the attorneys and the paralegal. Id. Specifically, Plaintiff asserts that it incurred the following fees in connection with opposing Defendants' motion to compel:

3

| Name/Position | Hours | Hourly rate | Total fees |
|---|---|---|---|
| Rick Taché (shareholder) | 6.9 | $750[1] | $5,175.00 |
| Roger Scott (senior counsel) | 27.1 | $525 | $14,227.50 |
| Erikson Squier (senior counsel) | 4.0 | $525 | $2,100.00 |
| Christina L. Trinh (associate) | 13.9 | $325 | $4,517.50 |
| Brenda C. Lin (paralegal) | 1.7 | $150[2] | $255.00 |
| **TOTAL** | | | **$26,275.00** |

Mot. at 8. Plaintiff further alleges that its fees associated with preparing and filing its additional briefing and declaration are as follows:

| Name/Position | Hours | Hourly rate | Total fees |
|---|---|---|---|
| Rick Taché (shareholder) | 0.8 | $750 | $600.00 |
| Roger Scott (senior counsel) | 2.6 | $525 | $1,365.00 |
| Christina L. Trinh (associate) | 7.5 | $325 | $2,437.50 |
| **TOTAL** | | | **$4,402.50** |

Id. at 13-14. Plaintiff argues it incurred an additional $1,827.50 in attorneys' fees preparing its reply to Defendants' opposition for a total of $6,230.00. Reply at 3, 6; see also ECF No. 288-1,

---

[1] "For purposes of this motion, Mr. Taché's hourly rate has been reduced from $775 to $750 to reflect the Court's prior determinations regarding the reasonable rate for his time." Mot. at 8 n.2. (citing Flowrider Action ECF No. 217 at 8:6-9).

[2] "For purposes of this motion, Ms. Lin's hourly rate has been reduced from $250 to $150 to reflect the Court's prior determination regarding the reasonable rate for paralegal time." Mot. at 8 n.3. (citing Flowrider Action ECF No. 217 at 8:6-9).

Declaration of Roger L. Scott In Support of Plaintiff's Reply in Support of Additional Briefing Regarding Request for Sanctions Pursuant to Court Order (ECF No. 270) ("Scott Decl.") at ¶ ¶ 6-7.

Defendants contend that Plaintiff's request for $30,739.50 is excessive and ask that if the Court finds Plaintiff's briefing provides a sufficient basis upon which to award fees, that the Court reduce Plaintiff's requested amount of fees to a reasonable level. Oppo. at 2. Plaintiff replies that it should be awarded $32,567.00 in fees without reduction. Reply at 6.

In determining reasonable attorney's fees, the Ninth Circuit utilizes the "lodestar" method. Gonzalez, 729 F.3d at 1202. Pursuant to this method, the Court is required to calculate the number of hours reasonably spent on the matter multiplied by a reasonable hourly rate. Id.

**(1)   Reasonable Hourly Rate**

Plaintiff is represented by Buchalter, "a full-service business law firm that has been teaming with clients for eight decades, providing legal counsel at all stages of their growth and evolution, and helping them meet the many legal challenges and decisions they face." https://www.buchalter.com/about-buchalter/. Plaintiff argues that its counsels' and paralegal's billing rates are reasonable and in line with the prevailing market rate in the Southern District of California. Mot. at 12. In support, Plaintiff notes that "[t]his Court previously determined the hourly attorney and paralegal rates applicable to Whitewater's counsel in this action." Id. at 12-13 (citing Flowrider Action, ECF No. 217 at 8 ("In light of the hourly attorney and paralegal rates found reasonable in similar cases in the Southern District of California, the Court will apply the following hourly billing rates: $750 for Mr. Taché's services, $550 for Mr. Scott's services, $350 for Ms. Costantini's services, and $150 for Ms. Kovasc's services.")). Plaintiff has discounted some of its counsel's rates for purposes of this motion in accordance with the Court's prior determination in Flowrider to "avoid any dispute regarding the reasonableness of rates." Id. at 13; see also Taché Decl. at ¶ ¶ 7, 9, 11, and 15-16. Defendants do not object to Plaintiff's stated billing rates. Oppo. at 4.

Mr. Taché is a shareholder in Buchalter's Orange County office and co-chair of the

Intellectual Property Group with more than thirty years of experience and many professional accolades. Taché Decl. at ¶ 4. Messrs. Scott and Squier are senior counsel with over twelve and eight years of experience respectively, and Ms. Trinh is an associate with more than four years of experience. Id. at ¶ ¶ 6-10. Ms. Lin is a litigation paralegal with more than thirteen years of experience. Id. at ¶ 12. In light of the hourly attorney and paralegal rates found reasonable in similar cases in the Sothern Distinct of California, the Court's previous ruling in the related Flowrider matter, and Defendants' lack of objection to the proposed billing rates, the Court finds Plaintiff's listed billing rates of $750 for Mr. Taché's services, $525 for Mr. Scott's services, $525 for Mr. Squier's services, $325 for Ms. Trinh's services, and $150 for Ms. Lin's services to be reasonable. See Flowrider Docket at ECF No. 217 at 8.[3]

**(2) Reasonable Number of Hours**

    **a. Preparation and Filing Opposition Brief**

Plaintiff argues that it incurred fees because it had to "determine the best course of action in opposing the motion, and then research and draft an opposition." Mot. at 6. This required

> considerable time investigating Whitewater's foreign patent filings in the United Kingdom and Germany to address Defendants' vague allegations of withholding;

---

[3] See also Zest IP Holdings, LLC v. Implant Direct Mfg., LLC, 2014 WL 6851612, at *6 (S.D. Cal. Dec. 3, 2014) (finding reasonable the following average hourly rates charged by attorneys in a patent and trademark infringement action: partner ($775), associate ($543)); see also LG Corporation v. Huang Xiaowen, 2017 WL 3877741, at *3 (S.D. Cal., Sept. 5, 2017) (finding lead counsel's billing rate of $783.00 to be reasonable "because it falls within the range of rates charged by intellectual property partners of similar experience (which is $331–$870)) (citing AIPLA 2015 Report of the Economic Survey I-25)); In re Maxwell Technologies, Inc., Derivative Litigation, 2015 WL 12791166, at *5 (S.D. Cal. Jul. 13, 2015) ("paralegal rates approved in this district have generally ranged from $125 to $175, although they have been approved as high as $290"); see also "2016 Real Rate Report: Lawyers Rates, Trends, and Analysis," a CEB and Wolters Kluwer publication (listing the following median billing rates for intellectual property attorneys for San Diego in 2015: partner ($585.04–$727.50), associate ($413.80)); Hicks v. Toys "R" Us-Delaware, Inc., 2014 WL 4670896, at *1 (C.D. Cal. Sept. 2, 2014) (finding the "*2013 Real Rate Report Snapshot* (*Real Rate Report*), a CEB and TyMetrix publication . . . a much better reflection of true market rates than self-reported rates.") (citation omitted).

> analyzing license agreements relating to the '589 Patent and foreign counterparts; analyzing discovery responses, expert reports, deposition transcripts, and discovery correspondence relating to the expiration and reinstatement of the '589 Patent and foreign discovery; creating a discovery timeline to demonstrate Defendants' lack of diligence; and, researching relevant case law and statutes.

Id. at 6-7. The opposition to Defendants' motion was twenty-five pages and in addition to the factual history of the dispute, Plaintiff had to address the six-factor test for reopening discovery. Id. at 7.

Defendants contend that Plaintiff "should not recover fees for activities relating to its further investigation into the facts surrounding the foreign patent revivals" given that Plaintiff possessed most of this information before Defendants' motion was filed and that the other information Plaintiff investigated was "well outside the limited scope of Defendants' injury or subsumed within the meet and confer process." Id. at 2-4. Defendants note that Plaintiff's time spent creating a timeline of Defendants' lack of diligence was excessive as it was laid out in a single email thread during the meet and confer process. Id. 3-4.

Plaintiff replies that it had to investigate the foreign patent revivals because the foreign filings were handled by foreign counsel, not Mr. Taché or Mr. Squier who only occasionally provided foreign counsel with background information. Reply at 4. In addition, Plaintiff had to review license agreements for the foreign patents which had not previously been at issue. Id. Finally, Plaintiff replies that it was required to spend time creating a timeline of Defendants' lack of diligence from before January 2019 when Defendants learned that Plaintiff's foreign patents were "slipping." Id. at 4-5.

Mr. Taché billed 6.9 hours in connection with Plaintiff's opposition brief "reviewing and analyzing Defendants' motion to reopen discovery and compel evidence and supervising the associates who were primarily involved in drafting Whitewater's opposition to ensure that the work-product was consistent with the client's goals in this case." Mot. at 8-9; see also Taché Decl. at ¶ 5. Mr. Scott billed 27.1 hours

> (i) reviewing and analyzing documents provided by Defendants relating to the foreign patents; (ii) reviewing and analyzing Defendants' motion to reopen

discovery and compel evidence; (iii) researching relevant case law and statutes; (iv) reviewing discovery correspondence between Whitewater and Defendants relating to the expiration and reinstatement of the '589 Patent; (v) drafting the opposition brief and supporting declaration; and, (vi) overseeing the filing of the Opposition and supporting declaration.

Id. at 9-10; see also Taché Decl. at ¶ 7.  Mr. Squier billed 4.0 hours "analyzing documents provided by Defendants regarding the foreign patents; and reviewing and analyzing documents, discovery responses, and deposition testimony regarding Whitewater's patent maintenance practices[,]" Ms. Trinh billed 13.9 hours "reviewing and analyzing documents, discovery requests, discovery correspondence, and expert reports relating to the expiration and reinstatement of the '589 Patent and foreign discovery; researching relevant case law and statutes; revising the opposition brief and, preparing declarations and exhibits in support of the opposition brief[,]" and Ms. Lin, the paralegal, billed 1.7 hours

reviewing the document production history in support of the opposition; gathering, organizing, and preparing exhibits in support of Whitewater's opposition; electronically filing the opposition and exhibits through the CM/ECF system; and, coordinating delivery of mandatory chambers copies for the court per local rules and the Court's standing order.

Mot. at 10-12; see also Taché Decl. at ¶ ¶ 9-10 and 13.

Having reviewed the discovery dispute pleadings, the Court concludes that the work performed and hours expended by Mr. Scott, Ms. Trinh, Ms. Lin, and Mr. Taché were reasonable and necessary to respond to Defendants' motion.  On the other hand, the work performed by Mr. Squier appears to duplicate the work performed by the other attorneys.  Additionally, Plaintiff's lawyers do not explain why Mr. Squier needed to assist with this motion.  Accordingly, the Court excludes Mr. Squier's four hours and reduces the award by $2,100.00.  Defendants are **ORDERED** to pay **$24,175.00** for fees incurred by Plaintiff in opposing Defendants' motion to compel.

### b. Messenger Fees

Plaintiff seeks to recover $62.00 in messenger fees for delivering courtesy copies of its opposition to the Court.  Taché Decl. at ¶ 17 and Exh. 1; see also Mot. at 13-14.  Section 2(e)

of the Electronic Case Filing Administrative Policies and Procedures Manual for the Southern District of California requires parties to deliver or mail a courtesy copy of any filing exceeding twenty pages in length to chambers within twenty-four hours after filing. The Court's Chambers' Rules contain the same requirement. Plaintiff's opposition to Defendants' motion to compel and attachments far exceeded twenty pages [see ECF No. 267], and thus Plaintiff was required to deliver a courtesy copy to chambers.

Messenger service fees are compensable in a fee award. See Harris v. Marhoefer, 24 F.3d 16, 19–20 (9th Cir. 1994) (finding that messenger fees may be recovered); Matlink, Inc., 2008 WL 8504767, at *7 (same). Accordingly, the Court **GRANTS** Plaintiffs' request for the messenger fees in the amount of $62.00.

### c. Additional Briefing

Plaintiff seeks to recover its fees of $4,402.50 incurred in drafting the instant briefing and the supporting declaration. Mot. at 14-15. Plaintiff claims that Mr. Taché spent 0.8 hours, Mr. Scott 2.6 hours, and Ms. Trinh 7.5 hours "(i) analyzing the Court's Order denying Defendants' motion to reopen discovery and compel evidence, and authorizing sanctions; (ii) researching and drafting additional briefing for sanctions; and, (iii) reviewing and summarizing billing records." Taché Decl. at ¶ 18; see also Mot. at 14.

Defendants contend that Plaintiff's fee request for preparing its supplemental briefing is unreasonable given that the briefing raises issues that are nearly identical to Plaintiff's previous briefing in the Flowrider action and Plaintiff "had the benefit of the Court's previous decision with regard to the reasonableness of rates and fees." Id. at 4.

Plaintiff replies that it is requesting an additional $1,827.50 in fees for the time spent preparing its reply to Defendants' opposition because Plaintiff "was forced to expend additional attorney's fees responding to Defendants' opposition which cited no legal authority and made only generalized, unsupported objections to Whitewater's fee request." Reply at 6. Mr. Scott billed 1.5 hours "reviewing and analyzing Defendants' Opposition to Whitewater's Additional Briefing, researching relevant case law and statutes, revising the Reply brief and supporting

declaration, and overseeing the filing of the Reply and supporting declaration" and Ms. Trinh billed 3.2 hours "reviewing and analyzing Defendants' Opposition to Whitewater's Additional Briefing Regarding Request for Sanctions, researching relevant case law and statutes, and drafting the Reply brief and supporting declaration." Scott Decl. at ¶ ¶ 4-5.

An attorney's fee award generally includes the time spent preparing and litigating a motion to obtain a fee award. Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 981 (9th Cir. 2008); Shaw v. Credit Collection Serv., 2009 WL 4981620, at *1 (S.D. Cal. Dec. 14, 2009) ("[a]s a general rule, the time attorneys spend seeking fees is compensable, and can be incorporated into a final attorneys' fees award."). Here, the Court finds that the hours billed by Messrs. Taché and Scott and Ms. Trinh preparing the instant briefing are reasonable. Defendants are **ORDERED** to pay **$6,230.00** for fees incurred by Plaintiff for preparing and filing the additional briefing and declaration for the sanctions award.

### d. Conclusion

The Court calculates the final lodestar amount as follows:

| Name/Position | Hours | Hourly rate | Total fees |
|---|---|---|---|
| J. Rick Taché (shareholder) | 7.7 | $750 | $5,775.00 |
| Roger L. Scott (senior counsel) | 31.2 | $525 | $16,380.00 |
| Erikson C. Squier (senior counsel) | 0 | $525 | $0.00 |
| Christina L. Trinh (associate) | 24.6 | $325 | $7,995.00 |
| Brenda C. Lin (paralegal) | 1.7 | $150 | $255.00 |
| **TOTAL** | | | **$30,405.00** |

Thus, the Court awards Plaintiff a total of $30,405.00 in attorney's fees. Further, as discussed above, the Court awards Plaintiff $62.00 in messenger fees. Accordingly, the Court sanctions Defendants in the amount of **$30,467.00**.

### SUMMARY AND CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for monetary sanctions.

Defendants are ordered to pay Plaintiff the amount of **$30,467.00** on or before **June 12, 2019**.  Defense counsel is ordered to file a declaration verifying said payment no later than **June 19, 2019**.  Failure to comply with this order may result in the imposition of additional sanctions.

     **IT IS SO ORDERED**.

Dated: 5/22/2019

*Barbara L. Major*
Hon. Barbara L. Major
United States Magistrate Judge