

FILED
DEC 18 2019
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITEWATER WEST INDUSTRIES, LTD., a Canadian corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PACIFIC SURF DESIGNS, INC., a Delaware corporation, and FLOW SERVICES, INC., a California corporation,<br><br>Defendants. | Case No. 3:17-cv-01118-BEN-BLM<br><br>**VERDICT FORM** |

When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

We, the jury, unanimously agree to the answers to the following questions and return this under the instructions of this Court as our verdict in this case.

## **FINDINGS ON INFRINGEMENT CLAIMS**

The questions regarding infringement should be answered regardless of your findings with respect to the validity or invalidity of the patent.

**Question 1:**

For each of the claims of U.S. Patent No. 6,491,589 ("the '589 Patent") listed below, has Plaintiff Whitewater West Industries, Ltd. ("Whitewater") proven that it is more likely than not that every requirement of the listed claims is included in one or more of Defendant Pacific Surf Designs, Inc.'s ("PSD") accused products?

| Claims | Yes (for Whitewater) | No (for PSD) |
|---|---|---|
| Independent Claim 1 | ☐ (Proceed to Dependent Claims 3, 13 & 15) | ☒ (Proceed to Independent Claim 17) |
| Dependent Claim 3 | ☐ | ☐ |
| Dependent Claim 13 | ☐ | ☐ |
| Dependent Claim 15 | ☐ | ☐ |
| Independent Claim 17 | ☐ (Proceed to Independent Claim 24) | ☒ (Proceed to Independent Claim 24) |
| Independent Claim 24 | ☐ (Proceed to Dependent Claims 25, 26, 27, 29, & 30) | ☒ (Proceed to Independent 37) |
| Dependent Claim 25 | ☐ | ☐ |
| Dependent Claim 26 | ☐ | ☐ |

| Claims | Yes (for Whitewater) | No (for PSD) |
|---|---|---|
| Dependent Claim 27 | ☐ | ☐ |
| Dependent Claim 29 | ☐ | ☐ |
| Dependent Claim 30 | ☐ | ☐ |
| Independent Claim 37 | ☐ (Proceed to Independent Claim 42) | ☒ (Proceed to Independent Claim 42) |
| Independent Claim 42 | ☐ (Proceed to Dependent Claim 43) | ☒ (Proceed to Question 2) |
| Dependent Claim 43 | ☐ | ☐ |

**Please proceed to question 2.**

**Question 2:**

For each of the claims of the '589 Patent in which you answered "no" to Question 1, has Whitewater proven that it is more likely than not that one or more of PSD's accused products includes parts that are identical or equivalent to every requirement of the listed claims? In other words, for any requirement that is not literally found in PSD's accused products, do one or more of PSD's accused products have an equivalent part to that requirement?

| Claims | Yes (for Whitewater) | No (for PSD) |
|---|---|---|
| Independent Claim 1 | ☐ (Proceed to Dependent Claims 3, 13 & 15) | ☒ (Proceed to Independent Claim 17) |
| Dependent Claim 3 | ☐ | ☐ |
| Dependent Claim 13 | ☐ | ☐ |
| Dependent Claim 15 | ☐ | ☐ |
| Independent Claim 17 | ☐ (Proceed to Independent Claim 24) | ☒ (Proceed to Independent Claim 24) |
| Independent Claim 24 | ☐ (Proceed to Dependent Claims 25, 26, 27, 29, & 30) | ☒ (Proceed to Independent 37) |

| Claims | Yes (for Whitewater) | No (for PSD) |
|---|---|---|
| Dependent Claim 25 | ☐ | ☐ |
| Dependent Claim 26 | ☐ | ☐ |
| Dependent Claim 27 | ☐ | ☐ |
| Dependent Claim 29 | ☐ | ☐ |
| Dependent Claim 30 | ☐ | ☐ |
| Independent Claim 37 | ☐ (Proceed to Independent Claim 42) | ☒ (Proceed to Independent Claim 42) |
| Independent Claim 42 | ☐ (Proceed to Dependent Claim 43) | ☒ (Proceed to Question 3) |
| Dependent Claim 43 | ☐ | ☐ |

**Please proceed to question 3.**

**Question 3:**

For each of the claims of the '589 Patent listed below, has Whitewater proven that it is more likely than not that PSD intentionally supplied or caused to be supplied components from the United States, which make up all or a substantial portion of the invention claimed, to customers outside of the United States to assemble PSD's sheet wave attractions?

| Claims | Yes (for Whitewater) | No (for PSD) |
|---|---|---|
| Independent Claim 1 | ☐ (Proceed to Dependent Claims 3, 13 & 15) | ☒ (Proceed to Independent Claim 17) |
| Dependent Claim 3 | ☐ | ☐ |
| Dependent Claim 13 | ☐ | ☐ |
| Dependent Claim 15 | ☐ | ☐ |
| Independent Claim 17 | ☐ (Proceed to Independent Claim 24) | ☒ (Proceed to Independent Claim 24) |
| Independent Claim 24 | ☐ (Proceed to Dependent Claims 25, 26, 27, 29, & 30) | ☒ (Proceed to Independent 37) |
| Dependent Claim 25 | ☐ | ☐ |
| Dependent Claim 26 | ☐ | ☐ |
| Dependent Claim 27 | ☐ | ☐ |
| Dependent Claim 29 | ☐ | ☐ |

| Claims | Yes (for Whitewater) | No (for PSD) |
|---|---|---|
| Dependent Claim 30 | ☐ | ☐ |
| Independent Claim 37 | ☐ (Proceed to Independent Claim 42) | ☒ (Proceed to Independent Claim 42) |
| Independent Claim 42 | ☐ (Proceed to Dependent Claim 43) | ☒ (Proceed to Question 4) |
| Dependent Claim 43 | ☐ | ☐ |

**Please proceed to Question 4.**

**Question 4:**

Has Whitewater proven that it is more likely than not that PSD's infringement was willful?

Yes (for Whitewater)  ☐          No (for PSD)  ☒

**Please Proceed to Question 5.**

**Question 5:**

Has Whitewater proven that it is more likely than not that every requirement of Claim 17 of the '589 Patent is included in one or more of Defendant Flow Services, Inc.'s ("FS") accused products?

| Claim | Yes (for Whitewater) | No (for FS) |
|---|---|---|
| Independent Claim 17 | ☐ | ☒ |

**Please proceed to Question 6.**

**Question 6:**

Has Whitewater proven that it is more likely than not that one or more of FS's accused products includes parts that are identical or equivalent to every requirement of Claim 17 of the '589 Patent? In other words, for any requirement that is not literally found in FS's accused products, do one or more of FS's accused products have an equivalent part to that requirement of Claim 17 of the '589 Patent?

| Claim | Yes (for Whitewater) | No (for PSD) |
|---|---|---|
| Independent Claim 17 | ☐ | ☒ |

**Please proceed to Question 7.**

**Question 7:**

Has Whitewater proven that it is more likely than not that FS's infringement was willful?

Yes (for Whitewater)   ☐         No (for FS) ☒

**Please proceed to Question 8.**

## FINDINGS ON INVALIDITY DEFENSES

The questions regarding invalidity should be answered regardless of your findings with respect to infringement.

**Question 8:**

Have PSD and FS proven by clear and convincing evidence that any of the listed claims of the '589 Patent was "anticipated" or, in other words, not new?

Please answer for all asserted claims below:

| Claim | Yes (for PSD & FS) | No (for Whitewater) |
|---|---|---|
| Claim 1 | ☒ | ☐ |
| Claim 3 | ☒ | ☐ |
| Claim 13 | ☒ | ☐ |
| Claim 15 | ☒ | ☐ |
| Claim 17 | ☒ | ☐ |
| Claim 24 | ☒ | ☐ |
| Claim 25 | ☒ | ☐ |
| Claim 26 | ☒ | ☐ |
| Claim 27 | ☒ | ☐ |
| Claim 29 | ☒ | ☐ |
| Claim 30 | ☒ | ☐ |
| Claim 37 | ☒ | ☐ |
| Claim 42 | ☒ | ☐ |
| Claim 43 | ☒ | ☐ |

**Please proceed to Question 9.**

## FINDINGS ON DAMAGES (IF APPLICABLE)

**Question 9:**

If you answered questions 1, 2, or 3 "yes" for one or more claims and answered question 8 "no" for the corresponding claims, you should answer this question. For example, if you answered "yes" to question 1, 2, or 3 as to Claim 1, and answered question 8 "no" for Claim 1, you should answer this question even if you answered "yes" to question 8 for other claims.

Or, if you answered questions 5 or 6 "yes" and answered question 8 "no", you should answer this question.

Against PSD:                $ _____

Against FS:                 $ _____

Total:                      $ _____

**Proceed to Question 10.**

# ADVISORY FINDINGS ON OBVIOUSNESS

**Question 10:**

The ultimate conclusion that must be reached on the obviousness question is whether PSD and FS have proven by clear and convincing evidence that the claimed invention would have been obvious to a person of ordinary skill in the field at the time the patent application was filed. In order to properly reach a conclusion the following preliminary questions must be answered:

a. What was the level of ordinary skill in the field that someone would have had at the time the claimed invention was made? (check the applicable answer)

   \_\_\_\_ a person with at least five years' experience in a job working with design or failure analysis of mechanical structures, particularly structures subjected to fluid stresses or holding a Ph.D. degree in Mechanical Engineering.

   _X_ a person with skill in designing, manufacturing, or refurbishing water ride attractions.

b. The Parties all agree that the Flowrider installations in Hyland Hills Colorado and Guam in 1996, and the Frenzl Patent 3,598,402 are prior art to the '589 patent.

**Continue to the next page**

c. What difference, if any, existed between the claimed invention and the prior art at the time of the claimed invention?

  X There is no difference between scope of invention and what is known in prior art (for PSD and FS)

  ___ The invention contains the following elements which are not present in the prior art (for Whitewater) **(check all that apply)**:

  ___ a flexible tongue (Claims 1, 17, 37, 42)
  ___ at the downstream end with a substantially flat portion at an upstream end (Claim 17)
  ___ substantially covering said nozzle (Claim 1)
  ___ which covers and extends over the top of the sluice or nozzle (Claim 24)
  ___ that is biased or urged downward (Claims 1, 17, 37, 42)
  ___ against the flow of water (Claim 1, 17, 42)
  ___ to squeeze against the flow of water (Claim 37)
  ___ to seal off said sluice gate or nozzle (Claim 37)
  ___ to prevent injury to a rider riding over the nozzle (Claim 1)
  ___ to prevent riders from possibly colliding with or riding over the sluice or nozzle (Claim 24)
  ___ with a ride surface configured to have a shortened horizontal transition surface (Claim 37)

**Continue to the next page**

d. Which of the following factors, if any, has Whitewater established are more likely than not to exist with respect to the claimed invention (check those that apply):

| YES (For Whitewater) | NO (For PSD and FS) | |
|---|---|---|
| ☐ | ☒ | commercial success of a product due to the merits of the claimed invention |
| ☐ | ☒ | a long felt need for the solution that is provided by the claimed invention |
| ☐ | ☒ | copying of the claimed invention by others |
| ☐ | ☒ | acceptance by others of the claimed invention as shown by praise from others in the field or from the licensing of the claimed invention |

**Continue to the next page**

Do you find that PSD and FS have proven by clear and convincing evidence that each listed claim of the '589 Patent would have been obvious to a person of ordinary skill in the field at the time the patent application was filed?

Please answer for all asserted claims below:

| Claim | Yes (for PSD & FS) | No (for Whitewater) |
|---|---|---|
| Claim 1 | ☒ | ☐ |
| Claim 3 | ☒ | ☐ |
| Claim 13 | ☒ | ☐ |
| Claim 15 | ☒ | ☐ |
| Claim 17 | ☒ | ☐ |
| Claim 24 | ☒ | ☐ |
| Claim 25 | ☒ | ☐ |
| Claim 26 | ☒ | ☐ |
| Claim 27 | ☒ | ☐ |
| Claim 29 | ☒ | ☐ |
| Claim 30 | ☒ | ☐ |
| Claim 37 | ☒ | ☐ |
| Claim 42 | ☒ | ☐ |
| Claim 43 | ☒ | ☐ |

**Proceed to Question 11.**

# ADVISORY FINDINGS ON INEQUITABLE CONDUCT

**Question 11:**

Have PSD and FS proven by clear and convincing evidence that Whitewater, or anyone acting on behalf of Whitewater, submitted material misrepresentations to the United States Patent and Trademark Office?

Yes (for PSD & FS)  ☒          No (for Whitewater)  ☐

**Proceed to Question 12.**

**Question 12:**

Have PSD and FS proven by clear and convincing evidence that Whitewater, or anyone acting on behalf of Whitewater, had the specific intent to deceive the United States Patent and Trademark Office?

Yes (for PSD & FS)  ☐          No (for Whitewater)  ☒

**Proceed to the end of the verdict form.**

1  You have now reached the end of the verdict form and should review it to
2  ensure that it accurately reflects your unanimous determinations. The jury
3  foreperson should then sign and date the verdict form in the spaces below and
4  notify the Courtroom Deputy that you have reached a verdict and bring it when the
5  jury is brought back into the courtroom.

7  Dated:   December 18, 2019

9  By: _____
10      Jury Foreperson