UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Whitewater West Industries, LTD,<br><br>          Plaintiff,<br><br>v.<br><br>Pacific Surf Designs, Inc.,<br><br>          Defendant. | Case No.: **17-cv-01118-BEN-BLM**<br><br>**ORDER TAXING COSTS** |

Upon application of Pacific Surf Designs, Inc, a hearing for taxation of costs was held on November 3, 2020. Roger Scott, representing plaintiff, and Joseph Thomas, representing defendant, appeared. Defendant filed a Bill of Costs on 10/13/2020 (Doc. 371) and Plaintiff filed an Objection on 10/29/2020 (Doc. 373). At the hearing, Defendant was notified that further invoices would be needed, which they filed in a supplemental document (Doc. 376) that will hereafter be referenced for itemization and invoice purposes.

## Fees of the Clerk

28 USC § 1920 allows for taxation of any fees of the Clerk. Defendant requested costs for the $206 pro hac vice fee (Itemized on PageID 17609 and Invoiced on PageID 17670). As pro hac vice fees are a one-time fee to allow an attorney to practice in this Court, they are not taxable in a case unless the attorney can demonstrate that they will not

benefit from the payment in other cases. In this instance, Defendant's attorney appeared in another case in this court (related case 20cv1464-BEN-BLM). Thus, costs are denied.

### Service of Process

Costs for service of process are taxable under L.R.54.1.b.1, which also allows that "(c)osts for service of subpoenas are taxable as well as service of summonses and complaints." Defendant requested costs to be taxed for service of process in the amount of $1,337.00 (Itemized on PageIDs 17611 and Invoiced on PageID 17612-17616). In the Opposition, Plaintiff objected to 1) any costs in excess of US Marshal service fees, 2) costs for serving a witness multiple times and 3) costs for witness who were not deposed or identified as a witness in the action (Page IDs 17336-17337). As the Rule does not place such limits on taxable service costs, these objections are denied. Costs for service are granted.

### Trial Transcripts

Costs of fees incident to transcripts are taxable under L.R.54.1.b.2. These costs are not normally allowable unless they are "either requested by the court, or prepared pursuant to stipulation". Defendant requested costs for hearing transcripts for $1559.75 (amended in the Supplemental Document down from $2,518.90 in the original Bill of Costs) (Itemized on PageIDs 17618 and invoiced on PageIDs 17619-17627). In the Bill of Costs, Defendant cited the Rule, stating that they were "entitled to recover '[t]he cost of the original and one (1) copy of a trial transcript, a daily transcript and a transcript of matters prior or subsequent to trial, furnished the court" (PageID 17276). However, Defendant omitted the rest of the subsection, which continues with "is taxable, when either requested by the court, or prepared pursuant to stipulation." At the hearing, Defendant was asked if the conditions of the Rule were met. They responded that they were not. These costs would not be allowed under the Rule.

### Deposition Transcripts

Costs in connection with taking depositions are taxable under L.R.54.1.b.3. which allows for the costs of an original and one copy of a deposition transcript." Defendants requested $23,370.88 in costs be taxed for deposition transcripts (Itemized on PageID 17629 and Invoiced on PageID 17630-17644). Included within the submitted invoices were costs for video deposition services. Per the Rule, "(i)f both video and stenographic depositions are taken, they will both be allowed as costs only if the deposition was used at trial." Defendant informed the Clerk in the hearing that the video depositions were not used at trial. As such, video costs are denied where stenographic costs were also submitted. Defendant's invoices also noted transcript costs for rough drafts (PageIDs 17632, 17638), Realtime services (PageID 17633, 17638) and litigation packages (PageID 17631, 17632, 17633, 17634, 17638, 17644). It is difficult to discern from the itemization whether these costs are requested as Defendant indicates a "Summary Invoice Total" and an "Actual Invoice Total" without further information. Nevertheless, these are not expressly allowed under the Rule and are therefore would not be taxable. All other costs are granted.

In addition, Plaintiff objected to all stenographic transcript costs, arguing that the Court may deny costs for any deposition transcripts used at trial. The Rule requires that "at the time it was taken, it could reasonable be expected that the deposition be used for trial preparation". At the hearing, Defendant affirmed this standard was met, therefore this objection is denied.

## Witness Fees

Witness fees for Depositions are taxable under L.R.54.1.b.3.f, which states that "(f)ees for the witness at the taking of a deposition are taxable at the same rates as for attendance at trial." Witness rates for trial are allowable under L.R.54.1.b.4.a, which permits "per diem, mileage, subsistence and attendance fees as provided in 28 U.S.C. §1821". Defendant requested $2,473.28 in witness costs for Justin Lewis and Edward Pribonic be taxed (Itemized on PageID 17646 and invoiced on PageIDs 176476-17656).

1  Witness costs included expenses from meals, parking, airfare, and hotel stays. Per 28
2  U.S.C. §1821(d)(2), a "subsistence allowance for a witness shall be paid in an amount not
3  to exceed the maximum per diem allowance prescribed by the Administrator of General
4  Services, pursuant to section 5702(a) of title 5, for official travel in the area of attendance
5  by employees of the Federal Government." Therefore, under the Rule, Defendant's
6  witness meals are taxable at the capped rate of $71 per day, and lodging is taxable at the
7  capped rate of $160 per night.

8  28 U.S.C. §1821 allows for parking fees, and common carrier fees based on travel
9  "to and from such witness's residence by the shortest practical route in going to and
10 returning from the place of attendance". Also, the witness shall utilize a common carrier
11 at the most economical rate reasonably available." L.R.54.1.b.4.a.3 echoes this, stating
12 that when the witness comes from outside the district, in order to be taxable,
13 transportation expenses "must be based on the most direct route, and on the most
14 economical rate reasonably available." For the original Bill of Costs, Defendant
15 requested airfare costs for witness Pribonic to fly from Santa Ana to Houston for another
16 proceeding, then to San Diego (PageID 17315). At the hearing, Defendant explained that
17 the only way the witness could be obtained, was to pay for the entire flight. Nevertheless,
18 this cost would not be taxable under the Rule. In the Supplemental Document, Defendant
19 included a document whereby $402.79 is assigned to the 'Houston to San Diego'. Leg of
20 the flight. However, this document does not provide any indication of what type of fare
21 was used or what class the witness flew. Therefore, the Clerk is unable to ascertain if the
22 most economical rate reasonably available was used. Similarly, the "invoice" submitted
23 for the airfare of witness Lewis is a screenshot of a flight receipt that only indicates a
24 "base fare", taxes, and a US passenger facility charge. Because Defendant was unable to
25 provide further information, under the Rule, witness transportation costs are taxable for
26 parking, but not airfare.

27
28                              **Copy Costs**

4

L.R.54.1.b.6.a allows for taxation of costs for copies obtained for use in a case if either "1. Copies were provided either to the court or to opposing counsel either by court order, rule or statute", or "2. Copies were used as court exhibits, either admitted into evidence, or attached to a motion." In addition, under L.R.54.1.b.6.c., "the party seeking recovery must present documentary evidence in the form of affidavits describing the documents copied or converted, to whom they were provided, the number of pages copied or converted, and the cost per page or per hour, and the use of or intended purpose for the items copied or converted… In the absence of a specific showing, recovery must be denied". Defendant requested costs for creation and delivery of courtesy copies and trial exhibits in the amount of $18,878.71 (Itemized on PageID 17658 and Invoiced on PageIDs 17659-17667). Courtesy copies are taxable as they are provided to the Court by local rule, however, delivery fees are not. According to Defendant, the Court required three sets of trial exhibits in the courtroom (PageID 17277). Therefore, copy costs (but not delivery fees) are allowable under the Local Rule. Plaintiff objected to trial exhibit tabs, labels, folders, spines, binders, or redwelds as overhead costs, which would not be taxable (PageID 17245). However, at the hearing, Defendant stated that these items were all part of the exhibit sets required by the Court at trial. Defendant's requested copy costs are taxable minus delivery costs.

Costs are taxed as follows:

| *Description* | *Amount(s) Requested* | *Amount(s) Taxed* |
|---|---|---|
| Fees of the clerk | $206 | $0 |
| Fees for service of summons and subpoenas | $1,337.00 | $1,337.00 |
| Fees for printed or electronically recorded trial transcripts | $1,559.75 | $0 |
| Fees and disbursements for printing | | |
| Fees for witnesses | $2,473.28 | $749.26 |
| Fees for exemplification and copies | $18,878.71 | $18,456.98 |

| | | |
|---|---|---|
| Fees for printed or electronically recorded deposition transcripts | $23,370.88 | $14,226.98 |
| Costs as shown on mandate of Court of Appeals | | |
| Compensation of court-appointed experts | | |
| Compensation/costs of interpreters under 28 U.S.C. 1828 | | |
| Other costs as itemized: | | |
| **TOTAL COSTS TAXED** in favor of Pacific Surf Designs, Inc | $47,825.62 | $34,770.22 |

Counsel's attention is called to Local Rule 54.1.h which provides in part that a motion to re-tax by any party, in accordance with Rule 54(d), FRCivP and Local Rule 7.1, shall be served and filed within seven (7) days after receipt of the Order Taxing Costs, or unless within the seven (7) day period the court permits the motion to be made orally.

Dated: January 7, 2021

                                   John Morrill, Clerk of Court


                                   _s/ S. Tweedle_____
                                   S. Tweedle, Deputy Clerk