JOSEPH E. THOMAS (State Bar No. 101443)
jthomas@twtlaw.com
WILLIAM J. KOLEGRAFF (State Bar No. 183861)
wkolegraff@twtlaw.com
GRANT J. THOMAS (State Bar No, 325011)
gthomas@twtlaw.com
**THOMAS WHITELAW & KOLEGRAFF LLP**
18101 Von Karman Avenue, Suite 230
Irvine, California 92612-7132
Telephone:  (949) 679-6400
Facsimile:   (949) 679-6405

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITEWATER WEST INDUSTRIES, LTD., a Canadian corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PACIFIC SURF DESIGNS, INC., a Delaware corporation and FLOW SERVICES, INC., a California Corporation,<br><br>Defendants. | CASE NO. 3:17-cv-01118-BEN-BLM<br><br>**DEFENDANTS' SUPPLEMENT TO MOTION FOR ATTORNEY'S FEES AND COSTS UNDER 35 U.S.C. §285 (ECF 369)**<br><br>The Hon. Roger T. Benitez<br>Courtroom: 5A |

#400694v4    3:17-cv-01118-BEN-BLM

## I. INTRODUCTION

Pacific Surf Designs, Inc. and Flow Services, Inc, (collectively "PSD") file this Supplement to reduce the amount of fees and costs requested in their original Motion for fees pursuant to §285 (ECF 369). As explained below, due to recent additional investigation undertaken with regard to a different matter between PSD and Whitewater, Defendants' counsel is now aware that certain expert witness fees requested in the original Motion for Attorney's Fees and Costs (ECF 369) were not properly directed to this matter. Accordingly, those expert witness fees and costs of $127,738 are hereby removed from the request.

Additionally, PSD's request for legal fees is further reduced by $30,527 due to two typographical errors in Exhibit A-1 spreadsheet of the Troutman Sanders fees, which were recently discovered as part of this review.

Support for this supplemental filing is found in the concurrently filed (1) Declaration of Manuel De La Cerra (the "De La Cerra Decl."), (2) Declaration of Justin Lewis (the "Lewis Decl.") and (3) Declaration of William Kolegraff (the "Kolegraff Decl.").

As a result, by this Supplement, PSD's request for legal fees and expert fees is hereby amended and reduced from a total of $4,300,616 requested in the Reply to $4,142,351 now requested in this Supplement, for a total reduction of $158,265.

## II. BACKGROUND

On September 29, 2020, the Court entered Judgement for this case (ECF 366) in favor of Defendants PSD and against Plaintiff Whitewater West Industries, LTD ("Whitewater"). On October 13, 2020, PSD timely filed its motion requesting that the Court find this case exceptional, and award attorney fees and costs pursuant to 35 U.S.C. §285 (ECF 369). PSD included detailed spreadsheets in support of its fee and cost requests (ECF 369-1). On November 10, 2020, Whitewater filed its Opposition (ECF 375), and on November 16, 2020, PSD filed its Reply (ECF 377).

In its motion, PSD seeks fees with regard to a First Lawsuit filed by Whitewater and its affiliated entities in 2014, for a Second Lawsuit filed by Whitewater and its affiliated entities in August 2015, and for this Third Lawsuit, filed in June 2017. Troutman Sanders ("Troutman") was lead counsel for the entire Second Lawsuit and was lead counsel in the Third Lawsuit until October 31, 2019. At that time, Thomas Whitelaw & Kolegraff ("TWK") substituted into the case and became lead counsel, which was just 6 weeks prior to start of trial. (*See* the Kolegraff Decl. ¶4).

Due to its late entry into the case, in preparing its Motion for Attorney's Fees and Costs and the subsequent Reply, TWK relied heavily on input, guidance and Declarations from prior counsel at Troutman. Concurrent with the Third Lawsuit, Troutman was also lead trial counsel in another case that Whitewater had brought against PSD in this same district: *Whitewater West Industries, Ltd. v. Richard Alleshouse, Yong Yeh and Pacific Surf Designs, Inc.*, Case No. 3:17-CV-00501-DMS-NLS (the "*Alleshouse* case"). Troutman Sanders managed both the *Alleshouse* case at the District Court level and the Third Lawsuit up to October 31, 2019. The two cases overlapped substantially in time, attorneys, parties, witnesses, and experts. (*See* the Kolegraff Decl. ¶5).

On April 4, 2019, the Court in the *Alleshouse* case entered a Judgment, in favor of Whitewater on the first cause of action (Breach of Contract), fourth cause of action (Declaratory Relief), fifth cause of action (Correction of Inventorship of U.S. Pat. No 9,004,685), sixth cause of action (Correction of Inventorship of U.S. Pat. No 9,302,189) and seventh cause of action (Correction of Inventorship of U.S. Pat. No 9,952,433). The Court further entered judgement in favor of Defendants Yong Yeh and Pacific Surf Designs, Inc. on the second cause of action for Intentional Interference with Contract, and in favor of Defendant Pacific Surf Designs, Inc. on the third cause of action for California Business and Professions Code 17200, *et seq*. (*See* the De La Cerra Decl. ¶8).

1. Mr. De La Cerra, on behalf of the *Alleshouse* case Defendants, appealed the judgment on causes of action one, and four through seven to the Court of Appeals for the Federal Circuit. On November 19, 2020, the Federal Circuit reversed the Judgment holding that the contract at issue was not enforceable under California law (thereby reversing the breach of contract and declaratory relief claims, causes of action one and four, respectively) and, therefore, Plaintiff Whitewater lacked standing to pursue its correction of inventorship claims (thereby reversing causes of action five through seven). *Whitewater West Industries, Ltd. v. Alleshouse, et al*, 981 F.3d 1045 (Fed. Cir. 2020). (*See* the De La Cerra Decl. ¶¶9-10).

2. Because of the complete reversal at the Federal Circuit, the *Alleshouse* case, Defendants were entitled to their attorney's fees under the operative contract. Mr. De La Cerra filed a fee request of approximately $147,000 with the Federal Circuit, representing the attorney's fees and costs related *only* to the appeal of the *Alleshouse* case. Whitewater did not oppose the attorney's fees request, and the Federal Circuit granted the motion without any reduction the in requested amount. On January 13, 2021, Whitewater paid the Federal Circuit attorney's fee award. *See* the De La Cerra Decl. ¶11).

3. Mr. De La Cerra testified at the bench trial in the *Alleshouse* case on February 7, 2019. During the trial he met the other expert witness (damages) working on behalf of the Defendants – Mr. Justin Lewis – who also testified on February 7, 2019. Accordingly, Mr. De La Cerra knew that there should be fees attributable to both Mr. Lewis and himself that should be collectable via the fees motion he was preparing for the *Alleshouse* case. (*See* the De La Cerra Decl. ¶¶7, 13).

4. Mr. De La Cerra obtained Mr. Lewis's invoices on January 12, 2021 for review. During the review, it became apparent to Mr. De La Cerra that some of the invoices that are included in Mr. Brahma's declaration (ECF 369-1) could include charges that should be attributable to the *Alleshouse* case. (*See* the De La Cerra Decl. ¶¶14, 16).

Mr. De La Cerra contacted Mr. Lewis on January 12, 2021, and Mr. Lewis confirmed that some of the charges in the Brahma Declaration were properly attributable to the *Alleshouse* case. Accordingly, Mr. Lewis prepared a declaration showing the proper allocation to this case and to the *Alleshouse* case. (*See* the De La Cerra Decl. ¶17).

### III.   SUPPLEMENT TO REDUCE THE FEE REQUEST

PSD now files this Supplement to reflect the proper allocation of Mr. Lewis' witness fees to this case and to correct two (2) typographical accounting errors.

#### A. *Reduction in Expert Fees for Justin Lewis.*

In its Motion (ECF 369), PSD requested expert witness fees for Mr. Lewis, Mr. Pribonic, Mr. Carmichael, and Amica Law (ECF 369, pgs. 22-23). In reviewing the witness fees requested for Mr. Lewis as described above, PSD became aware that witness fees were included for him that pertain to the *Alleshouse* case. The other expert charges are not changed by this Supplement. In his declaration, Mr. Lewis allocates his fees and costs between this matter and the *Alleshouse* case. (*See* the Lewis Decl. at 6-7). The accounting below reflects Mr. Lewis' allocation to this matter. (*See* the Kolegraff Dec ¶7).

Invoice Date

| | | |
|---|---|---|
| May 31, 2017 | $  5,000 | (unchanged from original request) |
| May 31, 2018 | $ 47,740 | (unchanged from original request) |
| June 30, 2018 | $ 51,695 | (Lewis Decl. ¶*6*.) |
| Aug. 31, 2018 | $  6,693 | (Lewis Decl. ¶*6*.) |
| Sept. 30, 2018 | $  9,825 | (Lewis Decl. ¶*6*.) |
| Oct. 31, 2018 | $ 28,846 | (unchanged for original request) |
| **TOTAL** | **$149,799** | **(Mr. Lewis' fees prior to Oct. 31, 2019)** |

**B. Reduction in Attorney's Fees Due to Two (2) Typographical Errors.**

In the Reply (ECF 377, ¶6), PSD sought $2,411,153 for the Third Lawsuit, which includes $1,399,339 for Troutman's Attorney Fees (See Exhibit A-1, modified A-1 spreadsheet.)  Upon further review of the modified A-1 spreadsheet, two Troutman entries contain typographical errors as follows (*See* the Kolegraff Decl. ¶10):

- Line item 605 shows "CF" billed 8.8 hours for a total of $33,872. A typographical error added an erroneous "3" before "3,872". Line item 605 should be changed to show "CF" billed 8.8 hours at the rate of $440/hr. for a total of $3,872, for a reduction of $30,000.
- Line item 428 shows "SBH" billed 0.3 hours for a total of $585.00. A typographical error had an inflated billing rate.   Line item 428 should be changed to show "SBH" billed 0.3 hours at the rate of $195/hr. for a total of $58.50, for a reduction of $527.

Accordingly, the amount requested for Troutman's Attorney Fees is reduced by $30,527, for a total of $1,368,812.  This adjusts the total requested for the Third Lawsuit to $2,380,626.

**C. Updated Fee Request Accounting Based on This Supplement.**

In its Motion, PSD seeks fees and costs in four categories (1) fees and costs for the Third Lawsuit; (2) expert witness fees; (3) fees and costs for the Second Lawsuit; and (4) fees and costs for the First Lawsuit. Below is a comparison of the fee and cost requests in the Reply (ECF 377) versus what is requested after application of this Supplement.  Any fee or cost that did not change from the amount in the Reply is identified as "unchanged".

*(1) Fees and Costs for the Third Lawsuit*

| Description | From Reply | After Supplement |
|---|---|---|
| Troutman Sanders Attorney Fees | $1,399,339 | $1,368,812 (reduced) |
| Troutman Sanders e-merge Fees | $ 16,659 | $ 16,659 (unchanged) |
| Troutman Sanders Costs | $ 149,741 | $ 149,741 (unchanged) |
| Thomas Whitelaw Attorney Fees | $ 804,956 | $ 804,956 (unchanged) |
| Thomas Whitelaw Costs | $ 40,458 | $ 40,458 (unchanged) |
| **TOTAL** | **$2,411,153** | **$2,380,626** |

*(2) Expert Witness Fees*

| Description | From Reply | After Supplement |
|---|---|---|
| Lewis Fees Prior to Oct. 31, 2019 | $277,537 | $149,799 (reduced) |
| Lewis Fees After Oct. 31, 2019 | $60,954 | $60,954 (unchanged) |
| Lewis Costs After Oct. 31, 2019 | $2,055 | $2,055 (unchanged) |
| Pribonic Fees Prior to Oct. 31, 2019 | $22,225 | $22,225 (unchanged) |
| Pribonic Fees After to Oct. 31, 2019 | $18,900 | $18,900 (unchanged) |
| Pribonic Costs After Oct. 31, 2019 | $2,036 | $2,036 (unchanged) |
| Carmichael Fees Prior to Oct. 31, 2019 | $79,659 | $79,659 (unchanged) |
| Amica Law Fees Prior to Oct. 31, 2019 | $8,500 | $8,500 (unchanged) |
| Amica Law Costs Prior to Oct. 31, 2019 | $1,070 | $1,070 (unchanged) |
| **TOTAL** | **$472,936** | **$345,198 (reduced)** |

*(3) Fees and Costs for the Second Lawsuit* (*See* the Kolegraff Decl. ¶ 13)

| Description | From Reply | After Supplement |
|---|---|---|
| Fees and Costs for Second Lawsuit | **$1,412,247** | **$1,412,247 (unchanged)** |

*Fees and Costs for the First Lawsuit* (*See* the Kolegraff Decl. ¶ 12)

| Description | From Reply | After Supplement |
|---|---:|---:|
| Fees and Costs for First Lawsuit | $4,280 | $4,280 (unchanged) |

### D. Summary of Requested Fees and Costs.

Below is a summary of the fees requested in the Reply (ECF 377, pg. 10) as modified by this Supplement, as set forth above.

| Description | Requested Amount in View of Supplement |
|---|---:|
| Third Lawsuit (June 2017) | $2,380,622 |
| Experts Witness Fees | $345,198 |
| Second Lawsuit (August 2015) | $1,412,247 |
| First Lawsuit (May 2014) | $4,280 |
| **TOTAL** | **$4,142,351** |

Accordingly, after this Supplement, Defendants seek a total of $4,142,351 in fees and costs pursuant to 35 U.S.C. § 285 representing a total reduction of $158,265 from the amount requested in the Reply (ECF 377).

DATED: January 14, 2021.            THOMAS WHITELAW & KOLEGRAFF LLP


By:      */s/ Joseph E. Thomas*
    JOSEPH E. THOMAS
    WILLAM J. KOLEGRAFF
    GRANT J. THOMAS
    Attorneys for Defendants

**Certificate of Service**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on January 14, 2021, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any counsel of record who have not consented to electronic service through the Court's CM/ECF system will be served by electronic mail, first class mail, facsimile and/or overnight delivery.

DATED: January 14, 2021            THOMAS WHITELAW & KOLEGRAFF LLP


By:    /s/ Tierra Mendiola
       Tierra Mendiola, Senior Paralegal
       Thomas Whitelaw & Kolegraff LLP