JOSEPH E. THOMAS (State Bar No. 101443)
*jthomas@twtlaw.com*
WILLIAM J. KOLEGRAFF (State Bar No. 183861)
*wkolegraff@twtlaw.com*
GRANT J. THOMAS (State Bar No, 325011)
*gthomas@twtlaw.com*
**THOMAS WHITELAW & KOLEGRAFF LLP**
18101 Von Karman Avenue, Suite 230
Irvine, California 92612-7132
Telephone:   (949) 679-6400
Facsimile:    (949) 679-6405

Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITEWATER WEST INDUSTRIES, LTD., a Canadian corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PACIFIC SURF DESIGNS, INC., a Delaware corporation and FLOW SERVICES, INC., a California Corporation,<br><br>Defendants. | CASE NO. 3:17-cv-01118-BEN-BLM<br><br>**DECLARATION OF MANUEL DE LA CERRA IN SUPPORT OF DEFENDANTS SUPPLEMENT TO MOTION FOR ATTORNEY'S FEES AND COSTS UNDER 35 U.S.C. §285 (ECF 369)**<br><br>The Hon. Roger T. Benitez<br>Courtroom: 5A |

# DECLARATION OF MANUEL DE LA CERRA

I, Manuel de la Cerra, declare as follows:

1.      I make this declaration based on my own personal knowledge, and if called to testify as to the matters set forth herein, could and would do so competently.

2.      Since 1997 I have been and am an attorney licensed in good standing to practice law before all courts of the State of California and the United States District Court for the Southern District of California (Bar No. 189313). I am also licensed to practice before the United States Patent and Trademark Office (USPTO) (Bar No. 45776), and before the United States Court of Appeal for the Federal Circuit.

3.      I earned a Bachelor of Science degree from the Massachusetts Institute of Technology in 1993, two Master of Science degrees, from Stanford University in 1997 (Civil Engineering) and from the University of California San Diego in 2003 (Electrical Engineering), and earned my J.D. degree from the University of Southern California in 1996.

4.      I have practiced intellectual property law continuously for 23 years, for Lyon & Lyon LLP and Paul Hastings LLP, and also as in-house patent litigation counsel for Kyocera Wireless Corporation. I have had my own intellectual property boutique practice in California since 2005.

5.      I have developed a legal and technical specialty in the field of water ride attractions, including those of the type at issue in this appeal. I have worked in this field for over 13 years, prosecuting over two dozen domestic and foreign patents, and filing over a dozen re-examination requests before the USPTO, all related to water ride attractions.

6.      In August 2018, I was approached by the then lead attorney Charanjit Brahma in the co-pending case captioned: *Whitewater West Industries, Ltd. v.*

*Richard Alleshouse, Yong Yeh and Pacific Surf Designs, Inc.*, Case No. 3:17-CV-00501-DMS-NLS (the "*Alleshouse*" case). Mr. Brahma hired me as the Defendants' patent expert in the *Alleshouse* case.

7.     I testified at the bench trial in the *Alleshouse* case on February 7, 2019. During the trial I met the other expert witness (damages) working on behalf of the Defendants' – Mr. Justin Lewis – who also testified on February 7, 2019.

8.     On April 4, 2019, the Court in the *Alleshouse* case entered a Judgment, in favor of Plaintiff Whitewater West on the first cause of action (Breach of Contract), fourth cause of action (Declaratory Relief), fifth cause of action (Correction of Inventorship of U.S. Pat. No 9,004,685), sixth cause of action (Correction of Inventorship of U.S. Pat. No 9,302,189) and seventh cause of action (Correction of Inventorship of U.S. Pat. No 9,952,433).  The Court further entered judgement in favor of Defendants Yong Yeh and Pacific Surf Designs, Inc. on the second cause of action for Intentional Interference with Contract, and in favor of Defendant Pacific Surf Designs, Inc. on the third cause of action for California Business and Professions Code 17200, *et seq.*

9.     On October 1, 2019, the *Alleshouse* case Defendants hired me to represent them after they had lost at trial.  I was to evaluate the case and prepare and argue the appeal before the United State Court of Appeals for the Federal Circuit.

10.     On behalf of the *Alleshouse* case Defendants, I appealed the judgment on causes of action one, and four through seven to the Court of Appeals for the Federal Circuit.  On November 19, 2020, the Federal Circuit reversed the Judgment holding that the contract at issue was not enforceable under California law (thereby reversing the breach of contract and declaratory relief claims, causes of action one and four, respectively) and, therefore, Plaintiff lacked standing to pursue its correction of inventorship claims (thereby reversing causes of action five through

seven).  *Whitewater West Industries, Ltd. v. Alleshouse, et al*, 981 F.3d 1045 (Fed. Cir. 2020).

11.     Because of the complete reversal, the *Alleshouse* case, Defendants were entitled to their attorney's fees under the operative contract.  I filed a fee request of approximately $147,000 with the Federal Circuit, representing the attorney's fees and costs related ***only*** to the appeal of the *Alleshouse* case.   Whitewater did not oppose the attorney's fees request, and the Federal Circuit granted the motion without any reduction the in requested amount.  On January 13, 2021, Whitewater paid the Federal Circuit attorney's fee award.

12.     I am now preparing on behalf of the *Alleshouse* case Defendants the request for attorney fees/costs under FRCP 54(d) for those fees/costs attributable to matters not previously collected by the Federal Circuit attorney's fee award.  I expect to file that motion on or about February 5, 2021.

13.     As I mentioned before, I knew firsthand that Mr. Lewis testified at trial on the same day I did.  Also, since we were both experts on the same case, I expected that Mr. Lewis would have charged fees during and prior to August 2018, when the *Alleshouse* case Defendants would have exchanged rebuttal expert reports and in September 2019 when the parties conducted expert depositions.  Therefore, I knew that there should be fees attributable to both Mr. Lewis and me that should be collectable via the fees motion I am currently preparing.  And I knew an approximate time as to when those fees would have been charged.

14.     On January 12, 2021, I sought from my client all of Mr. Lewis's invoices.

15.     Once I had these invoices, I checked whether any of those invoices were included for reimbursement by the Defendants in the present matter.  I did not want the client to be accused of "double dipping".

16. During this review, it because apparent to me that some of the invoices which are included in Mr. Brahma's declaration (ECF 369-1) may actually include charges that should be attributable to the *Alleshouse* case. For example, I did not see any charges for the *Alleshouse* case during the time I expected to see those charges – i.e., Summer 2018 – which would coincide with the dates I billed for rendering expert witness services.

17. I contacted Mr. Lewis on January 12, 2021, and he confirmed that some of the charges in the Brahma Declaration were properly attributable to the *Alleshouse* case. He presented the allocation that is memorialized in paragraph 6 and 7 of his concurrently filed declaration.

18. I forwarded this allocation to Mr. Kolegraff, the attorney of record on the present case, on January 12, 2021. I asked that he file a supplemental pleading to promptly remove these fees from the present case, so that I may pursue them in the *Alleshouse* case.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed January 14, 2021 at Carlsbad, California.

Manuel de la Cerra

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Certificate of Service**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on January 14, 2021, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any counsel of record who have not consented to electronic service through the Court's CM/ECF system will be served by electronic mail, first class mail, facsimile and/or overnight delivery.

DATED: January 14, 2021          THOMAS WHITELAW & KOLEGRAFF LLP

By:     */s/ Tierra Mendiola*

Tierra Mendiola, Senior Paralegal
Thomas Whitelaw & Kolegraff

#400864v1