FILED
APR 05 2021
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY               DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITEWATER WEST INDUSTRIES, LTD., a Canadian corporation,<br><br>   Plaintiff / Counterdefendants,<br><br>v.<br><br>PACIFIC SURF DESIGNS, INC., a Delaware corporation; and FLOW SERVICES, INC., a California corporation,<br><br>   Defendants / Counterclaimants. | Case No.: 3:17-cv-01118-BEN-BLM<br><br>**ORDER DENYING MOTION FOR ATTORNEY'S FEES**<br><br>[ECF Nos. 369, 378] |

  This patent infringement case comes before the Court on a motion for attorney's fees brought by Defendants Pacific Surf Designs, Inc. ("PSD") and Flow Services, Inc., a California corporation ("FSI") (collectively, "Defendants") after receiving a jury verdict in their favor after a trial on the merits. At trial, Plaintiff Whitewater West Industries, Ltd., a Canadian corporation ("Whitewater"), alleged two lines of products from PSD, infringe on certain claims of U.S. Patent Number 6,491,589 (the "'589 Patent"). Whitewater also contended Defendant FSI infringed on one claim of the '589 Patent. Defendants counterclaimed for non-infringement and asked the Court to declare the '589 Patent invalid. Defendants also sought declaratory relief for inequitable conduct. As set forth below, Defendants' motion for attorney's fees is **DENIED**.

1

## I. BACKGROUND

The Court held a jury trial between December 3, 2019 and December 18, 2019. ECF Nos. 321, 322, 327, 330, 335, 342, 348. The jury returned a verdict finding Defendants did not infringe on any of Whitewater's asserted claims in the '589 Patent, and therefore awarded no damages to Plaintiff. *See* Verdict Form, ECF No. 356. The jury also provided advisory findings on Defendants' counterclaims for non-infringement and inequitable conduct. *Id.* at 14-19. The Court adopted the jury's advisory findings, declaring that Defendants do not infringe the asserted claims of the '589 Patent and that Whitewater did not commit inequitable conduct with respect to the '589 Patent. Judgment, ECF No. 366. Finally, the Court denied Defendants' counterclaim, which had sought a declaratory judgment of invalidity as to the '589 Patent. *Id.*

Following judgment, Defendants moved for attorney's fees, arguing this case qualified as exceptional pursuant to 35 U.S.C. § 285. Mot., ECF No. 369.

## II. LEGAL STANDARD

The Leahy-Smith America Invents Act (the "AIA") provides that reasonable attorney's fees may be awarded to the prevailing party in a patent infringement case only in "exceptional cases." 35 U.S.C. § 285. Under the *Octane Fitness* standard, a case is "exceptional" if it stands out from others with respect to either the (1) substantive strength of a party's litigating position or (2) unreasonable manner in which the case was litigated. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). "District courts may determine whether a case is exceptional in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* (internal quotations omitted). The Court may also evaluate a non-exclusive list of factors in deciding whether a case is exceptional, including but not limited to the following: "frivolousness, motivation, [and] objective unreasonableness." *Id.* at 554, n.6 (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)). Either subjective bad faith or the pursuit of especially meritless claims may be sufficient to set a case apart. *Id.* at 554-55.

The party seeking attorney's fees has the burden of establishing the case qualifies as exceptional by a preponderance of the evidence. *Octane Fitness*, 572 U.S. at 557. "When a losing party has not committed 'independently sanctionable' conduct, such as 'willful infringement' or 'conduct that violates [Rule 11 of the Federal Rules of Civil Procedure],' it will be a 'rare case' in which that party's 'unreasonable conduct' will 'nonetheless be so 'exceptional' as to justify an award of fees.'" *Black v. Irving Materials, Inc.*, No. 17-CV-06734-LHK, 2020 WL 60202, at *12 (N.D. Cal. Jan. 6, 2020) (citing *Octane Fitness, LLC*, 572 U.S. at 555).

## III. ANALYSIS

Defendants argue this case is exceptional because (1) Whitewater failed to disclose material prior art to the United States Patent and Trademark Office ("USPTO") and (2) Whitewater's infringement arguments and damages demands were "baseless" and "excessive." Mot., ECF No. 369, 15-16. Whitewater responds that its litigation position was strong and its conduct was objectively reasonable, so this case was neither frivolous nor baseless so as to warrant an award of attorney's fees to Defendants. Opp'n, ECF No. 375, 8-19. As set forth below, the Court agrees with Whitewater. This case was not exceptional, and therefore, the Court denies Defendants' request for attorney's fees.

### A. Failure to Disclose Prior Art

Defendants first argue this case is exceptional because Thomas Lochtefeld, the inventor of the '589 Patent, failed to disclose two prior art installations to the USPTO during the examination of the patent application. Mot., ECF No. 369, 15. Defendants contend that if Lochtefeld had "done the right thing[] and disclosed the installations as required, this case never would have happened because the [asserted claims of the '589 Patent] would never have been issued." *Id.* Whitewater responds that while the verdict may not have been in its favor, this case is not exceptional because the Court found neither that Lochtefeld committed inequitable conduct nor that there was any "bad faith" warranting an award of attorney's fees. Opp'n, ECF No. 375, 9-10.

When considering an attorney's fee award, the Court may consider a party's

3

motivation for bringing suit as well as the "objective unreasonableness" of the party's litigation position. *See Fogerty*, 510 U.S. at 534 n.19. "Several courts applying the *Octane Fitness* standard have found that where a party has set forth some good faith argument in favor of its position, it will generally not be found to have advanced 'exceptionally meritless' claims." *Enovsys LLC v. AT&T Mobility LLC*, No. CV 11-5210 SS, 2016 WL 3460794, at *6 (C.D. Cal. Feb. 16, 2016) (citations omitted). Moreover, there is a presumption that infringement assertions are made in good faith. *Checkpoint Systems, Inc. v. All-Tag Security S.A.*, 858 F.3d 1371, 1375-76 (Fed. Cir. 2017).

Here, while the jury found that Lochtefeld knew of the prior art installations when he applied for the '589 Patent, the jury also made an advisory finding that neither Lochtefeld nor anyone working on Whitewater's behalf acted in bad faith. *See* Verdict Form, ECF No. 356, 18. The Court adopted the jury's advisory finding on this question because Whitewater's allegations about Lochtefeld's motives never rose above the level of speculation. Findings of Fact and Conclusions of Law, ECF No. 365, 3. Based on the presumption of good faith and lack of evidence to the contrary, the Court declines to find this allegation supports a finding that the case is exceptional.[1]

---

[1] In their reply, Defendants raise a new argument that the case is exceptional because Whitewater allegedly failed to conduct any pre-suit investigation. However, a moving party generally may not raise new arguments in a reply brief. *See, e.g., Coos Cty. Bd. of Cty. Comm'rs v. Kempthorne*, 531 F.3d 792, 812, n. 16 (9th Cir. 2008); *U.S. ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) (noting that "[i]t is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers"). Accordingly, the Court declines to consider Defendants' new argument. Because this argument formed the basis for Whitewater's *Ex Parte* Motion for Leave to File Sur-Reply, ECF No. 378, the Court **denies** that motion as moot. *See Tur v. YouTube, Inc.*, 562 F.3d 1212, 1214 (9th Cir. 2009) ("[A]n issue is moot when deciding it would have no effect within the confines of the case itself.").

## B.     Infringement Arguments and Demands

Defendants next argue entitlement to an attorney's fee award because Whitewater made baseless infringement arguments and excessive damages demands that make this case exceptional. Mot., ECF No. 369, 16-21. Specially, Defendants argue (1) Whitewater intentionally misrepresented the law to pursue its claims against Defendants, (2) took positions designed to extend litigation and drive Defendants out of business, (3) sought an unreasonable royalty based on actual sales, and (4) unnecessarily litigated two prior cases to drag out those matters and force Defendants to incur expenses. *Id.* Whitewater disputes each of these allegations. Opp'n, ECF No. 375, 13-21.

### 1.     *Whitewater's alleged misrepresentations are not exceptional*

Defendants argue this case is exceptional because "Whitewater's attorney, Rick Trache, directed his technical expert, Dr. Stevick, to apply knowingly wrong claim construction law"—namely, repeating before the jury that "patent claims are always broader than the specification." Mot., ECF No. 369, 18.

Here, Defendants essentially allege that Whitewater's attorney litigated in an "unreasonable manner" by directing an expert to misstate the law while testifying. *See Octane Fitness*, 572 U.S. at 554. The Court declines to find this alleged conduct exceptional.

Assuming Dr. Stevick made a misstatement, Defendants never objected or asked the Court to clarify Dr. Stevick's remarks during his testimony. *See* Tr. Vol. 2A, ECF No. 333, 87-127 and Tr. Vol. 2B, ECF No. 324, 3-35. If Defendants believed Dr. Stevick's testimony was marred by unreasonable tactics, the appropriate time to address the issue was during trial when the Court could issue a curative instruction—not months later in a motion for attorney's fees. As Defendants have the burden of showing this case is exceptional for purposes of awarding attorney's fees, *see Octane Fitness*, 572 U.S. at 557, their failure to address this issue during trial indicates Defendants believed the misstatement to be immaterial to the case. Moreover, Defendants do not provide any evidence Whitewater's counsel "directed" this alleged misstatement. It could be just as

5

3:17-cv-01118-BEN-BLM

likely that Dr. Stevick made any alleged misstatements on his own accord. For this reason too, Defendants have not carried their burden of proof on this allegation. Accordingly, Whitewater's alleged misrepresentation of the law does not make this case exceptional under *Octane Fitness*.

### 2. *Whitewater did not take unreasonable litigation positions*

Defendants next argue "Whitewater intentionally and unreasonably extended the litigation for purposes that are nefarious, frivolous, and objectively unreasonable." Mot., ECF No. 369, 18. In support of this argument, Defendants cherry pick a portion of the testimony of Whitewater's CEO, Geoffrey Chutter, to argue that "the purpose of the suit was to maintain Whitewater's 40% profit margin and 97% market share." *Id.* at 19 (citing Tr. Vol. 3B, ECF No. 334, 36-37).

But in that same cited section, Chutter elaborated that Whitewater brought suit over the '589 Patent because (1) the patent was registered with the USPTO, (2) Whitewater believed the '589 Patent was "bona fide," and (3) Whitewater believed Defendants were infringing on an invention for which Whitewater had the right to exclude. Tr. Vol. 3B, ECF No. 334, 36. Far from being "outrageous" as Defendants allege, this evidence reveals that although Whitewater's claims may have ultimately been unsuccessful, they were nonetheless reasonable and the proper subject of litigation. *See, e.g.*, *Black*, 2020 WL 60202, at *17 (finding the allegation that a losing party "was motivated by business considerations [was] wholly unremarkable" for purposes of evaluating whether a case was "exceptional" under the *Octane Fitness* standard). Moreover, as noted earlier, the Federal Circuit has held there is a presumption that infringement assertions are made in good faith. *Checkpoint Systems*, 858 F.3d at 1375-76.

Accordingly, the Court does not find Whitewater took unreasonable positions for the purpose of extending the litigation. This allegation likewise fails to establish an exceptional case so as to warrant an award of attorney's fees.

### 3. *Whitewater did not unreasonably present its damages expert*

Defendants next argue this case is exceptional because Whitewater's damages expert used a royalty calculation that was "objectively unreasonable." Mot., ECF No. 369, 19-20. The Court rejects this contention in a motion for attorney's fees as it has already addressed these same arguments in Defendants' *Daubert* motions. *See* Order, ECF No. 291, 19-20.

There, Defendants sought to exclude Whitewater's damages expert based on the alleged unreliability of his royalty calculation. Mot., ECF No. 208, 14. The Court ruled that "Defendants' challenges are more appropriately viewed as attacks on the expert's conclusions themselves . . . [and] go to the weight due to Dr. Virgil's testimony, [which is] properly resolved by the jury." Order, ECF No. 291, 20.

Defendants now try to argue this case is exceptional because these opinions were not excluded. The Court does not agree. "Two typical categories of compensation for infringement are the patentee's lost profits and the reasonable royalty he would have received through the patentee's lost profits." Order, ECF No. 291, 19-20. Here, Whitewater relied on one of those typical categories—*i.e.*, a reasonable royalty—in attempting to prove its damages. It can hardly be argued that relying on a typical category of compensation to prove alleged damages would make a case "stand[] out from others" with respect to that party's litigating position. *Octane Fitness*, 572 U.S. at 554.

Accordingly, this argument fails to establish that this case is exceptional for the purposes of awarding attorney's fees as well.

### 4. *Prior litigation does not make this case exceptional*

Finally, Defendants argue previous litigation between Defendants and Flowrider Surf, Ltd. ("Flowrider") makes this case exceptional. Mot., ECF No. 369, 20-21. Defendants argue this is because the previous litigation was (1) filed at Whitewater's direction, (2) "frivolous, filed to harass, and objectively unreasonable," and (3) pursued in bad faith. Mot., ECF No. 369, 21. Flowrider was Whitewater's former subsidiary that has since been absorbed by Whitewater. *See* Mot. to Substitute, ECF No. 106, 3. The

1  Court rejects Defendants' argument.

2        The previous litigation involved two patents-in-suit, one of which was the '589 Patent at issue here. *See Flowrider Surf, LTD. v. Pacific Surf Designs, Inc.*, Case No. 15-cv-1879-BEN-BLM (the "2015 Action"), ECF No. 308. In the 2015 Action, however, the Court dismissed the claims involving the '589 Patent early in litigation when the Court determined it did not have subject matter jurisdiction over those claims. *See id.* at 2. Defendants later prevailed on the remaining patent-in-suit. *Id.* at 5. The court then found the matter exceptional and awarded attorney's fees to Defendants, *id.* at 10, but apportioned the fee request to exclude any fees incurred litigating the '589 Patent, 2015 Action, ECF No. 316, 7-8. The Court reasoned that because the '589 Patent claims had been dismissed for lack of subject matter jurisdiction, Defendants were not a prevailing party for the purposes of awarding attorney's fees. *Id.* at 7. Against that backdrop, Defendants now argue the entire history of litigation between these parties makes *this* case is exceptional under the *Octane Fitness* standard. Mot., ECF No. 369, 20-21. Defendants' argument fails for two reasons.

      First, Defendants do not cite any authority for the proposition that unreasonable litigation in a previous case may serve to make a later case exceptional under *Octane Fitness*. Other courts addressing similar arguments have, in fact, reached the opposite conclusion. *See, e.g., Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, Case No. 09-CV-05235-MMC, 2017 WL 130235, at *6 (N.D. Cal. Jan 13, 2017) (declining to find the case exceptional under *Octane Fitness* based on "conduct and judicial findings in prior and parallel litigation"); *Gametek LLC v. Zynga*, Case No. 13-CV-2546-RS, 2014 WL 4351414, at *4 (N.D. Cal. Sept. 2, 2014) (finding the prevailing party failed to show its opponent's conduct in prior litigation "is relevant to the question of fees in this case"). The Court agrees that these cases correctly interpret *Octane Fitness*. A district court's consideration of a party's "unreasonable" conduct is limited to the case at bar. *See Octane Fitness*, 572 U.S. at 554 ("We hold, then, that an 'exceptional' case is simply one that stands out from others with respect to . . . the

unreasonable manner in which *the* case was litigated.") (emphasis added). Accordingly, the Court declines to find this case exceptional based on the parties' previous litigation.

Even if the Court considered the parties' previous litigation, the Court has already held that Flowrider did not act in bad faith during the prior litigation. 2015 Action, ECF No. 308, 13 (stating "the Court is not convinced that [the plaintiff's conduct] crosses the line from extremely zealous advocacy to actual bad faith" in declining to award sanctions). In other words, Defendants' argument again reads as an attempt to rehash disputes that were previously decided. *See id.* Because the Court already found Flowrider's conduct in the 2015 Action did not constitute bad faith, it does not find that conduct serves as a basis for this case to be exceptional.

## IV. CONCLUSION

For the foregoing reasons, Defendants have not shown this case is exceptional so as to warrant an award of attorney's fees. *See* 35 U.S.C. § 285. Accordingly, Defendants' Motion for Attorney's Fees (ECF No. 369) is **DENIED**. Defendants' *Ex Parte* Motion for Leave to File Sur-Reply (ECF No. 378) is **DENIED as moot**.

**IT IS SO ORDERED.**

Dated: April 5, 2021

HON. ROGER T. BENITEZ
United States District Judge